UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**PLAINTIFF'S MOTION FOR PERMISSION TO TAKE VIDEO TAPED DEPOSITIONS**

Now comes the Plaintiff, Denise Crowe, pursuant to Rule 14(c) of the Local Rules of the United States District Court and seeks an Order of the Court permitting certain depositions, in this matter, be taken by video tape and stenographic means, and specifically, the depositions of Dr. Edward Akleman, Dr. David Burns, Rick Moffit PT, Dr. Robert Marchand, Dr. Bruce Leslie, Dr. Edward Nalebuff, and Lori Lind, OTR/L, CHT. As grounds for its Motion, Plaintiff relies on the attached Memorandum of Law.

Plaintiff,
By and Through His Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Motion*** on the 25th day of October 2005, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset street
Providence, RI 02903

Ashley Toneatto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PERMISSION TO TAKE VIDEO TAPED DEPOSITIONS**

Now comes the Plaintiff, Denise Crowe, pursuant to Rule 14(c) of the Local Rules of the United States District Court and seeks an Order of the Court permitting certain depositions, in this matter, be taken by video tape and stenographic means, and more specifically the depositions of Dr. Edward Akleman, Dr. David Burns, Rick Moffit, PT, Dr. Robert Marchand, Dr. Bruce Leslie, Dr. Edward Nalebuff, Marcy Harris PT, Lynne Benevides PT and Lori Lind, OTR/L, CHT.

**FACTUAL BACKGROUND**

Pursuant to this Court's Pre-Trial Order, dated July 20, 2005, discovery in this matter shall close as of January 31, 2006.

Since the filing of the Complaint in this matter, the parties have engaged in discovery, including the scheduling of numerous depositions. Along these lines, and pertinent to the instant Motion, the Plaintiff has noticed the video-tape depositions of the following witnesses: Dr. Edward Akleman, which took place on October 18, 2005; Dr. David Burns, which took place on October 19, 2005; Rick Moffit, PT, which took place on October 20, 2005.

Said depositions were conducted and recorded in accordance with the rules of this Court, and without objection by any of the Defendants or their respective

counsels; who were present at said depositions and who had an opportunity to cross examine the deponents.

The depositions were conducted in the presence of a certified and licensed videographer, namely William White, who has a business located at 115 Phenix Avenue in Cranston, Rhode Island. Mr. White complied with the requirements of the rules of this Court in video recording the deponents' testimony at the deposition. Also present at the deposition was a certified stenographer from Capitol Court Reporting, located at 225 Reservoir Avenue, Cranston, Rhode Island, who recorded the deposition testimony stenographically, in accordance with this Court's Rules of Civil Procedure.

Aside from the foregoing depositions which have already taken place, Plaintiff intends on conducting the depositions by video of the Defendant Dr. Marchand, his medical experts, namely Dr.Edward Nalebuff and Dr. Bruce Leslie, and Physical Therapist Marcy Harris , Lynne Benavides and Lori Lind, OTR/L, CHT. Said depositions have been properly noticed as video taped depositions in accordance with the rules. Moreover, a qualified videographer, William White will be present to video tape the deponent's testimony at their depositions, along with an authorized stenographer from Capitol Court Reporting who will record the deponent's testimony stenographically.

## LEGAL ARGUMENT

Plaintiff now seeks an Order of the Court pursuant to Local Rule 14(c) permitting the taking of video taped depositions in this matter.

Rule 14(c) of the Local Rules of the United States District Court provides:

> **Depositions. -** ***
> **(c)[*Video* tape]** depositions may be taken by video tape with the permission of and upon such terms and conditions as set by the court.

The Pre-Trial Order in this matter does not set forth any particular terms or conditions with respect to the taking of video taped depositions in this matter.

However, Rule 30 of the Federal Rules of Civil Procedure provides:

> **Depositions upon oral examination *****
> **(b) Notice of Examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone *****
> **(2)** The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means.***

Plaintiff now seeks an Order of this Court permitting the video taped depositions set forth herein to avoid any confusion or dispute should said video depositions be offered, in whole or in part, at the trial in this matter, as either direct testimony of said deponent, if unavailable to testify, or, to impeach said witness, should he/she testify in a contradictory fashion at the time of trial from that previously testified to at deposition.

As previously indicated herein, the depositions have been noticed as video taped depositions in accordance with the Rules of Civil Procedure. Moreover and more importantly, there has been no objection to the depositions being taken by way of video tape means and stenographic means by any of the defendants or their respective counsel. Indeed, as set forth herein, three of the video taped depositions have already been conducted as of the time of filing this Motion.

**WHEREFORE,** Plaintiff seeks an Order of the Court permitting the taking depositions by way of videographic and stenographic means in this matter.

Plaintiff,
By and Through His Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Memorandum*** on the 25th day of October 2005, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset street
Providence, RI 02903