UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff<br>VS.<br><br>ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDICS<br>& PHYSICAL THERAPY, INC.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A NO.: 05-098 T |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICALTHERAPY, INC.'S MEMORANDUM IN SUPPORT OF CONDITIONAL OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO TAKE VIDEOTAPED DEPOSITIONS**

After taking three depositions and indicating her intension to take a number of other depositions, the Plaintiff has now filed a Motion seeking the Court's permission to videotape all of those depositions. The three depositions which have already been taken were videotaped in accordance with the Plaintiff's Notice of those depositions. In her Motion and Supporting Memorandum, the Plaintiff specifies that she "seeks an Order of the Court permitting certain depositions in this matter, to be taken by videotape and stenographic means." (Plaintiff's Motion for Permission to take Videotaped Depositions at 1; see also Plaintiff's Supporting Memorandum at 4.) Thus, it would seem the Plaintiff is only seeking authorization pursuant to Rule 14(c) of the Local Rules of this Court to videotape the depositions and is not seeking any ruling at this point in time, concerning the use and/or admissibility of those videotaped depositions. If the Plaintiff is only seeking authority to videotape discovery depositions, leaving until time of trial determinations regarding the use and or admissibility of those videotaped depositions, Defendant has no objection to the Plaintiff's motion. However, if the Plaintiff is seeking any relief beyond that, it should be denied as it is premature at this point for the Court or

the parties to make any determination concerning the admissibility and/or use of videotaped deposition testimony at trial.

Fed. R. Civ. P. 32(a) delineates a plethora of circumstances under which a deposition may be used by a party at trial, not the least of which is Rule 32 (a)(1) which permits the deposition to be used for the purpose of contradicting or impeaching the deponent or for any other purpose permitted by the Federal Rules of Evidence. Further, Fed. R. Civ. P. 32(d)(4) permits objections based on any errors or irregularities in the manner of recording deposition testimony to be made after those irregularities can be ascertained. At this point, the parties have not even received the transcripts or videotaped depositions of the three depositions that have taken place. Moreover, at this early juncture, it is a practical impossibility for the Court or the parties to know whether any parties' submission of deposition testimony at trial will be permissible under any of the provisions of the Fed. R. Civ. P. 32(a). As a result, the Court cannot and should not permit any ruling on the Plaintiff's Motion for Permission to Record these Depositions by Videotape to in any way determine whether or not any portion of these videotaped depositions may be used at trial.

In conclusion, the Defendant has no objection to the Plaintiff videotaping the depositions referenced in its motion for permission to take videotaped depositions. However, the Court should not permit any action on that motion to determine the nature and extent of admissibility and/or use of those depositions at trial in this case.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644; 331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 28 day of October, 2005, I forwarded a copy of the foregoing to the above-reference counsel of record.