UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED UPON THE DEFENDANT, SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.**

Now comes your Plaintiff, Denise Crowe, pursuant to Rule 37 of the Federal Rules of Civil procedure and moves for an Order of this Honorable Court to strike certain objections that have been raised by the Defendant and compel the Defendant to provide more responsive answers to Interrogatories propounded upon it by the Plaintiff, in this matter, as follows:

**INTERROGATORY NO. 2**: Please identify by name, address, title and position, each and every person who provided you with information which was used in answering these interrogatories. Additionally, please identify as to what specific interrogatory the individual provided information.

**ANSWER NO. 2:** These interrogatories were answered with the assistance of counsel. Objection is made to providing any more detail regarding that assistance based upon the attorney-client and work product privileges.

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to the Interrogatory as posed. The Defendant's answer fails to respond to the

interrogatory by identifying the name, address, title and position of each and every person who provided information which was used in answering the interrogatories. The interrogatories are signed by Mark A. Coppes, MD, who is the Treasurer of South County Orthopedics & Physical Therapy, Inc. As Dr. Coppes was not a treating physician of the Plaintiff with respect to this matter, Plaintiff presumes that he obtained the information necessary to respond to the interrogatories came from some other source. Plaintiff seeks the identities of those individuals in response to Interrogatory No. 2. Moreover, as to any privileged information, Defendant should provide a Privilege Log in compliance with Rule 26(b)(5).

**INTERROGATORY NO. 5**: Please provide names, addresses and telephone numbers of each individual who has knowledge regarding the circumstances complained of in the pleadings, whose identities have not yet been provided in answer to the foregoing interrogatories, and provide the specific facts of which each such individual has knowledge.

**ANSWER NO. 5:** Objection. Literally read, this Interrogatory is vague, overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, the Plaintiff, Defendants, their counsel and representatives of Defendant's insurer all have knowledge concerning the Plaintiff's claims. In addition, please see those individuals identified in the medical records produced in this case including, but not limited to, the records produced by this Defendant in response to Plaintiff's Request for Production No. 1, which are incorporated herein pursuant to Fed. R. Civ. P. 33(c)

**INFORMATION SOUGHT**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks the identities of all individuals who have knowledge regarding the circumstances complained of in the Plaintiff's Complaint, as well as the specific facts of which each such individual has knowledge.

The Defendant's objection to the interrogatory on the grounds that it is vague, overbroad, and that the information sought is not reasonably calculated to lead to the discovery of admissible evidence is without merit. Accordingly, the Defendant's objection should be overruled and the Defendant should be required to provide a response to the interrogatory as posed.

Plaintiff submits the Defendant's reliance on the identities of individuals set forth in medical records which were produced in response to Request for Production, is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly, the signature of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 9**: Did any complication manifest itself in the course of the treatment rendered to the Plaintiff Denise Crowe? If so, for each complication state:

a. a description of it;

b. the date and time it manifested itself;

c. the date and time you first became aware of it;

d. the means by which you became aware of it;

e. a description of the steps or action taken in dealing with it, including the name and address of any employee, servant or agent of this Defendant who took such steps or actions;

f. the date and time such steps or actions were taken;

g. whether you have an opinion as to the cause of the complication and if so, give your opinion, the facts on which you base such opinion and the title of each medical writing which supports such opinion; and

h. whether a record was the complication, and if so, identify each record and the name and address of the person who has custody of same.

**ANSWER NO. 9:** Objection is made to subpart (g) of this Interrogatory to the extent that it seeks information protected from disclosure by the attorney client and/or work product privileges or that was prepared in anticipation of or in preparation for litigation. Without waiving said objections, please see the medical records produced by this Defendant in response to Plaintiff's Request for Production No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation and within the scope of discovery. Defendant's reliance on Rule 33 is inadequate in response to the interrogatory. Moreover, Defendant fails to provide a Privilege Log in compliance with Rule 26(b)(5) as to privileged information.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly the identities of the individuals writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained in compliance with the requirements of Rule 33(d). Accordingly,

the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**<u>INTERROGATORY NO. 11</u>**: Please identify by name, title and position, each and every employee, agent or servant of the Defendant South County Orthopedic & Physical Therapy, Inc. who provided medical treatment and care to the Plaintiff Denise Crowe.

**<u>ANSWER NO. 11</u>**: Please see the medical records produced by this Defendant in response to Plaintiff's Request for production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**<u>INFORMATION SOUGHT</u>**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks the identities of all individuals who have provided medical treatment to the Plaintiff.

Plaintiff submits the Defendant's reliance on the medical records which were produced in response to Request for Production, is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the

interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly, the signature of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 12**: With regard to the medical treatment provided to the Plaintiff Denise Crowe was any investigation conducted? If so, please state:

a. the entity conducting such investigation;

b. the dates of the investigation; and

c. whether or not a report was produced concerning said investigation.

**ANSWER NO. 12**: An investigation of the Plaintiff's claims has been undertaken by Defendant's insurer and Defendant's counsel which Defendant objects to disclosing or detailing pursuant to the attorney-client and/or work privileges.

**INFORMATION SOUGHT**: Plaintiff seeks an answer to the interrogatory as posed. Plaintiff recognizes that the Defendant has posed an objection to the interrogatory based on attorney client and/or work product privilege. However, the interrogatory does not seek the substance of any such investigation that may have been conducted concerning the medical treatment provided to the Plaintiff. But only the identity of the entity conducting such investigation, the dates of the investigation, and whether or not a report was produced concerning said investigation. Moreover, no Privilege Log, in compliance with Rule 26(b)(5), was provided to response to the interrogatory.

Accordingly, the Defendant should be ordered to provide a response to the subparts of the interrogatory as posed, as well as a Privilege Log.

**INTERROGATORY NO. 13**: Please state whether a medical consult was requested by any employee, agent or servant of South County Orthopedic & Physical Therapy, Inc. who provided care and treatment to the Plaintiff. If so, please include in your answer:

a. the name and address of the person(s) who requested the medical consult;

b. when the medical consult was requested, including the time;

c. the reason the medical consult was requested; and

d. whether the defendant hospital's protocols concerning a request for such consult were followed, and if not, why the protocol was not followed.

**ANSWER NO. 13:** Please see the medical records produced by this Defendant in response to Plaintiff's Request for Production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation and within the scope of discovery. Defendant's reliance on Rule 33 is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous

written notes, which in many cases are difficult to decipher, particularly the identities of the individuals writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 14**: Has the Defendant South County Orthopedic & Physical Therapy, Inc. ever been named a party to a lawsuit for medical malpractice at any time in the past by any individual or institution? If so, please state:

a. The name of the individual or institution making the claim;

b. The nature of the claim;

c. The date of the claim;

d. Whether action was commenced;

e. The attorney who represented you;

f. Whether the matter was disposed of; and

g. The basis of the claim, indicating the type and extent of each injury claimed.

**ANSWER NO. 14**: Objection. This Interrogatory seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**INFORMATION SOUGHT**: Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to provide a response to the interrogatory as posed. Indeed, any lawsuit for medical malpractice which the Defendant, South County Orthopedic & Physical Therapy, Inc., has been named a party, is relevant and may reasonably lead to the discovery of admissible evidence at trial as to the issue of standards of care among others. Accordingly, the Defendant should be ordered to provide a response to the Interrogatory and the objection should be stricken.

**INTERROGATORY NO. 15**: Set forth each and every date on which any agent, servant or employee of this Defendant treated or examined the Plaintiff, Denise Crowe.

**ANSWER NO. 15**: Please see the medical records produced by this Defendant in response to Plaintiff's Request for Production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**INFORMATION SOUGHT**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks the information concerning treatment rendered to the Plaintiff.

Plaintiff submits the Defendant's reliance on the medical records which were produced in response to Request for Production, is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly, the signature of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to

locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 17**: Did any agent, servant or employee of this Defendant obtain any information concerning the Plaintiff, Denise Crowe's prior medical history? If so, for each such occasion you obtained such information, state:

a. Whether the information was obtained from the Plaintiff;

b. Whether the information was obtained from a person other than the Plaintiff, and if so, the name, address and relationship to the Plaintiff of each such person;

c. The date and place the information was obtained;

d. A description of the information obtained; and

e. Whether a record of the information was made, and if so, identify each record made.

**ANSWER NO. 17**: Objection is made to this Interrogatory concerning information obtained by Defendant's counsel or insurer, as such information is protected from disclosure by the attorney-client and/or work product privileges or was prepared in anticipation of or preparation for litigation. Without waiving said objection, please see the medical records produced by the Defendant in response to Plaintiff's Request for Production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R.Civ. P. 33(d).

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation and within the scope of discovery. Defendant's reliance on Rule 33 is inadequate in response to the interrogatory. Moreover, Defendant fails to provide a Privilege Log in compliance with Rule 26(b)(5) as to privileged information.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly the identities of the individuals writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 18**: Did any agent, servant or employee of this Defendant make a physical examination of the Plaintiff? If so, for each examination, state:

a. The date and place it was made;

b. The reason it was made;

c. A description of each procedure used in making it;

d. The information Plaintiff gave you concerning any complaints suffered by her at the time;

e. The conclusions drawn concerning the Plaintiff's physical condition as a result of the examination;

f. Whether a written record was made of the examination, and if so, who has possession of same;

g. All tests ordered at each examination;

h. All test results discussed with the Plaintiff or any family

member at each examination;

i. All x-rays ordered at each examination; and

j. All x-rays reviewed with the Plaintiff or any family member at each examination.

**ANSWER NO. 18**: Please see the medical records produced by this Defendant in response to Plaintiff's Request for Production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**INFORMATION SOUGHT**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks the information concerning the physical examination of the Plaintiff.

Plaintiff submits the Defendant's reliance on medical records which were produced in response to Request for Production, is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly, the signature of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirements of Rule 33(d). Accordingly, the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 19**: Did any agent, servant or employee make a diagnosis, either preliminary or final, of the Plaintiff, Denise Crowe's condition? If so, for each diagnosis, state:

a. The time and date made;

b. Whether it was a preliminary or final diagnosis;

c. A description of the diagnosis made;

d. A description of the symptoms or facts upon which the diagnosis was made;

e. Whether any medical treatise was relied upon or person consulted in arriving at the diagnosis, and if so, the name and address of each person consulted and the title, name of author, and page reference of each medical treatise you relied upon; and

f. Whether a record of the diagnosis was made, and if so, whether the record is in the possession or control of the Defendant and if so, the name and address of the individual who has possession and control of said record.

**ANSWER NO. 19**: Please see the medical records produced by this Defendant in response to Plaintiff's Request for Production of Documents No. 1, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 33(d).

**INFORMATION SOUGHT**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks information concerning diagnosis made of the Plaintiff's condition.

Plaintiff submits the Defendant's reliance on the medical records which were produced in response to Request for Production, is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

In response to Plaintiff's Request for Production of Documents seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical record of the Plaintiff concerning medical treatment received for the period of time from October 21, 2002 through May, 2003. Said records include numerous written notes, which in many cases are difficult to decipher, particularly, the signature of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the Interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirements of Rule 33(d). Accordingly,

the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

WHEREFORE, the Plaintiff, Denise Crowe, hereby requests this Honorable Court strike those objections as set forth above and Order the Defendant to provide fully responsive further answers to the above Interrogatories within 10 days.

**GOOD FAITH CERTIFICATION**

The undersigned certifies that Attorney Kris Macaruso Marotti of his office has made a good faith attempt to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of Court intervention, without success.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III, #2046
THE LAW FIRM OF THOMAS A.TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Motion to Strike Objections and Compel Answers to Interrogatories*** on the 10th day of November 2005, to:

David Carroll, Esq.
ROBERTS CARROLL FELDSTEIN & PEIRCE
Ten Weybosset Street
Providence, RI 02903

Dennis T. Grieco, II
GIDLEY, SARLI & MARUSAK, LLP
One Turks Heald Place, Suite 900
Providence, RI 02903

Ashley Toreatto