UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD;<br>SOUTH COUNTY ORTHOPEDIC &<br>PHYSICAL THERAPY, INC. | :<br>:<br>: | |

**PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED UPON THE DEFENDANT ROBERT C. MARCHAND**

Now comes your Plaintiff, Denise Crowe, pursuant to Rule 37 of the Federal Rules of Civil Procedure and moves for an Order of this Honorable Court to strike certain objections that have been raise by the Defendant and compel the Defendant to provide more responsive answers to interrogatories propounded upon him by the Plaintiff, in this matter, as follows:

**INTERROGATORY NO. 9**: Set forth each and every date on which you treated or examined the Plaintiff, Denise Crowe.

**ANSWER:** Objection is made to this interrogatory on the grounds that it is overly broad, burdensome and harassing and, also, would include periods of time that are not relevant and could not lead to admissible evidence. Further, in accordance with Rule 33(d), plaintiff is referred to her medical records.

**INFORMATION SOUGHT**: Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation and within the scope of discovery. Defendant's reliance on Rule 33(d) is inadequate in response to the interrogatory.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as the party served, it

is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as the party served, the records from which the answer may be ascertained."

In response to answers to request for production of documents, the Defendant produced a copy of the office chart of South County Orthopedics and Physical Therapy regarding treatment rendered to the Plaintiff consisting of approximately 75 pages. Said records include numerous written notes, which in many cases, are difficult to decipher, and particularly, the identities of the individuals writing said notes.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to interrogatory is insufficient where the records are substantial and many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit the Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained in compliance with the requirement of Rule 33(d). Accordingly, the Defendant's objection should be stricken and the Defendant should be ordered to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 10**: Please state in detail each medical record you maintained with respect to your treatment of the Plaintiff, Denise Crowe, and please include in your answer the following:

a. Who is presently in possession of said records, giving name and address;

b. If any medical records have been lost, misplaced or destroyed,

please identify the records and set forth the circumstances concerning the loss or destruction of said medical records; and

c. If any medical records have been altered, supplemented or amended, please identify the record and set forth the circumstances concerning the alteration, supplementation or amendment of said medical records, including the date of such alteration, supplementation or amendment, the name and address of the individual who made the alteration, supplementation or amendment; the name and address of the person at whose direction the alteration, supplementation or amendment was made; and state the original entry in the medical record, as well as the information altered, supplemented or amended.

**ANSWER:** In accordance with Rule 33(d), plaintiff is referred to the medical records produced by this Defendant in Response to Request for Production Number 1.

**INFORMATION SOUGHT:** Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to Subsection a, b and c to the interrogatory. The Defendant's response referring to medical records produced by the Defendant in Response to Request for Production of Documents No. 1 is not responsive to said subsections. Accordingly, the Plaintiff seeks an Order of the Court compelling the Defendant to provide answers to Subsections a, b, and c of the interrogatory at this time.

**INTERROGATORY NO. 11**: State the names and addresses of all persons believed or known by you or agents, servants, or employees to have any knowledge concerning the facts pertaining to the claims set forth in this action.

**ANSWER:** Objection is made to this Interrogatory No. 11 on the grounds that some of the information obtained would be protected by privilege and, also, disclosure need not be made of experts, if any, who have been consulted by not retained to testify. In addition, the interrogatory is harassing inasmuch as, as framed, it would require disclosure of various people including employees of

insurance carriers, employees of attorneys, etc. However, without waiving this objection, other than the individuals identified in this medical records, the parties to the lawsuit, the attorneys for the parties to the lawsuit and their insurance carriers, no other individuals are know to this defendant.

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks the identity of all individuals who have knowledge regarding the circumstances complained of in the Plaintiff's complaint, as well as the specific facts to which each individual has knowledge.

The Defendant has objected to the interrogatory on the grounds that the interrogatory is harassing and seeks information which is otherwise privileged. However, the Defendant has not provided a privilege log, pursuant to the requirements of Rule 26, with respect to same. Moreover, the Defendant's statement that "other than the individuals identified in the medical records…" is inadequate, particularly where the signatures on many of the medical records produced concerning the treatment rendered to the Plaintiff are not legible. Moreover, the Defendant has failed to provide a response to the interrogatory setting forth the facts of which each such individual has knowledge of with respect to the Plaintiff's claims. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a more responsive answer to the interrogatory and privilege log in accordance with Rule 26.

**INTERROGATORY NO. 12**: Please identify any and all individuals whom you expect to call as an expert witness at trial, and as to each and every such expert, please state:

a. The person's identity, giving name, address, profession or occupation and qualifications of said individual. If you will do so without a request for production please provide the Curriculum Vitae for each such expert;

b. The subject matter on which each such expert is to testify;

c. The substance of the facts and opinions to which each such expert is to testify; and

d. A summary of the grounds for each such opinion.

**ANSWER:** My attorneys have informed me that no decision has been made at this time regarding retaining an expert witness to testify on my behalf at trial. The answer will be supplemented in accordance with the Rules of Civil Procedure.

**INFORMATION SOUGHT:** Plaintiff seeks an Order of the Court compelling the Defendant to provide a full and complete answer to the interrogatory at this time. Along these lines, pursuant to this Court's Scheduling Addendum attached to its Pretrial Order dated July 20, 2005, the Defendant was to make expert disclosure to Plaintiff's counsel on or by September 20, 2005. The Defendant has, in fact, provided a written letter setting forth the identity of three experts expected to testify on his behalf, inclusive of himself. However, the Defendant has failed to supplement its answer to the expert interrogatory in accordance with said disclosure, as required by the Rules of Civil Procedure.

Pursuant to Rule 26(e)(2) "A party is under a duty seasonably to amend a prior response to an interrogatory…if the party learns that the response is in some material respect incomplete or incorrect or if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing".

Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a full and complete answer to the expert interrogatory at this time, including all of its subsections.

**INTERROGATORY NO. 13**: Have you given any statements or reports to any person, firm or corporation regarding this incident? If so, state the date each such statement was given, the name, address and occupation of the person to whom such statement was given and the name and address of the person, firm or corporation having possession of such statement.

**ANSWER:** Objection is made to providing the substance of the statements inasmuch as, if applicable, the substance would be protected from discovery inasmuch as they would be subject to protection of the attorney/client privilege or the privilege concerning communications with insurance carriers. I have only had discussions with my insurance carrier and my attorney.

**INFORMATION SOUGHT:** It appears that Defendant's response to the interrogatory is that he has made no statement or report to any person, firm or corporation regarding the incident, aside from those that may be protected by the attorney client privilege or attorney work product doctrine. This being the case, Plaintiff seeks an order of the Court compelling the Defendant to provide a privilege log as to those documents which the Defendant deems to be protected from disclosure in accordance with the requirements of Rule 26(b)(5) of the Rules of Federal Procedure.

**INTERROGATORY NO. 14**: Did you obtain any information concerning the Plaintiff, Denise Crowe's prior medical history? If so, for each such occasion you obtained such information, state:

a. Whether you obtained the information from the Plaintiff, himself;
b. Whether you obtained the information from a person other than the Plaintiff, and if so, the name, address and relationship to the Plaintiff of each such person;
c. The date and place you obtained the information;
d. A description of the information you obtained; and
e. Whether you made a record of the information, and if so, identify each record you made.

**ANSWER:** Objection is made to this interrogatory on the grounds that it is overly broad, burdensome and harassing and, also, would include periods of time that are not relevant and could not lead to admissible evidence. Further, in accordance with Rule 33(d), plaintiff is referred to her medical records. Without

waiving this objection, this following general answer is given which answer does not purport to recite everything in the records:

The plaintiff filled out an intake form and provided a history on her first visit on October 21, 2002.

**INFORMATION SOUGHT:** Plaintiff seeks an Order of the Court striking the objection, which has been posed to the interrogatory on the grounds that it is overly broad, burdensome, harassing and would include periods of time that are not relevant or could not lead to admissible evidence. Your Plaintiff submits that information that the Defendant obtained concerning her prior medical history is clearly relevant to the instant action and within the permissible scope of discovery. Accordingly, the Defendant's objection should be stricken. Moreover, Plaintiff seeks an Order of the Court compelling the Defendant to provide a response to Subsections b, c, d, and e of the interrogatory at this time.

**INTERROGATORY NO. 15**: Did you make a physical examination of the Plaintiff? If so, for each examination, state:

a. The date and place it was made;

b. The reason it was made;

c. A description of each procedure used in making it;

d. The information Plaintiff gave you concerning any complaints suffered by him at the time;

e. The conclusions you drew concerning the Plaintiff's physical condition as a result of the examination;

f. Whether a written record was made of the examination, and if so, who has possession of same;

g. All tests ordered at each examination;

h. All test results discussed with the Plaintiff or any family member at each examination;

i. All x-rays ordered at each examination; and

j. All x-rays reviewed with the Plaintiff or any family member at each examination.

**ANSWER:** Objection is made to this interrogatory on the grounds that it is overly broad, burdensome and harassing. Further, in accordance with Rule 33(d), plaintiff is referred to medical records produced in Response to Request for Production No. 11. If there is a particular entry that needs clarification, defendant will address that entry.

**INFORMATION SOUGHT:** Plaintiff seeks a full and complete answer to the interrogatory as posed. Clearly the interrogatory seeks information which is relevant to the instant litigation. The Defendant's objections posed to the interrogatory on the grounds that the interrogatory is overly broad, burdensome and harassing should be stricken. Moreover, the Defendant's reliance on Rule 33(d) in response to the interrogatory is inadequate.

Pursuant to Rule 33(d), where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and the burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is sufficient to answer such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating parties to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

In response to the Plaintiff's interrogatory, the Defendant refers to the medical records produced in Response to Request for Production in this matter. Said records, which are comprised of the Plaintiff's medical chart, total approximately 75 pages. Moreover, the records include numerous written notes, which in many cases are difficult to decipher.

Accordingly, Plaintiff seeks an Order of the Court striking the Defendant's objection and compelling the Defendant to provide a full and complete response to the interrogatory at this time.

**INTERROGATORY NO. 16**: Did you make the diagnosis, either preliminary or final, of the Plaintiff, Denise Crowe's condition? If so, for each diagnosis, state:

a. The time and date you made it;

b. Whether it was a preliminary or final diagnosis;

c. A description of the diagnosis you made;

d. A description of the symptoms or facts upon which you based your diagnosis;

e. Whether you consulted anyone or relied on any medical treatise in arriving at the diagnosis, and if so, the name and address of each person consulted and the title, name of author, and page reference of each medical treatise you relied upon; and

f. Whether you made a record of the diagnosis, and if so, whether the record is in your possession or control and if so, the name and address of the individual who has possession and control of said record.

**ANSWER:** Objection is made to this interrogatory on the grounds it is overly broad, burdensome and harassing and, also, would include periods of time that are not relevant and could not lead to admissible evidence. Further, in accordance with Rule 33(d), plaintiff is referred to medical records produced in Response to Request for Production No. 1. If there is a particular entry that needs clarification, defendant will address that entry.

**INFORMATION SOUGHT:** Plaintiff seeks an Order of the Court striking the Defendant's objection to the interrogatory on the grounds that it is overly broad, burdensome and harassing and would include periods of time that

are relevant and could not lead to admissible evidence. Moreover, Plaintiff seeks an Order of the Court compelling the Defendant to provide a full and complete answer to the interrogatory as posed. Clearly, the interrogatory seeks information which is relevant to the instant litigation, as it seeks information concerning any diagnosis made of the Plaintiff's condition by the Defendant.

The Defendant's objection to the interrogatory on the grounds that it is overly broad, burdensome, harassing and would include periods of time not relevant and could not lead to admissible evidence is without merit. Accordingly, said objection should be overruled.

Moreover, Plaintiff submits Defendant's reliance on the medical records which were produced in Response to Request for Production is inadequate in response to the interrogatory. Pursuant to Rule 33(d) where an answer to an interrogatory may derived or ascertained from the business records of the party upon whom the interrogatory has been served and the burden of deriving or ascertaining the answers are substantially the same for the party serving the interrogatory as for the party served, it is sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. "A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained".

In response to the Plaintiff's Request for Production of Documents, seeking all medical records pertaining to treatment rendered to the Plaintiff by the Defendant in this matter, the Defendant produced approximately 75 documents constituting the medical chart of the Plaintiff related to treatment received by her from the period of time of October 21, 2002 through May 2003. Said records include numerous written notes, which in many cases are difficult to decipher, and particularly, the signatures of the individual medical providers writing said reports.

Your Plaintiff submits that the Defendant's reliance on Rule 33(d) in response to the interrogatory is insufficient where the records are substantial and

many of them are difficult to decipher. Moreover, the Defendant has failed to make a specification in sufficient detail in response to the interrogatory to permit Plaintiff's counsel to locate and identify the particular records from which the answer to the interrogatory may be ascertained, in compliance with the requirement of Rule 33(d). Accordingly, the Defendant's objection should be overruled and he should be ordered to provide a full and complete answer to the interrogatory at this time.

**INTERROGATORY NO. 18**: Do you contend that a person, other than yourself, was responsible for the injuries sustained by the Plaintiff? If so, for each such person, state:

a. His/her name, address and job title or capacity; and

b. The facts on which you base your contention that he/she was responsible for Plaintiff's injuries;

**ANSWER:** Objection is made to this interrogatory inasmuch as the thrust of same is to make this Defendant an expert for the Plaintiff. This Defendant declines to be an expert for the Plaintiff and, based on the law of the State of Rhode Island, need not be such expert. In any event, I was not responsible for any injury to the Plaintiff.

**INFORMATION SOUGHT:** Plaintiff seeks an Order of the Court stating the objection and compelling an answer to the interrogatory. Along these lines, Defendant has raised affirmative defenses of contributory and comparative negligence. Defendant should be required to answer the Request, which is clearly relevant, including any facts on which he bases his contention that Plaintiff or someone else was responsible for Plaintiff's injuries. This Request does not seek expert opinion and as such, the objection should be overruled.

**INTERROGATORY NO. 23**: Please list all authorities, including but not limited to, medical journals and/or text books, which you or any of your experts will rely on in whole or in part, in formulating opinions concerning the liability of this Defendant for negligence to the Plaintiff.

**ANSWER:** The practice of medicine is an art not a science. Patients are treated based on items learned through a variety of sources including, but not limited to, courses taught in medical school, instruction during internship and residency, instruction at seminars, grand rounds, as well as through a variety of other sources including books, articles, audio tapes, videotapes, etc. There is nothing in medicine which is "authoritative" in the diagnosis and treatment of a patient. As indicated, accumulated knowledge and experience is brought to bear in the care and treatment of every patient.

**INFORMATION SOUGHT:** Defendant should be ordered to answer the Request as posed. Defendant's above answer is unresponsive to the Request.

**WHEREFORE**, the Plaintiff, Denise Crowe, hereby request that this Honorable Court strike those objections as set forth above and order the Defendant to provide fully responsive further answers to the above interrogatories within ten days.

**CERTIFICATION OF GOOD FAITH**

The undersigned certifies that Attorney Kris Macaruso Marotti of his office has made a good-faith attempt to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of Court intervention without success.

Plaintiff,
By and Through Her Attorney,

[signature]

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Motion*** on the 15th day of November 2005, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

Ashley Breatts