Michael G. Sarli*
James P. Marusak*
Michael R. De Luca*
Dennis T. Grieco II*

Stephen J. Brouillard*
Matthew D. Rocheleau*

Thomas D. Gidley, Retired

* *Also admitted in Massachusetts*

One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Telephone 401-274-6644
Fax 401-331-9304

Gidley, Sarli & Marusak, LLP
ATTORNEYS AT LAW

October 20, 2005

Via Facsimile

Kris Macaruso Marotti, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

**Re: Denise Crowe vs. South County Orthopedic & Physical Therapy, Inc., et al.**
**C.A. No.: PC 05-0135**

Dear Kris:

I write in response to your letter of October 17, 2005, enclosing draft Motions to Compel. Your Interrogatories 5 and 11 seek the identities of anyone with knowledge regarding your client's claims and those employees of South County Orthopedics and Physical Therapy, Inc. who provided treatment to her. I responded by referring you to the medical records produced. You complain that some of the medical records are hand-written and difficult to decipher, making it difficult to identify some of the treators. From my review of South County Orthopedics' records, many of them are type-written and the ones that are not seem to clearly identify who made the record or note. If there is some that you cannot make out, please bring them to my attention and I would be happy to find out who that person may be. Otherwise, it would appear that the majority of the medical providers are easily identified in the records and therefore, identification of the records certainly is permissible pursuant to Fed. R. Civ. P. 33 (b).

With respect to the Answer to Interrogatory No. 9(g), at present, I do not have any documents pertaining to the issue addressed therein. For that reason, I have not provided any Privilege Log. Further, given the fact that my client in this case is a corporation, it does not have any information concerning the Plaintiff's treatment other than that contained in the medical records produced to you. Obviously, any thoughts or opinions that I, as counsel for my client, may have concerning your client's condition are simply not discoverable. It was on that basis, that the objection to Interrogatory No. 9 (g) was made.

Lastly, my answer to Interrogatory No. 12 reveals that I and my client's insurer undertook an investigation. This was done after your client's claims were asserted.

EXHIBIT
A

Certainly, correspondence back and forth concerning that investigation is privileged. I believe this description complies with the dictates of the Fed. R. Civ. P. 26 (b)(5).

Lastly, the only medical records I have received have been produced in discovery either by the parties or in response to a subpoena.

It is my position that the remainder of the discovery responses addressed in your draft motions are well within the bounds of the applicable rules of procedure. I hope that this letter satisfies many issues you may have about my client's discovery responses. Again, please feel free to identify for me any names of medical providers that you can not make out in the record, and I will be happy to undertake the effort to identify them for you.

Sincerely,

Dennis T. Grieco II

DTG:cml

# CERTIFICATION

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 29th day of November, 2005, I forwarded a copy of the foregoing to the above-reference counsel of record.

Jonathan Schechner