UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE, )
Plaintiff )
VS. )
) C.A NO.: 05-098 T
ROBERT C.MARCHAND, M.D. )
SOUTH COUNTY ORTHOPEDIC )
& PHYSICAL THERAPY, INC. )
Defendants )

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby objects to the Plaintiff's Motion to Strike Objections and Compel More Responsive Answers to Interrogatories.

**INTERROGATORY NO. 2**

The Defendant has fully answered this interrogatory by identifying counsel as the sole person who assisted in preparing the corporate Defendant's answers to interrogatories. Further, the Defendant's objection based on the attorney-client and work product privileges are appropriate. In order to answer the remainder of the interrogatory, the Defendant would necessarily have to divulge attorney-client communications. Thus, the Plaintiff's request for a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) is infeasible, and the objection is appropriate as it stands.

**INTERROGATORY NOS. 5, 11, 13, 15, 18, 19**

The Defendant responded to these interrogatories by referring to the medical records pursuant to Fed. R. Civ. P. 33(d). The information sought by way of these interrogatories can be just as easily ascertained by the Plaintiff as by the Defendant by reviewing the medical records. The Plaintiff claims that portions of the record are illegible and difficult to decipher. In fact, the

Plaintiff has already deposed Physician Assistant Rick Moffitt, an employee of the corporate Defendant, and utilized the very records produced by the Defendant in that deposition without any difficulty in deciphering the records. Moreover, counsel for the Defendant, by correspondence dated October 20, 2005, pointed out that many of its records are in fact typewritten and the ones that are not are clear. Nevertheless, Defendant's counsel invited counsel for the Plaintiff to identify which portions of the record are illegible so that the proper identifications could be made. See correspondence, attached hereto as **Exhibit A**. This certainly seemed the most efficient and effective way for both parties to clear up any difficulties Plaintiff's counsel may have with the records without putting Defendant to the undue burden of scouring the records and regurgitating otherwise obvious information. Counsel for the Plaintiff never responded to that request and instead chose to file the instant motion. The Defendant remains willing to make efforts to decipher any portions of the record that the Plaintiff, in good faith, deems illegible. However, absent Plaintiff identifying such portions, Defendant should not have to scour the otherwise clear record to provide the Plaintiff information. In any event, the Defendant's answer is fully responsive and appropriate under the rules.

**INTERROGATORY NO. 9**

The Defendant objected to subpart (g) of the Plaintiff's interrogatory, asserting the attorney-client and work product privileges. The Plaintiff seeks a privilege log. By correspondence dated October 20, 2005, counsel for the Defendant explained to counsel for the Plaintiff that he has no documents responsive to subpart (g), and for that reason, has not provided a privilege log. The objections to subpart (g) were asserted, however, because any thoughts or opinions that counsel for the Defendant, a corporation, may have are clearly privileged and not discoverable. See Hickman v. Taylor 329 U.S. 495, 510 (1947) (ruling that not even the most

liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney). Accordingly, the objection was properly asserted.

In answering the remainder of the interrogatory, the Defendant referred to medical records pursuant to Fed. R. Civ. P. 33(d). That answer is fully responsive and appropriate for the reasons set forth above in the Defendant's response to the plaintiff's motion to compel pertaining to Interrogatory Nos. 5, 11, 13, 15, 18, and 19.

**INTERROGATORY NO. 12**

The Defendant's answer is fully responsive, and its objection is appropriate. The Defendant disclosed that its counsel and insurer conducted an investigation into the Plaintiff's claims, and objected to providing any further information based on the attorney-client and work product privileges. By correspondence dated October 20, 2005, counsel for the Defendant explained to counsel for the Plaintiff that the investigation took place after the Plaintiff asserted her claims, and that any correspondence between counsel and the insurer is clearly privileged. Defendant's description of the category of information and documents withheld fully comports with the requirements of Fed. R. Civ. P. 26(b)(5), as it reasonably permits the Plaintiff to assess the clearly privileged nature of this information. See Fireman's Fund Insurance Company v. McAlpine, 391 A.2d 84 (R.I. 1978)(holding that writings relating to an insurance companies investigation are privileged and non discoverable when investigation initiated after insured files claim); Weitzman v. Blazing Pedals, 151 F.R.D. 125 (D.Colo. 1993)(holding that after threat of litigation, documents gathered by defendant's insurer are protected by work product doctrine).

**INTERROGATORY NO. 14**

The Defendant's objection is appropriate and should be sustained. This interrogatory requests information concerning the existence of lawsuits other than the instant matter. The

Defendant objected on the ground that the interrogatory seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff argues that the information requested may lead to information concerning standards of care, without any further explanation. The Defendant cannot imagine how information concerning unrelated lawsuits will lead to admissible evidence concerning anything, including standards of care. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. The Plaintiff only claims that the corporate Defendant is vicariously liable for allegedly negligent medical care rendered to her by its employee, co-Defendant Dr. Marchand. Whether the corporate Defendant has been named in other lawsuits, and if so, information concerning those other lawsuits, cannot have any tendency to make the issue of whether Dr. Marchand's care of this Plaintiff was negligent more probable or less probable. See Hickman v. Taylor 329 U.S. 495, 507-509 (1947) (although discovery rules "are to be accorded a broad and liberal treatment ... limitations come into existence when the inquiry touches upon the irrelevant"). Thus, the Defendant's objection should be sustained.

**INTERROGATORY NO. 17**

The Defendant's answer to this interrogatory is fully responsive, and the objection is appropriate. This interrogatory seeks to discover whether any agent, servant, or employee of the Defendant obtained any information concerning the Plaintiff's prior medical history. With respect to medical history obtained in the course of treating the Plaintiff, the Defendant reasonably referred the Plaintiff to the very records of that treatment that describe that history. Reference to those records fully complies with Fed. R. Civ. P. 33(d). That answer is fully

responsive and appropriate for the reasons set forth above in the Defendant's response to the plaintiff's motion to compel pertaining to Interrogatory Nos. 5, 11, 13, 15, 18, and 19.

The Defendant appropriately objected to the extent that information obtained by counsel or by the Defendant's insurer is protected by the attorney-client or work product privileges. See Fireman's Fund Insurance Company v. McAlpine, 391 A.2d 84 (R.I. 1978)(holding that information relating to an insurance companies investigation are privileged and non discoverable when investigation initiated after insured files claim); Weitzman v. Blazing Pedals, 151 F.R.D. 125 (D.Colo.1993)(holding that after threat of litigation, documents gathered by defendant's insurer are protected by work product doctrine). The Plaintiff seeks a privilege log. However, describing information protected by the attorney-client or work product privileges will necessarily eviscerate those privileges, and accordingly a privilege log is not feasible. Should the Plaintiff persist in seeking to discover information contained within counsel's litigation files, the Defendant will likewise request the Plaintiff to disclose information contained within her counsel's litigation files. Such a practice certainly could not be the intent of Fed. R. Civ. P. 26(b)(5).

WHEREFORE, the Plaintiff's motion should be denied.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)