UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE, Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098 T |
| ROBERT C.MARCHAND, M.D. SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. Defendants | ) | |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES PURSUANT TO FED. R. CIV. P. 37(a)(2)**

The Defendant, South County Orthopedics & Physical Therapy, Inc., pursuant to Fed. R. Civ. P. 37(a)(2), hereby moves for an Order compelling the Plaintiff, Denise Crowe, to provide more responsive answers to interrogatories within twenty (20) days as follows:

**Interrogatory No. 5:** List and describe each of the special damages incurred by you as a result of the incident sued upon, including but not limited to, hospital charges, medical charges, x-ray charges, laboratory fees, the cost of medicines, the expenses of special nurses or helpers, charges for substitute help, charges for special appliances, loss of earning capacity, loss of services or consortium, property damages, etc., giving the name and address of the person or organization to whom each item of expense has been paid or is payable and the dates such expenses were incurred.

**Answer:** Plaintiff is in the process of obtaining medical bills related to treatment she received after he injury. Said documents will be produced to defense counsel in response to document request upon receipt thereof.

As to the loss of earning capacity, I was out of work from the date of surgery, 5/13/03 until 9/8/03.

$11.23 X 29 (hours) = $325.00, per week

$325.00 X 17 (weeks) = 45,525.000

**Information Sought:** The Defendant seeks a complete answer to this interrogatory. The Plaintiff states that she is in the process of obtaining medical bills related to the treatment she received after her injury, and that the documents will be produced to defense counsel in response to document requests. However, the Defendant requests a list of each of the special damages that the Plaintiff is seeking in a signed answer to interrogatory. Although the Plaintiff states that she will provide copies of medical bills to the Defendant, the Defendant is entitled to a sworn answer under oath specifically setting forth what she is claiming in damages. This information is necessary to the Defendant to evaluate the Plaintiff's damages claims and to properly prepare for trial.

**Interrogatory No. 7:** If you or any other persons, firm, corporation or other entity acting on your behalf have made any claim or received any money or both, including but not limited to workers' compensation benefits, and including but not limited to Blue Cross and/or Blue Shield, Social Security, TDI, occasioned by the matter sued upon, as to each such claim or payment of money, state the date, the amount and nature, and the name and address of the person or organization to whom made or from whom received.

**Answer:** Objection, said interrogatory seeks information which is beyond the permissible scope of discovery, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence at trial, as well as may be protected by the Collateral Source Rule. Without waiving the objection, I did collect Temporary Disability benefits for a period of time after the surgery. Plaintiff refers to documents which have been produced in response to request for production in further response to this interrogatory.

**Information Sought:** The Defendant seeks a complete answer to this interrogatory. This interrogatory seeks information regarding collateral source payments. While the Plaintiff states that she collected temporary disability benefits for a period of time, other information produced in discovery demonstrates that the Plaintiff's medical bills were also paid by insurance. Further, the information sought by this interrogatory is

both discoverable and admissible pursuant to R.I. Gen. Laws. § 9-19-34.1. That statute is fully applicable in medical malpractice actions brought in the Federal District Court. See, e.g. Reilly v. US, 863 F. 2d 149 (1st Cir. 1988). Accordingly, the Plaintiff should be compelled to provide a full and complete answer to this interrogatory without the stated objection.

**Interrogatory No.9:** State the names and addresses and specialties of each expert you intend to have testify in connection with this case. With respect to each, please state:

(a) subject matter the expert is expected to testify;

(b) substance of the facts and opinions to which the expert is expected to testify;

(c) summary of the grounds of each opinion;

(d) date of all reports (including supplements) prepared by the expert.

**Answer:**

a. Leo M. Rozmaryn, M.D.: 9711 Medical Center Drive, Suite 201, Rockville, Maryland 20850, orthopedic surgeon.

b. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff's scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiffs wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

c. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff s scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr.

Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiffs wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

d. Dr. Rozmaryn's opinions are based on his knowledge, training and experience, as well as his review of the Plaintiff's medical records.

Plaintiff reserves the right to supplement this answer as discovery is ongoing and no depositions have yet been conducted.

**Information Sought:** The Defendant seeks a more responsive answer to this interrogatory. In the Plaintiff's answer, she states that Dr. Rozmaryn will testify that the agents, servants, and employees of the Defendant, deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff. The Plaintiff has failed to identify which agents, servants, or employees of the Defendant she is referring, and the Plaintiff has further failed to set forth the facts and the basis for her claim that these unknown agents, servants, and employees deviated from the acceptable standard of medical care in orthopedics. Accordingly, the Plaintiff should be compelled to supplement her answers with this information.

**Interrogatory No. 10:** Describe the current state of your health. As to any statement, report or memorandum with respect to your current condition, set forth:

(a) nature of each such item;

(b) date on which it was prepared;

(c) name and address of its preparer;

(d) brief description of what it contains or purports to contain;

(e) names and addresses of the persons and/or institutions having possession or custody of each of them.

**<u>Answer</u>:** Generally good. However, I am limited as to the use of my right wrist. When I try to use my right hand and arm in ways that are restricted due to the condition of my wrist, I experience severe pain. I have suffered loss of mobility, which I'm told is permanent in nature. Plaintiff further refers to her medical records produced in response to Request for Production in answering this interrogatory.

**<u>Information Sought</u>:** The Defendant seeks to discover who told the Plaintiff that her alleged loss of mobility is permanent in nature. Although the Plaintiff states that she has generally been told that the injury is permanent in nature, the Defendant is entitled to discover where the Plaintiff learned that information so that the Defendant can pursue further discovery into that issue if necessary and appropriate.

**<u>Interrogatory No. 11</u>:** If you claim that any further medical attention is necessary, as a result of the incident sued upon, state the nature thereof, when such attention will be given, the name and address and specialty of the doctor or person recommencing the same and the estimated cost thereof.

**<u>Answer</u>:** I do not know if further medical attention is necessary for my injury. I do continue to experience pain in my wrist and I am limited as to use of my wrist. I am presently off all prescription drug medications for pain, however, I do take over the counter pain medications to relieve the pain, as needed. I have been told that that injury is permanent as a result of the fusion surgery. I continue to do my exercises and physical therapy as I was instructed. Plaintiff further refers to her medical records, which have been produced in response to request for production in response to this interrogatory.

**<u>Information Sought</u>:** The Defendant seeks to discover who told the Plaintiff that her alleged loss of mobility is permanent in nature. Although the Plaintiff states that she has generally been told that the injury is permanent in nature, the Defendant is entitled to discover where the Plaintiff learned that information so that the Defendant can pursue further discovery into that issue if necessary and appropriate.

**<u>Interrogatory No. 12</u>:** If you received psychiatric counseling, therapy or treatment at any time prior or subsequent to the incident sued upon, state the name of the person providing such treatment, his business address, and the dates of treatment.

**<u>Answer</u>:** Objection. Said interrogatory exceeds the permissible scope of discovery and seeks information which is irrelevant and not calculated to lead to the

discovery of admissible evidence. Without waiving the objection, I did not receive any psychiatric counseling or therapy subsequent to the injury.

**Information Sought:** The Defendant seeks a complete answer to this interrogatory. This interrogatory asks the Plaintiff about psychiatric counseling, therapy, or treatment that she may received both prior to and subsequent to the incident sued upon. This information is reasonably calculated to lead to the discovery of admissible evidence, because it may lead to information concerning other health problems or issues the Plaintiff may have had that also impacted her ability to return to work or continue to impact the quality of her life. The Plaintiff claims a permanent disability and lost wages in this case. Any information concerning conditions or issues that impacted her ability to work or continued quality of life may impact her claims. As a result the Plaintiff should be compelled to answer whether she received any such counseling, therapy, or treatment prior to her injury in order to determine if it reveals a condition that impacted these issues.

**Interrogatory No. 13:** State the name and address and telephone number of each person known to you, your attorney or any person acting on your behalf having any knowledge concerning the matter sued upon and indicating how they came by such knowledge.

**Answer:** Please see my medical providers, which are identified in Medical Exhibit "A" attached hereto; my mother, Barbara Crowe, and Amy McGilvary, a personal friend.

**Information Sought:** The Plaintiff should be compelled to provide the addresses of Barbara Crowe and Amy McGilvary, as well a statement indicating how these individuals came by knowledge concerning the matter sued upon. This interrogatory is designed to apprise the Defendant of potential fact witnesses in this matter, and the

requested information will enable the Defendant to pursue further discovery into this matter, such as conducting depositions of these witnesses.

**Interrogatory No. 14:** In what specific respect or respects do you contend that each defendant was negligent?

**Answer:** Objection. Said interrogatory seeks to learn Plaintiff's counsel's legal contentions and conclusions and seeks expert opinions, to which the Plaintiff is not qualified to give.

**Information Sought:** The Defendant moves to strike the Plaintiff's objection and to compel an answer to this interrogatory. This interrogatory asks the Plaintiff to set forth the basis upon which she contends that each Defendant was negligent. By commencing a medical malpractice lawsuit, the Plaintiff must have had some factual basis for doing so. The Plaintiff's objection, that the interrogatory seeks to learn Plaintiff's counsel's legal contentions and conclusions and seeks expert opinions are not valid bases upon which to object to this interrogatory. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(c). The Plaintiff is under an obligation to answer interrogatories based upon the information available to her and her attorneys to the extent that the information is not subject to some privilege. "A party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit. A party must disclose facts in its attorney's

possession even though the facts have not been transmitted to the party." Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d §2177 (1994) (emphasis added). The Plaintiff has made contentions that the Defendants are negligent in her complaint, and should be compelled to elaborate on those contentions. Moreover, the fact that an answer to this interrogatory may require input from an expert does not render the interrogatory itself objectionable. Accordingly, the objection should be stricken as it is unfounded, and the Plaintiff should be compelled to provide an answer to this interrogatory.

**Interrogatory No. 19:** Set forth each and every fact upon which you rely for your allegation that each defendant negligently treated you.

**Answer:** The Defendant, Dr. Marchand, failed to perform surgery on my wrist after the injury to repair it. He further waited an extended period of time after the injury, which delay resulted in my having to undergo a fusion surgery to repair the injury. As a result of the fusion surgery, I now have limited mobility in my wrist, which I'm told is permanent. Also the agents, servants and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., negligently treated me in requiring me to undergo physical therapy and perform exercises with respect to my wrist, which resulted in further injury.

**Information Sought:** The Defendant seeks to compel the Plaintiff to identify which agents, servants, and employees of the Defendant, South County Orthopedics & Physical Therapy, Inc., rendered the alleged negligent medical treatment and the facts supporting each such claim. The Plaintiff's general allegation that certain unnamed individuals rendered alleged negligent treatment is non-responsive, and the Defendant is unable to further evaluate and investigate the Plaintiff's claims unless those individuals are identified.

**Interrogatory No. 24:** What is the specific injury which you allege to have suffered does not ordinarily occur in the absence of negligence and set forth each and every fact upon which you rely.

**Answer:** The permanent loss of mobility that I Have been left with in my right wrist.

**<u>Information Sought</u>:** The Defendant seeks a complete answer to this interrogatory. While the Plaintiff states that her alleged permanent loss of mobility is the specific injury which she alleges to have suffered which does not ordinarily occur in the absence of negligence, the Plaintiff has not set forth each and every fact upon which she relies in making that contention, as requested in the interrogatory.

**<u>Interrogatory No. 25</u>:** Set forth each and every fact upon which you base your contention that the defendants committed a breach of duty in your regard, including a detailed description of all conduct by these defendants which you allege caused to make this claim.

**<u>Answer</u>:** The Defendant, Dr. Marchand, failed to diagnose the nature and severity of the injury to my right wrist. The Defendant, Dr. Marchand, failed to perform surgery on my wrist after the injury to repair it. He further waited an extended period of time after the injury, which delay resulted in my having to undergo a fusion surgery to repair the injury. As a result of the fusion surgery, I now have limited mobility in my wrist, which I'm told is permanent. Also the agents, servants and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., negligently treated me in requiring me to undergo physical therapy and perform exercises with respect to my wrist, which resulted in further injury.

**<u>Information Sought</u>:** The Defendant seeks to compel the Plaintiff to identify which agents, servants, and employees of the Defendant, South County Orthopedics & Physical Therapy, Inc., rendered the alleged negligent medical treatment and all facts supporting each such claim. The Plaintiff's general allegation that certain unnamed individuals rendered alleged negligent treatment is non-responsive, and the Defendant is unable to further evaluate and investigate the Plaintiff's claims unless those individuals are identified.

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention.

**WHEREFORE,** this Court should order the Plaintiff to provide more responsive answers, as requested, within thirty (30) days.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644; 331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 7 day of December, 2005, I forwarded a copy of the foregoing to the above-reference counsel of record.