UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff<br>VS.<br><br>ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDIC<br>& PHYSICAL THERAPY, INC.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A NO.: 05-098 T |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(a)(2)**

The Defendant, South County Orthopedics & Physical Therapy, Inc., pursuant to Fed. R. Civ. P. 37(a)(2), hereby moves for an Order compelling the Plaintiff, Denise Crowe, to provide further responses to request for production of documents within twenty (20) days as follows:

**Request No. 1:** Any and all medical records, medical reports, records of laboratory tests, radiography films, bills, correspondence, and memoranda from any and all physicians, hospitals or health care providers relative to treatment of the injuries you allege to have suffered.

**Response:** Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and protected as attorney work product. Without waiving said objection, please see records, which are attached hereto and marked Bate Stamp Nos. 1-147.

**Information Sought:** The Defendant moves to strike the Plaintiff's objection. This request seeks health care information relating to the treatment of the injuries that that Plaintiff alleges that she has suffered. The Plaintiff's objection, that the request for production seeks information beyond the permissible scope of discovery and protected as attorney work product is unfounded. To the extent that certain documents are being withheld in the basis of privilege, the Plaintiff should be compelled to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Request No. 2:** Any and all medical records from any health care providers for five (5) years prior to the injuries you allege to have suffered through the present.

**Response:** Objection. Said Request for Production of Documents seeks information which is beyond the permissible scope of discovery, is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Plaintiff states that she has not suffered a similar injury as set forth in her complaint within the five (5) year period before the time of the occurrence alleged in said Complaint.

**Information Sought:** The Defendant moves to compel a further response to this request. This request seeks medical records from any and all health care providers for five years prior the injury the Plaintiff alleges to have suffered to the present. By commencing this medical malpractice action, the Plaintiff has placed her physical and medical condition at issue. The Plaintiff's unilateral limitation to injuries similar to those set forth in her complaint is insufficient. The Defendant is entitled to all of the Plaintiff's medical records for a limited period of five years prior to the alleged injury to the present in order to ascertain her baseline physical condition in comparison to the injuries she alleges to have sustained. This request is reasonably calculated to lead to the discovery of admissible evidence, because it may lead to information concerning other health problems or issues the Plaintiff may have had that also impacted her ability to return to work or continue to impact the quality of her life. The Plaintiff claims a permanent disability and lost wages in this case. Any information concerning conditions or issues that impacted her ability to work or continued quality of life may impact her claims. As a result the Plaintiff should be compelled to produce the requested documents in order to determine if they reveal a condition that impacted these issues.

**Request No. 3:** Any and all medical records, medical reports, records of laboratory tests, radiography films, bills, correspondence, and memoranda from any and all physicians, hospitals or health care providers relative to treatment, evaluation or diagnosis of any injuries or conditions claimed to give rise to damages sought in this action.

**Response:** Objection. Said Request for Production of Documents seeks information which is beyond the scope of permissible discovery and protected as attorney work product. Without waiving said objection, said documents produced in response to Request No. 1, herein.

**Information Sought:** To the extent that the Plaintiff withholds documents on the basis of privilege, the Plaintiff is required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5). To the extent that no documents are being withheld, the objection should be stricken.

**Request No. 5:** Any and all photographs (including videotapes, motion picture films, etc.) relating to the incident referred to in your complaint or of plaintiff which depicts an alleged injury.

**Response:** Objection. Said Request for Production of Documents seeks information which is beyond the permissible scope of discovery and protected as attorney work product.

**Information Sought:** To the extent that the Plaintiff withholds documents on the basis of privilege, the Plaintiff is required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Request No. 7:** Any statements given by the plaintiff relative to the subject matter of this action.

**Response:** Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected as attorney work product.

**Information Sought:** To the extent that the Plaintiff withholds documents on the basis of privilege, the Plaintiff is required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Request No. 8:** All documents which reflect or memorialize any amount paid or payable as a benefit to Denise Crowe as a result of his/her personal injury pursuant to any state income disability or workers' compensation and any health, sickness or income disability insurance, accident insurance that provides health benefits or income disability coverage and any contract or agreement of any group, organization, partnership or corporation to provide, pay for, or reimburse the cost of medical, hospital or other health care services.

**Response:** Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected by the collateral source rule. Without waiving said objection, see documents which are attached hereto and marked Bate Stamp No. 148.

**Information Sought:** The Defendant seeks a further response to this request. This request seeks documents regarding collateral source payments. While the Plaintiff states that she

collected temporary disability benefits for a period of time, other information produced in discovery demonstrates that the Plaintiff's medical bills were also paid by insurance. Further, the information sought by this interrogatory is both discoverable and admissible pursuant to the medical malpractice collateral source rule, R.I. Gen. Laws. § 9-19-34.1. That statute is fully applicable in medical malpractice actions brought in the Federal District Court. See, e.g. Reilly v. US, 863 F. 2d 149 (1st Cir. 1988). Accordingly, the Plaintiff should be compelled to provide a full and complete response to this request without the stated objection.

**Request No. 9:** All documents which reflect or memorialize the amount plaintiff has paid or contributed to secure his right to any such benefits identified in request #8.

**Response:** Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected by the collateral source rule.

**Information Sought:** The Defendant seeks a further response to this request. This request seeks documents regarding collateral source payments. While the Plaintiff states that she collected temporary disability benefits for a period of time, other information produced in discovery demonstrates that the Plaintiff's medical bills were also paid by insurance. Further, the information sought by this interrogatory is both discoverable and admissible pursuant to the medical malpractice collateral source rule, R.I. Gen. Laws. § 9-19-34.1. That statute is fully applicable in medical malpractice actions brought in the Federal District Court. See, e.g. Reilly v. US, 863 F. 2d 149 (1st Cir. 1988). Accordingly, the Plaintiff should be compelled to provide a full and complete response to this request without the stated objection.

**Request No. 10:** All writings or other documents you contend establish or reflect any standard of medical care you claim defendant failed to observe or follow correctly in their treatment or other contact with plaintiff.

**Response:** Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of

Plaintiff's counsel. Further, the Request seeks information which is protected as attorney product.

**Information Sought:** The Defendant seeks a response to this request. In this medical malpractice action, the Plaintiff has the burden of establishing a standard of care and breach of that standard. To the extent that the Plaintiff is aware of information that she contends establishes or reflects a standard of medical care that she claims the Defendant failed to observe or follow correctly, the Plaintiff should be compelled to respond. Further, to the extent that the Plaintiff is withholding information on a privilege, the Plaintiff is required to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Request No. 11:** Any literature or learned treatises you intend to use or rely upon at trial.

**Response:** Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Further, the Request seeks information which is protected as attorney product.

**Information Sought:** The Defendant seeks a response to this request. In this medical malpractice action, the Plaintiff has the burden of establishing a standard of care and breach of that standard. To the extent that the Plaintiff is aware of information that she contends establishes or reflects a standard of medical care that she claims the Defendant failed to observe or follow correctly, the Plaintiff should be compelled to respond. Further, to the extent that the Plaintiff is withholding information on a privilege, the Plaintiff is required to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Request No. 12:** Any and all statements taken from anyone other than a party to this litigation.

**Response:** Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and protected as attorney work product. Without waiving said objection, Plaintiff is not in possession of any document responsive to this Request.

**Information Sought:** To the extent that the Plaintiff withholds documents on the basis of privilege, the Plaintiff is required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5). To the extent that no documents are being withheld, the objection should be stricken.

**Request No. 13:** Any and all reports, diaries, notes, correspondence or other documents which refer or relate to the subject mater of this action or any investigation thereof.

**Response:** Objection. Said request for production seeks information which is beyond the permissible scope of discovery and protected as attorney work product.

**Information Sought:** To the extent that the Plaintiff withholds documents on the basis of privilege, the Plaintiff is required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5). To the extent that no documents are being withheld, the objection should be stricken.

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention.

**WHEREFORE,** Defendant's motion should be granted.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 7 day of December 2005, I forwarded a copy of the foregoing to the above-reference counsel of record.

[signature]