UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD;<br>SOUTH COUNTY ORTHOPEDIC &<br>PHYSICAL THERAPY, INC. | :<br>:<br>: | |

**PLAINTIFF'S OBJECTION TO DEFENDANT, SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.'S, MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes your Plaintiff, Denise Crowe, and objects to the Defendant, South County Orthopedic & Physical Therapy, Inc.'s Motion to Compel More Responsive Answers to Interrogatories as follows:

**INTERROGATORY NO. 5**: List and describe each of the special damages incurred by you as a result of the incident sued upon, including but not limited to, hospital charges, medical charges, x-ray charges, laboratory fees, the cost of medicines, the expenses of special nurses or helpers, charges for substitute help, charges for special appliances, loss of earning capacity, loss of services or consortium, property damages, etc., giving the name and address of the person or organization to whom each item of expense has been paid or is payable and the dates such expenses were incurred.

**ANSWER**: Plaintiff is in the process of obtaining medical bills related to treatment she received after her injury. Said documents will be produced to defense counsel in response to document request upon receipt thereof.

As to the loss of earning capacity, I was out of work from the date of surgery, 5/13/03 until 9/8/03.

$11.23 X 29 (hours) = $325.00, per week

$325.00 X 17 (weeks) = $5,525.00

**ARGUMENT:** Plaintiff restates her answer to the interrogatory and particular that portion as to her loss of earning capacity, which totals $5,525.00. AS to medical expense incurred, Plaintiff has previously provided the Defendant with Medical Exhibit "A" (as of April 18, 2005) to her Answers to Interrogatories. A copy of the Medical Exhibit "A" is attached hereto and clearly sets forth the medical providers, dates of service and charges of each medical provider, who treated the Plaintiff's injuries as set forth in her Complaint. The total amount of the medical expenses incurred as set forth in the revised Medical Exhibit "A" is $18,438.03, as evidenced by said exhibit. Accordingly, Plaintiff has provided a complete answer to the interrogatory.

**INTERROGATORY NO. 7**: If you or any other persons, firm, corporation or other entity acting on your behalf have made any claim or received any money or both, including but not limited to workers' compensation benefits, and including but not limited to Blue Cross and/or Blue Shield, Social Security, TDI, occasioned by the matter sued upon, as to each such claim or payment of money, state the date, the amount and nature, and the name and address of the person or organization to whom made or from whom received.

**ANSWER**: Objection, said interrogatory seeks information which is beyond the permissible scope of discovery, immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence at trial, as well as may be protected by the Collateral Source Rule. Without waiving the objection, I did collect Temporary Disability benefits for a period of time after the surgery. Plaintiff refers to documents which have been produced in response to request for production in further response to this interrogatory.

**ARGUMENT**: Plaintiff restates her objection to the interrogatory as posed on the grounds that the information sought is beyond the permissible scope of discovery, immaterial, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence at trial, and protected by the Collateral Source Rule. Without waiving the objection, in response to the interrogatory, Plaintiff has

refers to the Temporary Disability Benefits document, which was previously produced to the Defendant in her Response to Request for Production and identified as Bate Stamp No. 148. Moreover, as to the Defendant's argument that discovery demonstrates that some of Plaintiff's medical bills were paid by insurance, Plaintiff refers to the documents which were produced in response to Defendant's Request for Production and identified as Bate Stamp Nos. 114 through 147. These records constitute the medical records which have been produced to the Defendant with respect to the treatment that has been rendered for the injuries set forth in the Complaint. Said records clearly identify the charge for services rendered, the amount covered by insurance and the amount which is the patient's portion thereof. Inasmuch as Defendant has these documents in his possession – and has had them since the Plaintiff provided her Answers to Interrogatories on or about April 28, 2005 – the Defendant is in an equal position to the Plaintiff with respect to obtaining the information sought with respect to medical bills that have been paid by insurance by simply reviewing the medical bills that have been provided to Defendant in Response to Request for Production. As such, the Defendant's Motion to Compel should be denied.

**INTERROGATORY NO. 9**: State the names and addresses and specialties of each expert you intend to have testify in connection with this case. With respect to each, please state:

(a) subject matter the expert is expected to testify;

(b) substance of the facts and opinions to which the expert is expected to testify;

(c) summary of the grounds of each opinion;

(d) date of all reports (including supplements) prepared by the expert.

**ANSWER**:

a. Leo M. Rozmaryn, M.D.: 9711 Medical Center Drive, Suite 201, Rockville, Maryland 20850, orthopedic surgeon.

b. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff's scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiff's wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

c. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff's scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiff's wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of

medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

d. Dr. Rozmaryn's opinions are based on his knowledge, training and experience, as well as his review of the Plaintiff's medical records. Plaintiff reserves the right to supplement this answer as discovery is ongoing and no depositions have yet been conducted.

**ARGUMENT:** Plaintiff argues that her answer to the expert interrogatory is sufficient. Moreover, Plaintiff submits that the deposition of Dr. Rozmaryn has been scheduled to take place on January 12, 2006, by Defendant's counsel. Plaintiff submits that defense counsel will have full opportunity to examine Dr. Rozmaryn and obtain his expert opinion at deposition.

**INTERROGATORY NO. 10**: Describe the current state of your health. As to any statement, report or memorandum with respect to your current condition, set forth:

(a) nature of each such item;
(b) date on which it was prepared;
(c) name and address of its preparer;
(d) brief description of what it contains or purports to contain;
(e) names and addresses of the persons and/or institutions having possession or custody of each of them.

**ANSWER**: Generally good. However, I am limited as to the use of my right wrist. When I try to use my right hand and arm in ways that are restricted due to the condition of my wrist, I experience severe pain. I have suffered a loss of mobility, which I'm told is permanent, in nature. Plaintiff further refers to her medical records produced in response to Request for Production in answering this interrogatory.

**ARGUMENT:** Plaintiff has testified at her deposition which was conducted on December 16, 2005, as to the extent of her limitations and current medical

treatment to the extent Plaintiff supplements her answer to the interrogatory to incorporate her testimony given at her deposition.

**INTERROGATORY NO. 11**: If you claim that any further medical attention is necessary, as a result of the incident sued upon, state the nature thereof, when such attention will be given, the name and address and specialty of the doctor or person recommencing the same and the estimated cost thereof.

**ANSWER**: I do not know if further medical attention is necessary for my injury. I do continue to experience pain in my wrist and I am limited as to use of my wrist. I am presently off all prescription drug medications for pain, however, I do take over the counter pain medications to relieve the pain, as needed. I have been told that the injury is permanent as a result of the fusion surgery. I continue to do my exercises and physical therapy as I was instructed. Plaintiff further refers to her medical records, which have been produced in response to request for production in response to this interrogatory.

**ARGUMENT:** Plaintiff has testified at her deposition which was conducted on December 16, 2005, as to the extent of her limitations and current medical treatment to the extent Plaintiff supplements her answer to the interrogatory to incorporate her testimony given at her deposition.

**INTERROGATORY NO. 12**: If you received psychiatric counseling, therapy or treatment at any time prior or subsequent to the incident sued upon, state the name of the person providing such treatment, his business address, and the dates of treatment.

**ANSWER**: Objection. Said interrogatory exceeds the permissible scope of discovery and seeks information which is irrelevant and not calculated to lead to discovery of admissible evidence. Without waiving the objection, I did not receive any psychiatric counseling or therapy subsequent to the injury.

**ARGUMENT:** Plaintiff restates her objection to the interrogatory on the grounds that it seeks information which exceeds the permissible scope of discovery, is irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Without waiving her objection, the Plaintiff has stated that she has not received any psychiatric treatment or therapy subsequent to the injury set forth in her Complaint.

The Defendant now seeks an Order of the Court compelling the Plaintiff to provide an answer as to whether Plaintiff had undergone psychiatric counseling, therapy or treatment prior to the incident set forth in the Plaintiff's Complaint. Your Plaintiff submits that such information is clearly irrelevant and not subject to disclosure. The Plaintiff has not put her mental status at issue in this matter, nor has she received any psychiatric counseling or therapy subsequent to the injury set forth in her Complaint. As such, the information sought by the Defendant is clearly irrelevant to the instant claim and not subject to disclosure based on the confidential nature of the medical information which is being sought. As such, the Defendant's Motion to Compel should be denied.

**INTERROGATORY NO. 13**: State the name and address and telephone number of each person known to you, your attorney or any person acting on your behalf having any knowledge concerning the matter sued upon and indicating how they came by such knowledge.

**ANSWER**: Please see my medical providers, which are identified in Medical Exhibit "A" attached hereto; my mother, Barbara Crowe, and Amy McGilvary, a personal friend.

**ARGUMENT:** The deposition of Barbara Crowe was conducted on December 22, 2005, and the deposition of Amy McGilvary was conducted on November 21, 2005.

**INTERROGATORY NO. 14**: In what specific respect or respects do you contend that each defendant was negligent?

**ANSWER**: Objection. Said interrogatory seeks to learn Plaintiff's counsel's legal contentions and conclusions and seeks expert opinions, to which the Plaintiff is not qualified to give.

**ARGUMENT:** Plaintiff restates her objection and Defendant is referred to the expert opinion of Dr. Rozmaryn. Dr. Marchand failed to diagnose a displaced fracture and scafolunate ligament tear, did not perform surgery on the injury and elected to treat the condition conservatively.

**INTERROGATORY NO. 19**: Set forth each and every fact upon which you rely for your allegation that each defendant negligently treated you.

**ANSWER**: The Defendant, Dr. Marchand, failed to perform surgery on my wrist after the injury to repair it. He further waited an extended period of time after the injury, which delay resulted in my having to undergo a fusion surgery to repair the injury. As a result of the fusion surgery, I now have limited mobility in my wrist, which I'm told is permanent. Also the agents, servants and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., negligently treated me in requiring me to undergo physical therapy and perform exercises with respect to my wrist, which resulted in further injury.

**ARGUMENT:** Plaintiff restates her objection. Plaintiff further relies on the expert opinion of Dr Rozmaryn. Further, Plaintiff her not yet had the opportunity to conduct the deposition of Lori Lind, the physical therapist, and therefore, reserves the right to supplement her answer.

**INTERROGATORY NO. 24**: What is the specific injury which you allege to have suffered does not ordinarily occur in the absence of negligence and set forth each and every fact upon which you rely.

**ANSWER**: The permanent loss of mobility that I have been left with in my right wrist.

**ARGUMENT:** The fusion resulting in a loss of mobility in my right hand and wrist, if a primary repair with capsulodisis had been performed, I would have had greater mobility in my hand and wrist. For more understanding of my injuries, I refer to the opinions of my medical expert.

**INTERROGATORY NO. 25**: Set forth each and every fact upon which you base your contention that the defendants committed a breach of duty in your

regard, including a detailed description of all conduct by these defendants which you allege caused to make this claim.

**ANSWER:** The Defendant, Dr. Marchand, failed to diagnose the nature and severity of the injury to my right wrist. The Defendant, Dr. Marchand, failed to perform surgery on my wrist after the injury to repair it. He further waited an extended period of time after the injury, which delay resulted in my having to undergo a fusion surgery to repair the injury. As a result of the fusion surgery, I now have limited mobility in my wrist, which I'm told is permanent. Also the agents, servants and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., negligently treated me in requiring me to undergo physical therapy and perform exercises with respect to my wrist, which resulted in further injury.

**ARGUMENT:** Plaintiff restates her response to the interrogatory. Further Defendant is referred to the opinions of Dr. Rozmaryn. Additionally, Plaintiff has not had the opportunity to conduct the deposition of Lori Lind and reserves the right to supplement her response when the deposition is conducted.

**WHEREFORE,** the Defendant's Motion to Compel should be denied.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III,
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that on the 4th day of January, 2006 I forwarded a copy of the above Objection to Motion to Compel to counsel of record.

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

Ashley Loneatt

**REVISED MEDICAL EXHIBIT "A"**
**(AS OF APRIL 18, 2005)**
**CROWE V. ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.**

| | Medical Provider | Date of Service | | Charge |
|---|---|---|---|---|
| 1. | South County Hospital<br>101 Kenyon Avenue<br>Wakefield, RI 02879 | 10/20/02 | | 455.82 |
| 2. | Dr. Robert C. Marchand<br>One High Street<br>Wakefield, RI 02879 | 10/21/02 | | 100.00 |
| | | 11/05/02 | | 175.00 |
| | | 11/14/02 | | 75.00 |
| | | 12/26/02 | | 175.00 |
| | | 01/16/03 | | 75.00 |
| | | 02/26/03 | | 75.00 |
| | | | Total: | $675.00 |
| 3. | Rick Moffitt, P.A.<br>South County Orthopedics &<br>Physical Therapy, Inc.<br>One High Street<br>Wakefield, RI 02879 | 11/05/02 | | 100.00 |
| | | 12/26/02 | | 175.00 |
| | | | Total: | $275.00 |
| 4. | X-Ray Associates<br>481 Kingstown Road<br>Wakefield, RI 02879 | 11/12/02 | | 1,235.00 |
| 5. | South County Orthopedics &<br>Physical Therapy, Inc.<br>One High Street<br>Wakefield, RI 02879 | 11/21/02 | | 215.00 |
| | | 11/26/02 | | 110.00 |
| | | 12/03/02 | | 110.00 |
| | | 12/05/02 | | 110.00 |
| | | 12/10/02 | | 90.00 |
| | | 12/12/02 | | 115.00 |
| | | 12/17/02 | | 110.00 |
| | | 12/19/02 | | 110.00 |
| | | 12/27/02 | | 110.00 |
| | | 12/31/02 | | 110.00 |
| | | 01/02/03 | | 110.00 |
| | | 01/07/03 | | 110.00 |
| | | 01/09/03 | | 110.00 |

| | | | |
|---|---|---|---|
| | | 01/14/03 | 45.00 |
| | | 01/21/03 | 110.00 |
| | | 01/23/03 | 110.00 |
| | | 01/28/03 | 110.00 |
| | | 01/30/03 | 110.00 |
| | | 02/04/03 | 110.00 |
| | | 02/06/03 | 110.00 |
| | | 02/11/03 | 110.00 |
| | | 02/13/03 | 145.00 |
| | | 02/18/03 | 65.00 |
| | | 02/20/03 | 110.00 |
| | | 02/25/03 | 65.00 |
| | | 02/27/03 | 110.00 |
| | | 03/04/03 | 65.00 |
| | | 03/13/03 | 110.00 |
| | | 03/18/03 | 65.00 |
| | | 04/30/03 | 175.00 |
| | | 05/02/03 | 150.00 |
| | | 05/05/03 | 100.00 |
| | | 05/07/03 | 100.00 |
| | | 05/09/03 | 100.00 |
| | | Total: | $3,695.00 |
| 6. | Dr. David Burns, D.O.<br>South County Orthopedics &<br>Physical Therapy, Inc.<br>One High Street<br>Wakefield, RI 02879 | 04/11/03 | 150.00 |
| 7. | Edward Akelman, M.D.<br>Rhode Island Hospital<br>593 Eddy Street<br>Providence, RI 02903 | 04/24/03 | 392.00 |
| 8. | Rhode Island Hospital<br>Surgery<br>593 Eddy Street<br>Providence, RI 02903 | 05/13/03 | 4,176.21 |
| 9. | Rhode Island Hospital<br>593 Eddy Street<br>Providence, RI 02903 | 5/29/03<br>6/26/03<br>7/24/03 | 503.00<br>503.00<br>367.00 |

| | |
|---|---|
| 8/7/03-9/29/03 | |
| (physical therapy) | 3,440.00 |
| 8/21/03 | 218.00 |
| 10/3/03 | |
| (occupational therapy) | 177.00 |
| 10/17/03 | |
| (occupational therapy) | 186.00 |
| 11/6/03 | 154.00 |
| 12/29/03 | |
| (occupational therapy) | 235.00 |
| 1/2/04-1/26/04 | |
| (occupational therapy) | 1,601.00 |
| Total: | $7,384.00 |

10. Printout re: Medications

**TOTAL MEDICAL EXPENSES: $18,438.03**