UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S OBJECTION TO DEFENDANT, SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.'S, MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes your Plaintiff, Denise Crowe, and objects to the Defendant, South County Orthopedic & Physical Therapy, Inc.'s, Motion to Compel Further Response to Request for Production of Documents as follows:

1. Any and all medical records, medical reports, records of laboratory tests, radiography films, bills, correspondence, and memoranda from any and all physicians, hospitals or health care providers relative to treatment of the injuries you allege to have suffered.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and protected as attorney work product. Without waiving said objection, please see records, which are attached hereto and marked Bate Stamp Nos. 1- 147.

**ARGUMENT**: Plaintiff has produced to Defendants all medical records, bills and radiography films of all physicians, hospitals, or healthcare providers relative to treatment of the injury she sustained on October 20, 2002, as set forth in her Complaint. The Plaintiff has objected to the request to the extent that it seeks all correspondence from any and all physicians, hospitals or healthcare providers on the grounds that such documents are protected as attorney work product. Accordingly, the Plaintiff's objection should be sustained.

2. Any and all medical records from any health care providers for five (5) years prior to the injuries you allege to have suffered through the present.

**RESPONSE**: Objection. Said Request for Production of Documents seeks information which is beyond the permissible scope of discovery, is overly broad, irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Without waiving the objection, Plaintiff states that she has not suffered a similar injury as set forth in her complaint within the five (5) year period before the time of the occurrence alleged in said Complaint.

**ARGUMENT**: Plaintiff submits that her response to the Request is complete, and that she has indicated that she has not suffered any similar injury, as set forth in her Complaint, within the five (5) year period prior to the time of the occurrence alleged in the Complaint. Your Plaintiff submits that the document request is overly broad in that it seeks any and all medical records from any healthcare provider for a five (5) year period prior to the injury she alleged to have suffered in the Complaint through the present. The request includes within its scope medical records from healthcare providers that are completely unrelated to the injuries suffered by the Plaintiff and irrelevant the instant matter. Therefore, said records should not be subject to disclosure. Accordingly, the Plaintiff's objection should be sustained.

3. Any and all medical records, medical reports, records of laboratory tests, radiography films, bills, correspondence, and memoranda from any and all physicians, hospitals or health care providers relative to treatment, evaluation or diagnosis of any injuries or conditions claimed to give rise to damages sought in this action.

**RESPONSE**: Objection. Said Request for Production of Documents seeks information which is beyond the permissible scope of discovery and protected as attorney work product. Without waiving the objection, said documents produced in response to Request No. 1, herein.

**ARGUMENT:** Plaintiff has produced to Defendants all medical records, bills and radiography films of all physicians, hospitals, or healthcare providers relative to treatment of the injury she sustained on October 20, 2002 as set forth in her Complaint. The Plaintiff has objected to the request to the extent that it seeks all correspondence from any and all physicians, hospitals or healthcare providers on the grounds that such documents would be protected as attorney work product. Moreover, the scope of the request includes correspondence and communications between Plaintiff's counsel and medical expert witnesses for the Plaintiff is clearly protected by the work product doctrine. Accordingly, the Plaintiff's objection should be sustained.

5. Any and all photographs (including videotapes, motion picture films, etc.) relating to the incident referred to in your complaint or of plaintiff which depicts an alleged injury.

**RESPONSE**: Objection. Said Request for Production of Documents seeks information which is beyond the permissible scope of discovery and protected as attorney work product.

**ARGUMENT:** Plaintiff restates her objection to the Request on the grounds of work product privilege, in that the materials sought in the request have been prepared in anticipation of her own preparation for litigation and therefore are not subjection to disclosure, absent a showing of undue hardship on the part of the Defendant. Further, Plaintiff's counsel has used some illustrations at depositions. Copies of which have been provided to Defendants' counsel.

7. Any statements given by the plaintiff relative to the subject matter of this action.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected as attorney work product.

**ARGUMENT:** Plaintiff restates her objection to the Request on the grounds that it seeks information which is protected as attorney work product. However, Plaintiff hereby supplements her response by stating that there are no statements given by the Plaintiff relative to the subject matter of this action, other than those provided to her counsel in preparation for litigation.

8. All documents which reflect or memorialize any amount paid or payable as a benefit to Denise Crowe as a result of his/her personal injury pursuant to any state income disability or workers' compensation and any health, sickness or income disability insurance, accident insurance that provides health benefits or income disability coverage and any contract or agreement of any group, organization, partnership or corporation to provide, pay for, or reimburse the cost of medical, hospital or other health care services.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected by the collateral source rule. Without waiving said objection, see documents which are attached hereto and marked Bate Stamp No. 148.

**ARGUMENT:** Plaintiff has provided documentation concerning Temporary Disability Insurance benefits that she received as a result of her injury as set forth in the Complaint; which document has been provided to Defendant in response to the document request. In response to the Defendant's argument that information has been provided in discovery that Plaintiff's medical bills were also paid insurance, your Plaintiff submits that the medical bills of the

Plaintiff related to her injuries as set forth in the Complaint have been provided to defense counsel and are marked Bate Stamped Nos. 114-147. Said bills clearly set forth the total medical charges, as well as the amounts paid by insurance and patient balances. Accordingly, the Defendant has within its possession documents responsive to Request No. 8, with respect to medical bills that have been paid by insurance on behalf of the Plaintiff.

9. All documents which reflect or memorialize the amount plaintiff has paid or contributed to secure his right to any such benefits identified in request #8.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the scope of permissible discovery and protected by the collateral source rule.

**ARGUMENT**: Plaintiff restates her objection to the Request on the grounds that it seeks information which is beyond the scope of permissible discovery and protected by the collateral resource rule. Plaintiff has produced those documents in her possession, which are responsive to this request. However, the request seeks documents which are not in her care, custody or control.

10. All writings or other documents you contend establish or reflect any standard of medical care you claim defendant failed to observe or follow correctly in their treatment or other contact with plaintiff.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Further, the Request seeks information which is protected as attorney product.

**ARGUMENT:** Plaintiff restates her objection to the Request on the grounds that the information sought is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Moreover, the Request seeks information which is protected attorney-work product. Without waiving the objection, Plaintiff further states that the deposition of Plaintiff's expert, Dr. Leo Rozmaryn has been noticed by the defense counsel to take place on January 17, 2006. As part of the Notice of Deposition, the deponent is requested to bring with him all medical literature reviewed in connection with his work in this case, along with all materials reviewed or relied upon in rendering his opinions. Your Plaintiff submits that the documentation sought by the Defendant in this Request is more properly obtained by and through the deposition of the

Plaintiff's expert, Dr. Leo Rozmaryn. The Plaintiff is not an expert, and therefore, is ill-equipped to provide a response to the request.

11. Any literature or learned treatises you intend to use or rely upon at trial.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Further, the Request seeks information which is protected as attorney product.

**ARGUMENT:** Plaintiff restates her objection to the Request on the grounds that the information sought is beyond the permissible scope of discovery and seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Moreover, the Request seeks information which is protected by attorney-work product. Without waiving the objection, Plaintiff further states that the deposition of Plaintiff's expert, Dr. Leo Rozmaryn has been noticed by the defense counsel to take place on January 17, 2006. As part of the Notice of Deposition, the deponent is requested to bring with him all medical literature reviewed in connection with his work in this case, along with all materials reviewed or relied upon in rendering his opinions. Your Plaintiff submits that the documentation sought by the Defendant in this Request is more properly obtained by and through the deposition of the Plaintiff's expert, Dr. Leo Rozmaryn. The Plaintiff is not an expert, and therefore, is ill-equipped to provide a response to the request.

12. Any and all statements taken from anyone other than a party to this litigation.

**RESPONSE**: Objection. Said Request for Production seeks information which is beyond the permissible scope of discovery and protected as attorney work product. Without waiving said objection, Plaintiff is not in possession of any document responsive to this Request.

**ARGUMENT:** Plaintiff restates her objection to the Request as posed in that it seeks information which is beyond the permissible scope of discovery and protected as attorney product. Without waiving her objection, Plaintiff states that she is not in possession of any statements responsive to the Request.

13. Any and all reports, diaries, notes, correspondence or other documents which refer or relate to the subject mater of this action or any investigation thereof.

**RESPONSE**: Objection. Said request for production seeks information which is beyond the permissible scope of discovery and protected as attorney work product.

**ARGUMENT:** Plaintiff restates her objection to the Request on the grounds that it seeks information which is beyond the permissible scope of discovery and protected as attorney-work product made in contemplation and preparation for litigation.

**WHEREFORE,** the Defendant's Motion should be denied.

Plaintiff,

By and Through Her Attorney,

Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III,
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that on the 4th day of January, 2006 I forwarded a copy of the above Objection to Motion to Compel to counsel of record.

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903