FILED
JAN 06 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**MOTION TO EXTEND DISCOVERY CLOSURE DATE**

Now comes your Plaintiff, Denise Crowe, in the above-entitled matter and seeks an Order of this Honorable Court extending the discovery closure date 45 days, or up to and including March 17, 2006. As grounds for her Motion, Plaintiff states as follows:

1. Pursuant to this Court's Pre-Trial Order, dated July 20, 2005, discovery in this matter is to close on January 31, 2006.

2. Pursuant to the Schedule Addendum of the Court, the Defendant, Robert C. Marchand, was to disclose his experts by the close of business on September 20, 2005.

3. On or about October 1, 2005, the Defendant Marchand forwarded his expert disclosure to Plaintiff's counsel. Specifically, Dr. Marchand disclosed Dr. Edward A. Nalebuff and Dr. Bruce N. Leslie as two (2) physicians board certified in orthopedic surgery, who would testify on behalf of the Defendant concerning the standard of care, causation and damages. Dr. Marchand also

disclosed himself as an expert who would testify as to the standard of care, causation and damages at the trial in this matter.

4. Subsequent thereto, Plaintiff's counsel noticed the deposition of Dr. Marchand on or about October 12, 2005. Plaintiff's counsel also noticed the video deposition of Dr. Leslie on October 18, 2005, as well as the video deposition of Dr. Nalebuff on or about November 30, 2005.[1]

5. Dr. Marchand's deposition was originally scheduled to take place on November 11, 2005. However, the deposition was rescheduled at the request of defense counsel to November 23, 2005.

6. As to Dr. Leslie, Plaintiff's counsel first scheduled his deposition to take place on November 10, 2005

7. As to Dr. Nalebuff, that deposition was scheduled to take place by Plaintiff's counsel on December 29, 2005. [2]

8. In the interim, upon receiving the Defendant Marchand's expert disclosure, dated October 1, 2005, Plaintiff's counsel forwarded correspondence to defense counsel, dated October 14, 2005, wherein he indicated that the expert disclosure of the Defendant failed to include written reports of the experts pursuant to Rule 26(2)(B). Moreover, Plaintiff's counsel requested that said

---

[1] The Notice of Video Deposition of Dr. Nalebuff was not scheduled by Plaintiff's counsel until the end of November, as Plaintiff's counsel was awaiting from defense counsel dates upon which Dr. Nalebuff would be available to have his deposition taken in this matter.

[2] Again, as stated previously, the delay in scheduling the deposition was the result of Plaintiff's counsel awaiting dates from defense counsel when Dr. Nalebuff was available to have his deposition taken.

reports be provided to him prior to the scheduled depositions of Drs. Leslie and Nalebuff, as well as the Defendant himself.

9. Subsequently, on October 30, 2005, Plaintiff's counsel forwarded another correspondence to defense counsel requesting the expert reports prior to deposition, and specifically the report of Dr. Leslie, whose deposition, at that time, was scheduled to take place on November 10, 2005. Therein, Plaintiff's counsel indicated that if he did not receive the report of Dr. Leslie, as well as some agreement with respect to the document request set forth in his Notice of Deposition, prior to his deposition, Plaintiff's counsel would be unable to go forward with the deposition of Dr. Leslie, as scheduled. Plaintiff's counsel advised that pursuant to the Rules of Civil Procedure, and particularly Rule 26, he was clearly entitled to the doctor's expert report prior to his deposition and that Plaintiff's counsel would not go forward with the deposition, without compliance with the Rule, and particularly receipt of the expert's report.

10. On or about November 1, 2005, Plaintiff's counsel forwarded correspondence to defense counsel following a telephone conversation wherein he memorialized the agreement between counsels that the expert reports of Defendant's experts would be provided prior to their scheduled depositions. Along these lines, Plaintiff's counsel inquired as to whether the report of Dr. Marchand would be received prior to his deposition, which was scheduled for November 23, 2005; or if it would be necessary to reschedule Dr. Marchand's deposition. Having not received the report prior to the scheduled deposition date,

Dr. Marchand's deposition was rescheduled and an amended Notice of Deposition was issued scheduling the deposition for December 21, 2005. Likewise, having not received the report of Dr. Leslie, his deposition was rescheduled to December 29. 2005, along with the deposition of Dr. Nalebuff.

11. In the interim, Plaintiff's counsel received Defendant Marchand's Answers to Interrogatories. Upon reviewing the Defendant's Answers to Interrogatories, Plaintiff's counsel found that many of the interrogatory answers were insufficient. As a result, on or about November 10, 2005, Plaintiff filed a Motion to Compel More Responsive Answers to Interrogatories Propounded upon Defendant Marchand.

12. On or about December 14, 2005, Plaintiff's counsel forwarded a follow up correspondence to Attorney Carroll, counsel for Defendant Dr. Marchand, reminding that the depositions of the Defendant's experts was scheduled for December 29, 2005 and Plaintiff's counsel had not yet received the Defendant's expert reports in compliance with Federal Rule 26. Plaintiff's counsel restated his request that his report be provided one (1) week prior to the scheduled deposition, in order to insure that the depositions would go forward as noticed.

13. On December 16, 2005, the Plaintiff's Motion – along with other motions – was heard by Magistrate Judge Martin. After hearing thereon, an Order was forwarded to the Court, which required the Defendant Marchand to supplement his Answers to Interrogatories Nos. 10, 14, 16 and 18. With respect to

those Interrogatories, the Court ordered the Defendant to comply and provide more responsive answers within 21 days, or on or by January 6, 2006. As to Interrogatories Nos. 12 and 23 – both of which concern expert disclosure – the Court ordered the Defendant to supplement his answers to those interrogatories. The Court further ordered that the Defendant supplement his answers to said interrogatories within 30 days, or on or by January 15, 2006.

14. Having received no experts report from the Attorney Carroll, as of December 20, 2005, and in view of Magistrate Judge Martin's Order concerning More Responsive Answers to Interrogatories and the timeframe by which compliance was required, the deposition of Dr. Marchand – which was scheduled to take place on December 21, 2005 - was canceled and rescheduled to January 16, 2006.

15. On December 21, 2005, Plaintiff's counsel was faxed expert reports from Dr. Nalebuff (dated December 7, 2005), Dr. Leslie (dated December 14, 2005), and an unsigned report from Dr. Marchand (dated December 21, 2005).

16. On December 29, 2005, the depositions of Dr. Nalebuff and Dr. Leslie were conducted but not completed. Plaintiff is awaiting additional information from the deponents pursuant to Rule 26. The depositions were suspended and not concluded. Based upon a review of additional information, Plaintiff's counsel will decide whether or not to reconvene the depositions.

17. In addition to the depositions of Dr. Marchand and Dr. Rozmaryn, Plaintiff has not yet conducted the deposition of Lori Lind, a physical therapist

who was employed by South County Orthopedics & Physical Therapy, Inc. Ms. Lind's deposition was first noticed for December 16, 2005, but had to be continued due to the fact that a hearing was conducted in this matter before Magistrate Judge Martin. The deposition was rescheduled to January 3, 2006, but was canceled due to a snow storm and has yet to be rescheduled.

18. The inability to conduct the depositions of Defendant's medical experts is not in any way attributed to misconduct on the part of defense counsel. It appears that Defendant's experts have had difficulty compiling the information required by Rule 26 prior to the scheduled depositions. Similarly, Plaintiff's counsel has encountered similar problems with its medical expert. Further, the Defendants have not yet had an opportunity to conduct the deposition of Plaintiff's medical expert.[3]

19. In light of the Court's Pre-Trial Order and the pending discovery closure date, Plaintiff's counsel seeks an extension of 45 days, up to and including March 17, 2006, for discovery closure with Pre-Trial Memorandums to be filed within 60 days thereafter.

20. In bringing the instant Motion, Plaintiff's counsel submits that there will be no prejudice to any of the parties if her Motion is granted by the Court.

WHEREFORE, based on the foregoing, Plaintiff seeks an Order of the Court extending the discovery closure date an additional 45 days, or up to and

[3] Dr. Rozmaryn's deposition was scheduled for January 12, 2006, but has been continued due to the fact that he has not finalized his expert report.

including March 17, 2006 with Pre-Trial Memorandums to be filed within 60 days thereafter.

Plaintiff,
By and Through Her Attorney,

GRANTED NO FURTHER extensions will be granted.
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
1/25/06

Thomas A. Tarro, III
Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing Motion to Extend Discovery Closure Date on the 6TH day of January 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

Judy Tarro