UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :
:
VS. : C.A. No. 05-098T
:
ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :
:

**MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL AND EDUCATIONAL RECORDS**

Now comes Denise Crowe, as parent of Casey Waters, Fara Waters, Jamie Waters and Taylor Hennesey, who are a nonparties to the above-entitled matter, and hereby moves pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure for a protective order with respect to the Notices of Deposition served upon the Keeper of Records for the Narragansett Elementary School and Narragansett High School and pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash the subpoenas served therewith on the grounds that Defendants have no basis to obtain the confidential medical records and education records of the non party children.

In support of her Motion, Denise Crowe relies upon the accompanying memorandum of law.

Plaintiff,
By and Through Her Attorney

Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – fax

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing Motion for Protective Order and to Quash Subpoenas for Medical and Educational Records on the 19th day of January, 2006, to:

Dennis Grieco, Esq.
GIDLEY, SARLI & MARUSAK
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

Ashley Toneatto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| | : | |
| VS. | : | C.A. No. 05-098T |
| | : | |
| ROBERT C. MARCHAND, MD; | : | |
| SOUTH COUNTY ORTHOPEDIC & | : | |
| PHYSICAL THERAPY, INC. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL AND EDUCATIONAL RECORDS**

Now comes Denise Crowe, as parent of Casey Waters, Fara Waters, Jamie Waters and Taylor Hennesey, who are a non-parties to the above-entitled matter, and hereby moves pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure for a protective order with respect to the Notices of Deposition served upon the Keeper of Records for the Narragansett Elementary School and Narragansett High School and pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash the subpoenas served therewith on the grounds that Defendants have no basis to obtain the education records and confidential medical records of the non party children.

## I. FACTUAL BACKGROUND

This matter arises out of a Complaint brought by Denise Crowe against the Defendants, Robert Marchand, M.D. and South County Orthopedics & Physical Therapy, alleging negligence with respect to diagnoses, care and treatment after sustaining an injury to her right wrist on October 20, 2002. Denise Crowe has not brought any claims on behalf of her minor children and they are not parties to the

litigation. Neither the children's school performance or medical history is an issue in this litigation. The only arguable basis for the issuance of the subpoenas is to confirm or refute the Plaintiff's recollection that she stopped physical therapy treatments in February 2004 because her children had lice and needed to be cared for and kept home from school. The subpoenas as issued are not specific to time or subject matter and as such are overbroad and unduly burdensome. Moreover any marginal relevance of the children's records is outweighed by their rights to the confidentiality of their medical records and the privacy of their educational records. Each of the subpoenas seek the production of the following records from each respective school:

> Any and all records, correspondence, or documents of any kind, regardless of the medium in which they are kept, e.g., hard copy, computer, file, etc., including but not limited to medical records or records of attendance concerning [Casey Waters, Fara Waters, Jamie Waters and Taylor Hennesey]

The two issues presently before this Court are whether Defendants should be entitled to the discovery from non parties of their private educational records or their confidential medical records in the context of a civil litigation. Here, both issues are intertwined in that there is a likelihood that health care information may be included as part of the non party children's educational records.

## II. STANDARD OF REVIEW

Rule 26 (c) authorizes the court to grant an appropriate protective order upon the motion of a party and "for good cause shown" where justice so requires to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.Civ. P 26 (c). Rule 26 (b)(2) further provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Thus, Rule 26 gives the Court wide discretion to fashion an order which both protects the rights of the person to be deposed and the interests of achieving full and fair discovery.

The First Circuit has recently declared that "considerations of the public interest, the need for confidentiality, and privacy interest are relevant factors to be balanced" as part of the "good cause" analysis under Rue 26 (c). *Gill v. Gulfstream Park Racing Association, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005). Also, a protective order may be granted where the information requested is not sufficiently relevant to the subject matter of the pending action. *Apel v. Murphy*, 70 F.R.D. 651 (D.R.I. 1976).

Likewise, Rule 45 (c) of the Federal Rules of Civil Procedure requires that this Court quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." *See Bogosian v. Woloohojian Realty Corp.*, 323 F. 3d 55 (1st Cir. 2003) (quashing subpoena seeking marginally relevant information). A significant factor in this analysis is the burden placed on a non party. *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) ("Concern for the unwanted

burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.") (internal citations omitted.)

Denise Crowe submits that the above factors support the exercise of this Court's discretion to grant the requested protective orders and quash the subpoenas issued to the Narragansett Elementary School and the Narragansett High School.

## II. LEGAL ARGUMENT

### A. This Court Should Issue an Order Protecting Plaintiff's Children From Producing Their Educational Records to Defendants.

Privacy rights in educational records are protected by federal law as set forth in the Family Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (a), (b) and (e) ("FERPA"), which imposes requirements on educational institutions receiving federal funds. FERPA defines protected education records as all records that "contain information directly related to a student " and "are maintained by an educational agency or institution." 20 U.S.C. § 1232g (a)(4)(A). FERPA imposes a consent requirement unless the information is to be furnished in compliance with a judicial order or pursuant to a lawfully issued subpoena. 20 U.S.C. 1232g (b). The Rhode Island Superior Court has recognized that "the purpose of the act is to help protect the privacy interest of students and their parents by limiting the transferability of their records without their consent. *In re Zak*, 2004 WL 144110 (R.I.Super. 2004) (citing to *United States v. Miami University*, 294 F. 3d 797, 806 (6th Cir. 2002).

It cannot be disputed that the Narragansett School Department is an educational institution governed by FERPA. It also cannot be disputed that the non party children have protectable privacy interests with respect to their personal

educational records. When the marginal relevance of the requested records is balanced against these privacy interests, it is readily apparent that discovery must be denied, or a least limited, by this Court.

In addition, under Rhode Island law educational records are exempted from disclosure under the Access to Public Records Act, R.I.G.L. § 28-2-1 *et seq.* ("APRA"). An express intent of APRA was "to protect from disclosure information about a particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy. R.I.G.L. § 38-2-1. *See Charlesgate Nursing Center v. Bordeleau*, 568 A.2d 775 (R.I. 1990) (permitting disclosure of report which deleted detailed personnel information). APRA defines a public record as "all records maintained or kept on file by any public body pursuant to law or ordinance or in connection with the transaction of official business by any agency." R.I.Gen. Laws §38-2-2 (4). However, APRA specifically exempts from this definition:

> All records which are identifiable to an individual applicant for benefits, client, patient, ***student***, or employee, including, but not limited to, personnel, medical treatment, welfare, employment security, ***pupil records*** ... and all personal or medical information relating to an individual in any files, including information relating to medical or psychological facts... [and] ***student performance***.

R.I.Gen. Laws §38-2-2 (4). (Emphasis added.)

Consequently, since Plaintiff's children's educational records are not public records, they are not subject disclosure under APRA. *Providence Journal Co. v. Kane*, 577 A.2d 661, 663 (R.I. 1990) (state employee records containing highly personnel information not subject to disclosure); *Pawtucket Teachers Alliance Local No. 920 v. Brady*, 556 A.2d 556, 559 (R.I. 1989) (record exempted from

disclosure when the document possesses attributes ordinarily found in personnel files such as performance evaluations and other data of a highly personal nature).

The records of the school performance, absences and medical excusals of Plaintiff's children are highly personal and contain performance evaluations which should not be subject to disclosure where they have not put their educational performance in issue before the Court. Moreover, the educational records are likely to contain confidential health care information which pertain to the children's absences which are clearly privileged.

In sum, Defendants have failed to proffer sufficient evidence to demonstrate such substantial relevance of the records requested in the subpoenas to override the non party children's privacy interests in their educational records and disclosure must be denied.

**B. <u>This Court Should Issue an Order Protecting Plaintiff's Children From Producing Their Health Care Information to Defendants.</u>**

As a threshold matter, the medical information which may be contained in the educational records sought by defense counsel are privileged as confidential health care information pursuant to R.I.G.L. § 9-17-24 and R.I.G.L. § 5-37.3-4. None of the enumerated exceptions to either statute apply in this matter. The First Circuit has held in diversity cases such as the present case, involving only state law claims, the protection afforded an evidentiary privilege is governed by state law. *See Gill v. Gulfstream Park Racing Association, Inc.*, 399 F.3d at 401.

Defendants have sought to obtain the non party children's health care information by noticing keeper of records depositions and issuing subpoenas to each school. However, the applicable statutes indicate that when an individual does not consent to disclosure and the statutory exceptions are not applicable, such

subpoenas may be the proper subject of a motion to quash. This Court's power to permit disclosure of the non party children's medical records is circumscribed by R.I.G.L. § 5-37.3-6.1.

R.I.G.L. § 5-37.3-6.1 provides in pertinent part:

> (d) The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information ***clearly outweighs*** the privacy interest of the individual. (Emphasis added).

In the present case, it is the Defendants who bear the burden of establishing not only the minimal relevance required pursuant to Rule 26 of the Federal Rules of Civil Procedure, but sufficient relevance to clearly outweigh the non party children's privacy interests in their confidential health care information.

R.I.G.L. § 5-37.3-6.1 further provides:

> (e) In determining whether the need for information clearly outweighs the privacy of the individual, the court shall consider:
>
> (1) The particular purpose for which the information was collected:
>
> (2) The individual's reasonable expectation of privacy in the information;
>
> (3) The degree to which the disclosure of the information would embarrass, injure, or invade the privacy of the individual;
>
> (4) The effect of the disclosure on the individual's future health care;
>
> (5) The importance of the information to the lawsuit or proceeding; and

(6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure.

The medical information sought by the Defendants through the subpoenas is clearly confidential and privileged pursuant to the Confidentiality of Health Care Communications and Information Act, R.I.G.L.§5-37.3 -1 *et seq.* In addition, as the minor children of the Plaintiff, they are clearly non-parties to this action.

The Rhode Island Supreme Court has further held that even though medical information "may be subpoenaed pursuant to valid legal process, it is presumptively private confidential and privileged." *State v. Brown*, 709 A.2d 465, 472, n. 8 (R.I. 1998). The burden rests upon the party seeking disclosure to overcome this presumption. *In re John Doe Grand Jury Proceedings*, 717 A.2d 1129, 113-34 (R.I. 1998). In order to preserve the privacy rights of individuals with respect to their medical records, the Rhode Island Supreme Court has mandated that there be "a judicial determination of relevancy sufficient to overcome the statutory presumption in favor of confidentiality of health care information in instances in which a patient has moved to quash a subpoena pursuant to § 5-37.3-6.1." *In re Grand Jury Subpoena*, 748 A.2d 821, 826 (R.I. 2000).

Denise Crowe, on behalf of her children, submits that Defendants purported reasons for discovery do not meet this standard.

Moreover, the fact that Plaintiff's children are not parties to this case weighs heavily against any disclosure of their confidential health care information. The Rhode Supreme Court has addressed the issue of the disclosure of non party medical records in certain limited circumstances where the names and identifying information would be redacted from the records. *Tanzi v. St. Joseph Hospital,* 651 A.2d 1244 (R.I. 1994) (the issue of disclosure of medical information of strangers to a lawsuit "compels us to focus on the balance between allowable discovery on

the one hand and the confidentiality of non-parties health care records on the other.") Obviously, this safeguard cannot be utilized in this case and, therefore, the Defendants' subpoenas to obtain the non party children's medical records should be denied in all respects.

Furthermore, the medical information sought by Defendants from non parties to this case is not sufficiently specific and is overbroad with respect to both the medical ailments or injuries at issues and as to time. Accordingly, Denise Crowe requests that this Court quash the subpoenas issued to the Keeper of Records of Narragansett Elementary School and Narragansett High School, or, in the alternative, fashion an appropriate protective order to provide the non party children protection from public disclosure or other use of their private and confidential health care information which is not relevant to this litigation.

## IV. CONCLUSION

Based upon the reasons set forth herein, Plaintiff Denise Crowe requests that her Motion for Protective Order and Motion to Quash Subpoenas on behalf of her non party children, to prevent Defendants from to obtaining their education records and health care information, be granted in all respects.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing Memorandum in Support of Motion for Protective Order and to Quash Subpoenas for Medical and Educational Records on the 19th day of January, 2006, to:

Dennis Grieco, Esq.
GIDLEY, SARLI & MARUSAK
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903