UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE, Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098 T |
| ROBERT C.MARCHAND, M.D. SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. Defendants | ) | |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL AND EDUCATIONAL RECORDS**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby objects to the Plaintiff's Motion for Protective Order and to Quash Subpoenas for Medical and Educational Records. In support hereof, the Defendant relies upon its memorandum of law, filed herewith.

WHEREFORE, the Defendant respectfully requests that this Court deny the Plaintiff's motion.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 2nd day of FEB, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

Jonathan Scheehner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff<br>VS.<br><br>ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDIC<br>& PHYSICAL THERAPY, INC.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A NO.: 05-098 T |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL AND EDUCATIONAL RECORDS**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby objects to the Plaintiff's Motion for Protective Order and to Quash Subpoenas for Medical and Educational Records. The Plaintiff, the legal guardian and authorized representative of her minor children, placed her children's educational and medical information at issue in this case, and disclosure of the subpoenaed information is appropriate pursuant to the applicable state and federal rules. Despite the Plaintiff's arguments to the contrary, neither the Family Educational Rights and Privacy Act of 1974, the Rhode Island Access to Public Records Act, nor the Confidentiality of Health Care Communications and Information Act preclude the production of the subpoenaed documents.

## I. BACKGROUND

This is a medical malpractice action whereby the Plaintiff, Denise Crowe, alleges that the Defendants were negligent in the diagnosis, care, and treatment of an injury to her right wrist that she sustained while rollerblading on October 20, 2002. In connection with the rehabilitation for her wrist injury, the Plaintiff underwent occupational therapy at Rhode Island Hospital. After

completing a number of sessions, the Plaintiff canceled her occupational therapy appointment scheduled on January 30, 2004. The Plaintiff never returned to occupational therapy, negatively impacting her recovery.

At her deposition, the Plaintiff testified that she canceled the January 30, 2004 session because her children had head lice. See Deposition of Denise Crowe, attached hereto as **Exhibit A** at p. 113, l.7-13. The Plaintiff testified that she treated her children for the entire length of time that they were afflicted with lice, and that they were out of school "for awhile." Id. at p.113, l.21 – p.114, l.5. The Plaintiff stopped her occupational therapy sessions and never resumed her prescribed course of therapy, because of the lice situation. Id. at p.116, l.14 – 23.

In light of the Plaintiff's contention that she had to stop her occupational therapy sessions, which constituted treatment for the very injury she alleges was caused by the alleged malpractice, because she had to treat her children's head lice, the Defendants issued subpoenas to the Keeper of Records for Narragansett Elementary School and the Keeper of Records for Narragansett High School.[1] Those subpoenas sought the production of "[a]ny and all records, correspondence, or documents of any kind (regardless of the medium in which they are kept, e.g., hard copy, computer, file, etc., including but not limited to medical records or records of attendance, concerning [the Plaintiff's children]." The Defendant seeks the information identified in the subpoenas in order to investigate, evaluate, and test the accuracy and validity of Plaintiff's contention that she had to stop her occupational therapy sessions in order to treat her children's head lice, as the documents responsive to the subpoena are reasonably likely to contain information relating the extent and severity of the head lice issue, including records of attendance and absences, and medical information relating to the head lice. This information is

[1] Copies of the subpoenas are not attached as exhibits in order to comply with the requirement of Amended General Order #2002-01 that exhibits not exceed a total of five pages. At the Court's request, the Defendant will produce copies of the subpoenas for the Court's convenience at the time of hearing.

relevant and necessary to address the Plaintiff's explanation why she ceased an aspect of her treatment directly relating to the injuries she allegedly sustained as a result of the alleged malpractice.[2]

## II. ARGUMENT

As a threshold matter, the Plaintiff moves for a protective order, in her capacity as the parent of her children, on the grounds that (1) the Family Educational Rights and Privacy Act of 1974, U.S.C. §1232g ("FERPA") prevents disclosure of the subpoenaed information, (2) the Rhode Island Access to Public Records Act, R.I. Gen. Laws § 28-2-1 ("APRA") et seq. prevents disclosure, and (3) the Rhode Island Confidentiality of Health Care Communications and Information Act, R.I. Gen. Laws §5-37.3-1 et seq. ("CHCCIA") prevents disclosure. The Plaintiff's arguments are misplaced.

### A. FERPA does not preclude disclosure of the information sought in the subpoenas

The Plaintiff contends that FERPA serves to deny or limit the information sought in the subpoenas. The Plaintiff's contention is misplaced. "Congress enacted FERPA to assure parents of students access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent." Frazier v. Fairhaven School Committee, 276 F.3d 52, 67 (1st Cir. 2002) (citations omitted). FERPA, however, expressly provides an exception to the general rule by allowing an educational institution to disclose records when served with a valid subpoena.

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice

[2] It is worth noting, that Plaintiff failed to contact Defendant prior to the filing of her motion in an attempt to resolve this dispute as required by Fed.R.Civ.P.26(c). For this reason, the Plaintiff's motion should be denied. Nevertheless, Defendant's counsel wrote to Plaintiff's counsel suggesting a manner in witch the dispute could be resolved. (See D. Grieco's January 31, 2006 Letter to Thomas Tarro, attached hereto as **Exhibit B**.) To date, Defendant has received no response to that offer.

> of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless - - . . . . except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

20 U.S.C. §1232g(b)(2)(B) (emphasis added). See also Storck v. Suffolk County Department of Social Services, 122 F.Supp.2d 392 (E.D.N.Y.) (educational records may be released pursuant to a subpoena); United States v. Hunter, 13 F.Supp.2d 586 (D.Vt. 1998) (same); Victory Outreach Center v. City of Philadelphia, -- F.R.D. --, 2005 WL 3671906 (E.D.Pa. 2005) (same).

FERPA provides no grounds whatsoever to quash a lawfully issued subpoena. To the contrary, FERPA expressly authorizes an educational institution to produce documents pursuant to a subpoena. The Plaintiff's reliance on FERPA is misplaced. Accordingly the motion for a protective order and to quash the subpoenas should be denied.

**B. The Rhode Island APRA does not preclude disclosure of the information sought in the subpoenas**

Likewise, the Plaintiff's reliance on the APRA, R.I. Gen. Laws §38-2-1 et seq. to support her motion for a protective order and to quash is misguided. "APRA was intended to open up various state government documents to inspection by private citizens and news-gathering entities in order to enhance the free flow of information." Hydron Laboratories, Inc. v. Department of Attorney General, 492 A.2d 135, 137 (R.I. 1985). The General Assembly set forth the intent of the APRA as follows:

> The public's right to access to public records and the individual's right to dignity and privacy are both recognized to be principles of the utmost importance in a free society. The purpose of this chapter is to facilitate public access to public records. It is also the intent of this chapter to protect from disclosure information about particular individuals maintained in the files of public bodies when

> disclosure would constitute an unwarranted invasion of personal privacy.

R.I. Gen. Laws §38-2-1.

The Plaintiff claims that the records sought in the subpoenas in the instant matter are not "public records," and thus not subject to disclosure, because of an exception to the definition of "public record" that includes certain educational records. See R.I. Gen. Laws §38-2-2. The Plaintiff's argument is seriously misplaced for two reasons: (1) the request for the educational records in this case was made pursuant to a subpoena issued in conjunction with pending civil litigation, and not pursuant a request under the APRA, and (2) even if the APRA was applicable (which it is not), it cannot be used to bar the production of documents.

**1. The APRA is inapplicable to the instant matter because the request for information was made for discovery purposes by a litigant in pending civil litigation, and not by a member of the public pursuant to the APRA**

The APRA has no application to the instant matter. The Defendant issued subpoenas for the educational records for discovery purposes in the instant civil litigation, not a request for the records as a member of the public pursuant to the APRA. The Rhode Island Supreme Court has recognized this difference.

> APRA was not designed to provide an alternative method of discovery for litigants. The Superior Court Rules of Civil Procedure provide for litigation discovery and place appropriate limitations on the scope of discovery. APRA, on the other hand, was primarily designed to provide for production of documents by members of the public, including the press, who seek access to government documents that are not subject to one of the twenty-one exemptions under §38-2-2(d).

Hydron Laboratories, Inc., 492 A.2d at 139 (emphasis added).

In civil litigation, the Rules of Civil Procedure govern discovery matters, and not the APRA. The fact that the APRA cannot be used as a basis to prohibit discovery is expressly

stated in the Act. "Nothing in this chapter shall be . . . [d]eemed in any manner. . . to affect the rights of litigants in either criminal or civil proceedings, including parties to administrative proceedings, under the laws of discovery of this state." R.I. Gen. Laws §38-2-5(3) (emphasis added).

**2. Even if the APRA applied to the instant matter, which it does not, the Plaintiff cannot use the APRA to bar production of information**

The Plaintiff argues that the education records the Defendant seeks by way of subpoena are included as an exception to the definition of "public record" in the APRA, and thus are not subject to disclosure under the APRA. The Plaintiff is effectively attempting to use the APRA to prevent disclosure of the records the Defendant seeks. The APRA, however, cannot be used in a manner to bar production of records.

> APRA simply [does] not provide an injunctive remedy to persons or entities seeking to block disclosure of records but only provides a remedy for those persons or entities that are denied access to public records. . . . An examination of the entire statute leads us to conclude that the remedies provided by APRA are set forth in §38-2-7 through §38-2-10. . . .It is reasonably clear from a reading of these sections that APRA provides a judicial remedy to a person or entity denied access to records alleged to be public records. . . . No portion of the statute purports to provide a remedy for a person or entity that seeks to prevent disclosure.

Rhode Island Federation of Teachers, AFT, AFL-CIO v. Sundlun, 595 A.2d 799, 800-1 (R.I. 1991).

The APRA cannot be used in the manner the Plaintiff suggest. "To inject a provision for a judicial remedy by way of injunction or otherwise into a statute that plainly does not contain such a remedy would be interpretation by amendment. In the event that the Legislature should decide to create a judicial remedy, there is no question that it has the capacity to do so at any time it may so choose." Id. at 802.

Ironically, the Plaintiff circularly admits that the APRA does not apply to the instant matter. The Plaintiff argues that, since the records the Defendant seeks fall within an exception to the definition of "public records," the records "are not public records[.]" See Plaintiff's memorandum at 5. "Under the terms of the APRA, the documents requested are not considered to be public records. Therefore, the act does not apply to them." Providence Journal Co. v. Kane, 577 A.2d 661, 663 (R.I. 1990) (emphasis added). If the APRA does not apply to the subject records, then the Plaintiff cannot rely on the APRA to support her argument. Accordingly, the Plaintiff's motion to quash and for a protective order should be denied.

**C. The subpoenas are valid under the CHCCIA**

The Plaintiff claims that the CHCCIA precludes disclosure of the information the Defendant seeks, making much about the fact that the Plaintiff's children are not parties to this action. The Plaintiff's contentions are without merit. To the extent that documents responsive to the subpoenas contain confidential health care information, the CHCCIA permits the Defendant to obtain them.

Under the CHCCIA, confidential health care information concerning a patient may not be released unless the patient or his or her authorized representative provides written consent, or unless the request falls within one of the twenty-four enumerated exceptions to the consent requirement. R.I. Gen. Laws §5-37.3-4. Confidential health care information may also be disclosed pursuant to the subpoena procedure set forth in the Act. See R.I. Gen. Laws §5-37.3-6.1. Under the CHCCIA, a custodian of confidential health care information may disclose the confidential health care information if the disclosure is made pursuant to a subpoena (R.I. Gen. Laws §5-37.3-6.1(a)), and the custodian of the information is provided with a certification stating that a copy of the subpoena was served on the individual whose confidential health care

information is sought, along with a notice of that person's right to challenge the subpoena (R.I. Gen. Laws §5-37.3-6.1(a)(1)), and twenty days have passed from the date of service of the subpoena and the individual did not object, or disclosure was ordered by a Court after a challenge was made (R.I. Gen. Laws §5-37.3-6.1(a)(2) and (3)).

R.I. Gen. Laws §5-37.3-6.1(b) provides that an individual may file a motion to quash the subpoena within twenty (20) days of service. Id. "The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." R.I. Gen. Laws §5-37.3-6.1(d). Here, the information sought is relevant to the proceedings. The Defendant seeks the production of the only known records that relate to the Plaintiff's proffered reason for ceasing her occupational therapy treatment, which treatment was directly related to her alleged injuries caused by the alleged malpractice.

CHCCIA sets forth six factors to consider in determining whether the need for the information clearly outweighs the privacy interests of the individual. Those factors are: (1) the particular purpose for which the information was collected; (2) the individual's reasonable expectation of privacy in the information; (3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; (4) the effect of the disclosure on the individual's future health care; (5) the importance of the information to the lawsuit or proceeding; and (6) whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure. See R.I. Gen. Laws §5-37.3-6.1.

A consideration of these six factors demonstrates that the need for the school records clearly outweighs the privacy interests of the Plaintiff's minor children. First, the information was

collected to monitor the students' attendance, absences, and health, which the Plaintiff herself placed directly in issue in this case.

Concerning the privacy considerations in the second and third factors, the Plaintiff's children have no reasonably expectation of privacy in the requested records, nor will production of that information embarrass, injure, or invade their privacy. The Plaintiff herself already disclosed that her children had head lice, were required to be absent from school because of it, and required treatment. Although the children themselves did not disclose this information, the Plaintiff was their authorized representative, and disclosed this information in that capacity. Under CHCCIA, an "authorized representative" includes "[a] guardian or conservator, if the person whose right to confidentiality is protected under this chapter is incompetent to assert or waive that right[.]" R.I. Gen. Laws §5-37.3-3(1)(ii) (emphasis added). The Plaintiff, the mother of the individuals whose records the Defendant seeks, is their "guardian" pursuant to statute. See R.I. Gen. Laws §33-15.1-1. The Plaintiff, having already disclosed the information as her children's "authorized representative," cannot now argue that the records sought will invade her children's privacy.

As to the fourth consideration, there is no possible conceivable effect disclosure of the requested information would have on the individuals' future health care. Concerning the fifth consideration, this information is highly important to the lawsuit. The Plaintiff testified at her deposition that the occupational therapy improved her condition. **Exhibit A** at p.111, l.5-17. Conversely, her failure to complete the prescribed course of therapy negatively impacted her outcome. Therefore, information relating to her reasons for ceasing the therapy is highly relevant and important to the damages aspect of the Plaintiff's claim, and the defense to the damages claim. Finally, as to the sixth consideration, the information sought is not available from another source. Presumably, the records sought are the only source of the information, as it was created for the

very purpose of monitoring student attendance, absences, and health information. Accordingly, CHCCIA expressly permits the release of the records the Defendant seeks, and the Plaintiff's motion should be denied.

## III. CONCLUSION

For the reasons set forth above, the Plaintiff's motion should be denied.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

## CERTIFICATION

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 2nd day of Feb., 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.