Michael G. Sarli*
James P. Marusak*
Michael R. De Luca*
Dennis T. Grieco II*

Matthew D. Rocheleau*
Sheri L. Montecalvo*
Heather L. Perdue*

Thomas D. Gidley, Retired

* *Also admitted in Massachusetts*

One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Telephone 401-274-6644
Fax 401-331-9304

Gidley, Sarli & Marusak, LLP
ATTORNEYS AT LAW

January 31, 2006

Via Facsimile

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

**Re: Denise Crowe vs. South County Orthopedic & Physical Therapy, Inc., et al. C.A. No.: PC 05-0135**

Dear Tom:

I am in receipt of your Motion for Protective Order with respect to Mrs. Crow's children's school records and was a bit surprised by your position regarding those subpoenas, because those records may well contain information pertaining to Mrs. Crow's contention that her children's affliction with head lice in February of 2004 precluded her from completing her occupational therapy. I served copies of the Subpoenas and Notices of Deposition on you more than 20 days prior to their service, in compliance with R.I. Gen. Laws, § 5-37.3-6.1 and the HIPAA regulations to provide you, Mrs. Crowe, and her children with an opportunity to address any concerns you have about the Subpoena. When I did not hear from you, I assumed that the form of the subpoena was acceptable, until I received your Motion for Protective Order. However, I am, nonetheless, still willing to address the concerns in your Motion for Protective Order. You are right that I am interested in testing Mrs. Crowe's testimony that the only reason she stopped her occupational therapy was that because she had to remain home with her children for a lengthy period of time due to their affliction with head lice. As you may be aware, lengthy absences from school and the problems causing those absences can be addressed in a variety of school records. As a result, I think it is reasonable to obtain all of the records for a reasonable period of time in order to investigate all information concerning the children's absence from school due to their head lice. As a result, I am willing to limit the scope of the subpoena to the records addressed therein for the 2002-2003 school year. Please let me know if this is acceptable.

EXHIBIT B

Thank you as always for your time and attention. I look forward to hearing from you.

Sincerely,

Dennis T. Grieco II

DTG:cml

cc: David Carroll, Esq.