UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098 T |
| ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDIC<br>& PHYSICAL THERAPY, INC.<br>Defendants | ) | |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MOTION FOR LEAVE TO AMEND ANSWER**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby moves for leave to amend its Answer to the Plaintiff's Complaint in the form attached to the motion as **Exhibit A**. In support hereof, the Defendant relies upon its memorandum of law, filed herewith.

WHEREFORE, the Defendant respectfully requests that this Court grant its motion.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 21st day of February 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

Karen Ciccone

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098 T |
| ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDIC<br>& PHYSICAL THERAPY, INC.<br>Defendants | ) | |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER**

The Defendant, South County Orthopedics & Physical Therapy, Inc. should be granted leave to amend its Answer to the Plaintiff's Complaint in the form attached to its motion to amend as **Exhibit A**. The Defendant seeks to add the following affirmative defenses:

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant pleads the defenses of contributory and/or comparative negligence.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant pleads the defense of doctrine of avoidable consequences/failure to mitigate damages.

## I. FACTS

This is a medical malpractice action whereby the Plaintiff, Denise Crowe, alleges that the Defendants were negligent in the diagnosis, care, and treatment of an injury to her right wrist that she sustained while rollerblading on October 20, 2002, resulting in permanent injury and disability of her wrist. After surgical repair of her wrist injury, the Plaintiff underwent occupational therapy at Rhode Island Hospital from August, 2003 through January, 2004. The Plaintiff testified at her deposition that the occupational therapy sessions reduced the pain in her

wrist, reduced the swelling, and improved her ability to move her fingers. Crowe deposition at p.104, l.8 – p. 105, l.7.[1] The Plaintiff's occupational therapy stopped in late October, 2003 because the Plaintiff was required to obtain a new prescription for the occupational therapy. Crowe deposition at p.107, l.14-22. The Plaintiff did obtain the new prescription on November 6, 2003, but did not resume occupational therapy until December 29, 2003. Crowe deposition at p.108, l.4-10; p.112, l.4-10.

Lynn Benevides, the Rhode Island Hospital occupational therapist who treated the Plaintiff, testified that during the more than seven week break the Plaintiff took from her occupational therapy between November 6, 2003 and December 29, 2003, the Plaintiff's wrist flexion and wrist extension had decreased, her supination had decreased actively, and her grip strength had decreased. Benevides deposition at p.44, l.8 – p.45, l.1. Ms. Benevides testified that the decreases in motion in the Plaintiff's wrist during the time between the end of the first batch of therapy and the beginning of the second batch of therapy was related to the lack of therapy. Benevides deposition at p.45, l.7-11. Ms. Benevides knew of no factor other than the lack of therapy during that period of time that caused a decrease in the functionality of the Plaintiff's wrist. Benevides deposition at p.45, l.12-16. Further, Ms. Benevides stressed that a consistent and high degree of effort in therapy is vitally important to obtain good results and improved motion. Benevides deposition at p. 31, l.7-22.

Despite the fact that the occupational therapy helped the Plaintiff, and the previous lapse in therapy made the Plaintiff's condition worse, the Plaintiff canceled her occupational therapy appointment scheduled on January 30, 2004. Crowe deposition at p.113, l.7-13. The Plaintiff

---

[1] Pursuant to the Pretrial Order-Jury Case, section 5, applicable to pretrial motions before Chief Judge Ernest C. Torres, the cited portions of the depositions are not attached as exhibits as the Defendant does not anticipate the contents of those transcripts to be disputed. To the extent that the Plaintiff disputes the cited provisions, and/or to the extent the Court requests, the Defendant will submit copies of the relevant provisions of the deposition transcripts.

never returned to occupational therapy, negatively impacting her recovery. Crowe deposition at p.114, l.11-15.

## II. ARGUMENT

Based upon these facts, the Defendant seeks to amend its Answer to generally include the defenses of contributory/comparative negligence and doctrine of avoidable consequences/ failure to mitigate damages. When a party seeks to amend a pleading to which no responsive pleading is required after the expiration of twenty days of service, such as the Defendant's Answer, the Answer may be amended "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "It is within a court's discretion to grant or deny a motion to amend, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, and most importantly, prejudice to the opposing party." O'Neil v. Q.L.C.R.I., Inc., 750 F.Supp. 551, 553 (D.R.I. 1990)(citations omitted). "If there is no prejudice, leave to amend in most cases should be granted." Id.

Further, "[w]here, as here, federal jurisdiction is based on diversity, the court applies the substantive law of the forum state." Bacou Dalloz USA, Inc. v. Continental Polymers, Inc., 344 F.3d 22, 26 (1st Cir. 2003) (citation omitted).

The facts set forth above support the Defendant's claim that the Plaintiff was contributorily negligent. "In all actions hereafter brought for personal injuries . . . the fact that the person injured . . . may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured[.]" R.I. Gen. Laws §9-20-4. Contributory or comparative negligence "comes into play only after negligence is first established on the part of both the

plaintiff and the defendant. Once that is established, the plaintiff's damages 'shall be diminished by the finder of fact in proportion to the amount of negligence attributable' to the plaintiff." Calise v. Hidden Valley Condominium Association, Inc., 773 A.2d 834, 837 (R.I. 2001). By taking more than seven weeks off from her therapy and then failing to continue and complete her occupational therapy treatments, the Plaintiff negligently worsened her condition and increased damages that would not have arisen had she continued with the prescribed occupational therapy. Moreover, the Plaintiff herself knew that the occupational therapy helped her condition, yet unilaterally canceled and quit the therapy.

The facts set forth above also support the affirmative defense of the doctrine of avoidable consequences or the failure of the Plaintiff to mitigate her damages. "The affirmative defense of mitigation of damages is often referred to as the 'doctrine of avoidable consequences.' The law in Rhode Island is well settled that a party claiming injury 'has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages.'" McFarland v. Brier, 769 A.2d 605, 610 (R.I. 2001) (quoting Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026 (R.I. 1998). The doctrine applies to "a party claiming injury that is due to breach of contract or tort[.]" Tomaino, 709 A.2d at 1026 (emphasis added). "This rule prevents the injured party from sitting silent while the damages accumulate." Id. The doctrine "requires a plaintiff to take all reasonable steps to mitigate damages *after* he or she has been tortiously injured. The classic example is, of course, the failure or refusal of a victim to seek or submit to medical attention after wrongfully being harmed by a defendant." Swajian v. General Motors Corp., 559 A.2d 1041, 1046 (R.I. 1989) (emphasis added and in original). Again, by failing to participate in her scheduled and prescribed occupational therapy, when the therapy was helping

her wrist to heal, the Plaintiff failed to mitigate her damages and, in fact, aggravated her alleged injuries.

This Court should grant the Defendant leave to amend its Answer to include the defenses of contributory/comparative negligence and doctrine of avoidable consequences. There is no bad faith delay or dilatory motive in seeking leave to amend. The Plaintiff herself explained that she unilaterally canceled her occupational therapy sessions in order to treat her children's head lice. The Defendants are now in the process of obtaining school records to test and investigate the Plaintiff's assertion, and have only been able to subpoena certain school records after the Court's ruling denying, in part, the Plaintiff's motion to quash those subpoenas for a protective order on February 15, 2006.

Nor are the defenses sought to be added futile. For the reasons set forth earlier, the facts of this case demonstrate that the Defendant has a good faith basis for asserting and prosecuting these defenses as they relate to the Plaintiff's failure to continue with her occupational therapy treatment.

Finally, and most importantly, the Plaintiff will suffer no prejudice by this amendment. First, the Co-Defendant, Robert C. Marchand, M.D., asserted the affirmative defense of contributory/comparative negligence when he first answered the Plaintiff's Complaint. Consequently, the Plaintiff has been on notice of this affirmative defense from the outset. As to the defense of the doctrine of avoidable consequences, the Plaintiff herself provided the facts relevant to that defense at her deposition, and has been aware that the Defendant has been investigating the Plaintiff's proffered reason for discontinuing her physical therapy. The Plaintiff cannot seriously claim that she would be faced with unfair surprise or prejudice should the Defendant be allowed to pursue this affirmative defense.

## III. CONCLUSION

For the reasons set forth above, this Court should grant the Defendant leave to amend its Answer to include the affirmative defenses of contributory/comparative negligence and doctrine of avoidable consequences/failure to mitigate damages.

**ORAL ARGUMENT REQUESTED**

The Defendant requests the opportunity for oral argument should the Plaintiff object to this motion. Pursuant to L.R. Cv 7(e), the estimated time for hearing is thirty (30) minutes.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the 21st day of February, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

Karen Ciccone