UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE,
Plaintiff

V. C.A. NO.: 05-098 T

ROBERT C. MARCHAND, M.D.,
SOUTH COUNTY ORTHOPEDIC
& PHYSICAL THERAPY, INC.,
Defendants

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S MOTION FOR LEAVE TO AMEND ANSWER AND SUPPLEMENT ANSWERS TO INTERROGATORIES**

Now comes, Defendant, Robert C. Marchand, M.D., and hereby moves for leave to amend his Answer to the Plaintiff's Complaint in the form attached to this motion as **Exhibit A.** Defendant further seeks to amend his supplemental answer to interrogatory no. 18 in the form attached to this motion as **Exhibit B.** In support hereof, Defendant relies upon his memorandum of law filed herewith,

WHEREFORE, Defendant respectfully requests that this Court grants his motion.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 15th day of March, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

Deborah M. Harlow

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE,
Plaintiff

V. C.A. NO.: 05-098 T

ROBERT C. MARCHAND, M.D.,
SOUTH COUNTY ORTHOPEDIC
& PHYSICAL THERAPY, INC.,
Defendants

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND SUPPLEMENT HIS ANSWERS TO INTERROGATORIES**

## I. INTRODUCTION

Defendant, Robert C. Marchand, M.D., submits this memorandum of law in support of his motion for leave to amend his answer to Plaintiff's complaint in the form attached to his motion to amend as **Exhibit A** and to supplement his answer to interrogatory no. 18 in the form attached to his motion as **Exhibit B.** Specifically, Defendant seeks to add a fourth affirmative defense and plead the defense of doctrine of avoidable consequences/failure to mitigate damages and modify his answer to interrogatories to reflect that Defendant contends that plaintiff contributed to the extent of her own injuries.

## II. FACTS

This is a medical malpractice action whereby Plaintiff, Denise Crowe, alleges that Defendants were negligent in the diagnosis, care, and treatment of the injury she sustained to her right wrist while rollerblading on October 20, 2002, resulting in permanent injury and disability of her wrist. After surgical repair of her wrist, Plaintiff underwent occupational therapy at Rhode Island Hospital from August 20, 2003 through January 2004. Plaintiff testified at her deposition of December 16, 2005 that the occupational therapy sessions reduced

the pain in her wrist, reduced the swelling, and improved her ability to move her fingers. (Crowe dep. at p. 104, 1.8 – p. 105, 1.7.)[1] Plaintiff obtained a new prescription for additional therapy on November 6, 2003, but did not resume occupational therapy until December 29, 2003. (Crowe dep. at p. 108, 1.4-10; p. 112, 1.4-10.)

Lynn Benevides, the Rhode Island Hospital occupational therapist who treated Plaintiff, testified that during the more than seven week break Plaintiff took from her occupational therapy between November 6, 2003 and December 29, 2003, Plaintiff's wrist flexion and wrist extension had decreased, her supination had decreased actively, and her grip strength had decreased. (Benevides dep. at p. 44, 1.8-p. 45, 1.1.) Ms. Benevides testified that the decreases in motion in the Plaintiff's wrist during the time between the end of the first batch of therapy and the beginning of the second batch of therapy was related to the lack of therapy. (Benevides dep. at p. 45, 1.7-1.1.) Ms. Benevides knew of no factor other than the lack of therapy during that period of time that caused a decrease in the functionality of Plaintiff's wrist. (Benevides dep. at p. 45, 1.12-16.) Further, Ms. Benevides stressed that a consistent and high degree of effort in therapy is vitally important to obtain good results and improved motion. (Benevides dep. at p. 31, 1.7-22.)

Despite the fact that the occupational therapy helped Plaintiff, and the previous lapse in therapy made Plaintiff's condition worse, Plaintiff canceled her occupational therapy appointment scheduled on January 30, 2004. (Crowe dep. at p. 113, 1.7-13.) The Plaintiff never returned to occupation therapy, negatively impacting her recovery. (Crowe dep. at p. 114, 1.11-15.)

[1] Pursuant to the Pretrial Order-Jury Case, section 5, applicable to pretrial motions before Chief Ernest C. Torres, the cites portions of the depositions are not attached as exhibits as the Defendant does not anticipate the contents of those transcripts to be disputed. To the extent that the Plaintiff disputes the cited provisions, and./or to the extent the Court requests, Defendant will submit copies of the relevant provisions of the deposition transcripts.

At a hearing regarding Plaintiff's motion to strike and compel answers to interrogatories on December 16, 2006 and prior to Ms. Crowe's deposition, this Honorable Court struck Defendant's objection to Plaintiff's interrogatory, which read as follows:

> INTERROGATORY NO. 18:
> Do you contend that a person, other than yourself, was responsible for the injuries sustained by the Plaintiff? If so, for each such person, state:
> a. His/her name, address and job title or capacity; and
> b. The facts on which you base your contention that he/she was responsible for Plaintiffs injuries.

The Court further ordered Defendant to supplement this interrogatory in accordance with the Federal Rules of Civil Procedure. The Court indicated that if Defendant failed to supplement said response, he would be precluded from introducing evidence at trial that any other person or entity was responsible for the injuries sustained by the plaintiff. Defendant was ordered to supplement answers by January 6, 2006, which he did, asserting that he was not making a contention that another person was responsible for Plaintiff's injuries. However, upon further review of deposition transcripts, it is clear that Ms. Crowe's termination of her own therapy, which was assisting in her recovery, certainly contributed to the injuries for which she claims compensation.

Additionally, after the hearing on December 16, 2006, Plaintiff filed a motion requesting an extension of the discovery deadline, which was extended from January 31, 2006 to March 17, 2006.

## III. ARGUMENT

Based upon the above facts, Defendant seeks to amend his Answer to generally include the defense of the doctrine of avoidable consequences/failure to mitigate damages. When a party seeks to amend a pleading to which no responsive pleading is required after the expiration of twenty days of service, such as Defendant's Answer, the Answer may be amend "by leave

of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). "It is within a court's discretion to grant or deny a motion to amend, based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, and most important, prejudice to the opposing party." O'Neil v. Q/L.C.R.I., Inc., 750 F.Supp. 551, 553 (D.R.I. 1990) (citations omitted).

Defendant also seeks to supplement his answers to interrogatories. Specifically, Defendant seeks to amend his answer to interrogatory no. 18 to indicate that Plaintiff's unilateral termination of her therapy contributed to the extent of her injuries. F.R.C.P. 26(e)(1) specifically provides:

> A party is under a duty to supplement at appropriate intervals its disclosure under subdivision (a) if the party learns that in some material respect the information disclosures is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Per a motion filed by plaintiff, the Discovery Closure Date has been extended to March 17, 2006.

The facts set for the above support the affirmative defense of the doctrine of avoidable consequences or the failure of Plaintiff to mitigate her damages. "The affirmative defense of mitigation of damages is often referred to as the 'doctrine of avoidable consequences.' The law in Rhode Island is well settled that a party claiming injury 'has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." McFarland v. Brier, 769 A.2d 605, 610 9R.I. 2001) (quoting Tomaino v. Concord Oil of Newport, Inc., 709 A.2d 1016, 1026 (R.I. 1998). The doctrine applies to "a party claiming injury that is due to breach of contract or tort[.]" Tomaino, 709 A.2d at 1026 (emphasis added). "This rule prevents the injured party from sitting silent while the damages accumulate." Id. The doctrine "requires a

plaintiff to take all reasonable steps to mitigate damages *after* he or she has been tortiously injured. The classic example is, of course, the failure or refusal of a victim to seek or submit to medical attention after wrongfully harmed by a defendant." Swajian v. General Motors Corp., 559 A.2d 1041, 1-46 (R.I. 1989) (emphasis added and in original). By failing to participate in her scheduled and prescribed occupational therapy, when the therapy was helping her wrist to heal, the Plaintiff failed to mitigate her damages and, in fact, aggravated her alleged injuries.

The facts set forth herein support Defendant's claim that plaintiff was contributorily negligence. "In all actions hereafter brought for personal injuries...the fact that the person injured... may not have been in the exercise of due care shall not bar a recovery, but damages shall be diminished by the finder of facts in proportion to the amount of negligence attributable to the person injured[.]" R.I.G.L. §9-20-4. Contributory or comparative negligence "comes into play only after negligence is first established on the part of both the plaintiff and the defendant. Once that is established, the plaintiff's damages 'shall be diminished by the finder of fact in proportion to the amount of negligence attributable' to the plaintiff." Calise v. Hidden Valley Condominium Association, Inc., 773 A.2d 834, 837 (R.I. 2001). By taking more than seven weeks off from her therapy and then failing to continue and complete her occupational therapy treatments, the Plaintiff negligently worsened her condition and increased damages that would not have arisen had she continued with the prescribed occupational therapy. Notably, the Plaintiff knew that the occupational therapy helped her condition and, despite this, unilaterally canceled future appointments and quit the therapy.

This Court should grant the Defendant leave to amend his Answer to include the defense of the doctrine of avoidable consequences. Defendant acts in good faith and with no dilatory motive in seeking leave to amend. This Court should permit Defendant to supplement

his answers to interrogatories, as Defendant may be prohibited from pursuing the defense of contributory and comparative negligence otherwise. The Plaintiff herself explained that she unilaterally canceled her occupational therapy sessions in order to treat her children's head lice. The Defendants are now in the process of obtaining school records to test and investigate the Plaintiff's assertion, and have only been able to subpoena certain school records after the Court's ruling denying, in part, the Plaintiff's motion to quash those subpoenas for a protective order on February 15, 2006.

The relief sought by Defendant is not futile. For the reasons set forth earlier, the facts of this case demonstrate that the Defendant has a good faith basis for asserting and prosecuting these defenses as they relate to the Plaintiff's failure to continue with her occupational therapy treatment. Notably, Defendant must be permitted to amend his answers to interrogatories to pursue the defense previously asserted in his answer of contributory and comparative negligence.

Finally, and most importantly, the Plaintiff will suffer no prejudice by this amendment. First, Defendant asserted the affirmative defense of contributory/comparative negligence when he first answered the Plaintiff's Complaint. Consequently, the plaintiff has been on notice of this affirmative defense from the outset. As to the defense of the doctrine of avoidable consequences, the Plaintiff herself provided the facts relevant to that defense at her deposition, and has been aware that the Defendant has been investigating the plaintiff's proffered reason fro discontinuing her physical therapy. The Plaintiff cannot seriously claim that she would be faced with unfair surprise or prejudice should the Defendant be allowed to pursue these affirmative defenses.

## III. CONCLUSION

For the reasons set forth above, this Court should grant the Defendant leave to amend his Answer to include the affirmative defenses of contributory negligence and doctrine of avoidable consequences/failure to mitigate damages and to supplement his answers to interrogatories to address contributory and comparative negligence.

## ORAL ARGUMENT REQUESTED

The Defendant hereby requests the opportunity for oral argument should the Plaintiff object to this motion. Pursuant to L.R.Cv 7(e), the estimated time for hearing is thirty (30) minutes.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

## CERTIFICATION

I, the undersigned, hereby certify that on the 15th day of March, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903