UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT MARCHAND'S MOTION FOR LEAVE TO AMEND ANSWER AND SUPPLEMENT ANSWERS TO INTERROGATORIES**

Now comes your Plaintiff and objects to the Defendant Marchand's Motion for Leave to Amend Answer and Supplement Answers to Interrogatories. In support of Plaintiff's Objection, she relies on the attached Memorandum, which is filed contemporaneously herewith.

**WHEREFORE**, the Plaintiff respectfully requests that the Defendant's Motion be denied in all respects.

Plaintiff,
By and Through Her Attorney

Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – fax

# CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Objection*** on the 17th day of March, 2006, to:

Dennis Grieco, Esq.
GIDLEY, SARLI & MARUSAK
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

Ashley Toneatto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO DEFENDANT MARCHAND'S MOTION FOR LEAVE TO AMEND ANSWER AND SUPPLEMENT ANSWERS TO INTERROGATORIES**

Now comes your Plaintiff and objects to the Defendant Marchand's Motion for Leave to Amend Answer and Supplement Answers to Interrogatories.

## I. FACTUAL BACKGROUND

This matter arises out of a Complaint for medical malpractice brought against the Defendants Robert Marchand, MD and South County Orthopedic & Physical Therapy, alleging negligence with respect to the diagnosis, care and treatment the Plaintiff received after sustaining an injury to her right wrist on October 20, 2002, in a rollerblading fall.

On or about March 22, 2005, the Defendant Marchand answered Plaintiff's Complaint. As part of its Answer, the Defendant Marchand stated three Affirmative Defenses: (1) assumption of the risk, (2) contributory and comparative negligence and (3) the action cannot be maintained as Plaintiff is maintaining suit against the same Defendants in the Superior Court for Providence County (Civil Action No. 05-0135) involving the same transactions, occurrences and material as in this lawsuit[1].

[1] The suit in the Rhode Island Superior Court was dismissed pursuant to an Order of Judge Susan McGuirl dated May 11, 2005.

On or about April 26, 2005, the Plaintiff propounded Interrogatories upon the Defendant Marchand. Specific to the instant matter, the Plaintiff propounded Interrogatory No. 18, which stated:

> **INTERROGATORY NO. 18**: Do you contend that a person, other than yourself, was responsible for the injuries sustained by the Plaintiff? If so, for each such person, state:
>
> a. His/her name, address and job title or capacity; and
>
> b. The facts on which you base your contention that he/she was responsible for Plaintiff's injuries;

In response to said Interrogatory, the Defendant Marchand stated as follows:

> **ANSWER:** Objection is made to this interrogatory inasmuch as the trust of same is to make this Defendant an expert for the Plaintiff. This Defendant declines to be an expert for the Plaintiff, and based on the law of the State of Rhode Island, may not be such expert. In any event, I was not responsible for any injury to the Plaintiff.

After receiving Defendant Marchand's Answers to Interrogatories, the Plaintiff filed a Motion to Strike Objections and Compel More Responsive Answers to Interrogatories Propounded Against the Defendant Marchand, which was heard by Magistrate Judge David L. Martin on December 16, 2005. Pursuant to an Order entered by the Court, the Plaintiff's Motion to overrule the Defendant's Objection and compel an answer to Interrogatory No. 18 was granted by the Court. The Court ordered that the Defendant provide a more responsive answer to the Interrogatory and supplement said response in accordance with the Federal Rules of Civil Procedure. The Court further ordered: "In the event that the Defendant does not timely supplement his response to the Interrogatory, he shall be precluded from introducing evidence at trial as to any other person or entity responsible for the injuries sustained by the Plaintiff".

Subsequent to the Court's Order, the Defendant filed a Supplemental Answer to Interrogatories on or about January 17, 2006. Specific to the instant objection, Defendant supplemented its Answer to Interrogatory No. 18 as follows:

> "**ANSWER:** As previously stated, I was not responsible for any injury to the patient. I make no such contention".

Pursuant to this Court's Pre-Trial Order, dated July 20, 2006, discovery is to close in this mater on Friday, March 17, 2006. Pursuant to this Court's Order, dated January 25, 2006, there shall be no further extensions of discovery. On or about March 16, 2006, the Plaintiff received the Defendant Marchand's Motion for Leave to Amend Answer and Supplement Answers to Interrogatories. Specifically, the Defendant seeks leave to amend his answer to add a fourth Affirmative Defense of doctrine of avoidable consequences or failure to mitigate damages". The Defendant further seeks to amend its Answer to Interrogatory No. 18, set forth previously herein, as follows: "Plaintiff, herself, has contributed to the extent of her injuries due to her not continuing with occupational therapy, thereby worsening her condition."

The Defendant's Motion for Leave to add the affirmative defense of the doctrine of avoidable consequences or failure to mitigate damages and the accompanying Supplemental Answers to Interrogatories was certified to Plaintiff's counsel two days before discovery is scheduled to close in this matter. Moreover, and more importantly, the Motion for Leave to add the aforestated affirmative defenses and supplement the Defendant Marchand's Answer to Interrogatory No. 18 takes place well after the Plaintiff has conducted the deposition of the Defendant's defense experts, namely Drs. Leslie and Nalebuff, which took place in December 2005.

Plaintiff now objects to Defendant's Motion on the grounds Defendant has failed to comply with the requirements of Rule 26(e) of the Federal Rules of Civil

Procedure and this Court's Pre-Trial Order dated July 20, 2005, resulting in prejudice to Plaintiff. Accordingly, the Defendant' Motion should be denied.

## II. LEGAL ARGUMENT

### A. The Defendant's Motion for Leave to Amend Its Answer to Add Additional Affirmative Defenses should be denied for failure to comply with the Court's Pre-Trial Order dated July 20, 2005.

This Court's Pre-Trial Order dated July 20, 2005, states at Paragraph 4 as follows:

> Time for Motions. All Motions, including Motions to amend pleadings, motions for leave to file counterclaims, cross claims, or third party complaints, motions to add parties, motions for summary judgment, motion for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions. *** (Emphasis added)

In its Memorandum in Support of its Motion for Leave to Amend its Answer, the Defendant Marchand sets forth certain facts which it argues supports the Affirmative Defense of a Doctrine of Avoidable Consequences and Failure of Plaintiff to Mitigate Damages. Specifically, the Defendant points to the deposition testimony of the Plaintiff, as well as that of an occupational therapist at Rhode Island Hospital, who treated the Plaintiff, Lynne Benevides. In summary, the Defendant submits Plaintiff testified that she did not undergo occupational therapy during the period of time from November 6, 2003 to December 29, 2003, and further, that she ceased occupational therapy in January 2004. As to Lynne Benevides, the Defendant relies on her deposition testimony that the period of time that Plaintiff did not attend occupational therapy from November 2003 to December 2003, resulted in decreased wrist flexion and wrist extension and decreased grip strength. Ms. Benevides attributed the said decreases to the lack of physical therapy sessions during the aforestated period of time.

The Plaintiff's deposition took place in this matter on December 16, 2005. The deposition of Lynne Benevides took place on November 7, 2005.

It cannot be disputed that the grounds for the Defendant's Motion for Leave to Amend Its Answer are based solely on the testimony of the Plaintiff and Lynne Benevides, as set forth in the Defendant's Memorandum in Support thereof. However, the Defendant has had this information for a significant period of time as the deposition of the Plaintiff and Ms. Benevides took place in mid-December and early-November of 2005. Despite this fact, the Defendant chose to wait until two days before discovery closure to file its Motion for Leave to Amend its Answer to add the additional Affirmative Defenses.

Your Plaintiff submits that pursuant to the clear language of this Court's Pre-Trial Order a party must file all Motions "including motions to amend pleadings"..."promptly after counsel discovers, or should have discovered, the basis for such motions".

The Defendant has failed to comply with the Court's clear directive in filing its Motion for Leave to Amend its Answer some three months after it knew about the factual information, upon which its present Motion for Leave to Amend the Answer is based. Accordingly, the Court should deny the Defendant's Motion for Leave to Amend its Answer.

The granting of the Defendant's Motion for Leave to Amend its Answer at this late date will certainly result in prejudice to the Plaintiff. Along these lines, Plaintiff acknowledges the well-settled law that amendments to pleadings should be allowed with liberality, where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced. *Fli-Fab, Inc. vs. United States*, 16 F.R.D. 553, 556 (D. RI. 1954). The determination as to whether leave to amend should be granted is left to the broad discretion of the district court *Coyne vs. City of Somerville*, 972 F.2d 440, 446 (1st Cir. 1992). Moreover, although delay, in and of itself, is not sufficient to warrant the denial of a Motion to Amend pleadings, said Motion should be denied where the amendment will

result in prejudice to the opposing party. *Fli-Flab, Inc. vs. United States* 16 FRD at 556.

Your Plaintiff submits that she will be greatly prejudice if the Defendant's Motion to Amend its Answer to add the additional Affirmative Defenses is granted where discovery is scheduled to close in this mater on March 17, 2006. Moreover, pursuant to this Court's Order dated July 20, 2005, Judge Torres has indicated that no further extensions of discovery will be granted.

Your Plaintiff submits that the Defendant's delay and last minute filing of its Motion for Leave to Amend its Answer to add the additional Affirmative Defenses has effectively precluded Plaintiff from conducting any discovery on these defenses. In order for the Defendant to prevail on the Affirmative Defense of Failure to Mitigate Damages, it has the burden to show that the Plaintiff acted in such a way which was contrary to her physician's orders restricting activities during the period of her recovery and as a result the Plaintiff aggravated or prolonged her injury. *Tomaino vs. Concord Oil of Newport, Inc.*, 709 A.2d 1016, 1026 (RI 1998). In this regard, the Defendant must show that the Plaintiff's failure to mitigate damages proximately cause the Plaintiff's worsened condition. Moreover, and more importantly the Defendant must prove by competent medical evidence that the Plaintiff's worsened condition was proximately caused by her conduct. *Romano vs. Allstate Insurance Co.*, 458 A.2d 339 (RI 1983).

Along these lines, as a result of the Defendant's late filing of its Motion to Amend, the Plaintiff has been precluded from conducting any discovery as to the mitigation of damages defense. Indeed, Plaintiff did not inquire of Defendant's medical experts to determine whether any or all of them will, in fact, testify as to the proximate relationship between the Plaintiff's lack of occupational therapy for a short period of time and her present condition of permanent loss of mobility in her right wrist[2]. Along these lines, although Lynne Benevides has testified that in

[2] None of Defendant Marchand's medical experts have stated such an opinion in their Rule 26 Expert Disclosure, in answers to the expert interrogatory nor at deposition.

her opinion the lack of therapy resulted in decreased strength and flexion to the Plaintiff's wrist, Ms. Benevides has not been identified as a medical expert to testify on behalf of the Defendant Marchand. Moreover, her testimony at deposition was not offered to a reasonable degree of occupational therapy certainty, in any event.

In short, the Defendant has clearly failed to comply with the requirements of this Court's Pre-Trial Order with respect to the filing of Motions for Leave to Amend Pleadings. Moreover and more importantly, said failure will result in prejudice to the Plaintiff due to the late filing of the Defendant's Motion, which comes two days before discovery closure in this matter.

Based on the foregoing, the Defendant's Motion for Leave to Amend its Answer to Add the Affirmative Defenses of Avoidable Consequences and Mitigation of Damages should be denied.

**B.** The Defendant Marchand's Motion for Leave to Supplement his Answers to Interrogatories should be denied for failure to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

Rule 26(e) of the Federal Rules of Civil Procedure provides as follows:

> **Rule 26. General Provisions Governing Discovery; Duty of Disclosure**
>
> **(a) Required Disclosures; Methods to Discover Additional Matter.**
>
> ***
>
> **(e) Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> ***
>
> **(2)** A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect

> incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process in writing.

Rule 26(e)(2) of the Federal Rules of Civil Procedure requires that a party who has responded to a discovery request "seasonably" supplement or correct the response with information thereafter acquired if the party learns that the response is in some material respect incomplete or incorrect or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. A party's failure to seasonably supplement "*shall not unless such failure is harmless, be permitted to use as evidence at a trial…any witness or information not so disclosed*" Rule R 37(c)(1) (emphasis added). This rule is mandatory. Klonski vs. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). The Court in *Klonski* emphasized that "the new rules contemplates stricter adherence to discovery requirement, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Id.*

Furthermore, Rule 26(e) is to be read generously, in light of its duel purpose, the narrowing of issues, and elimination of surprise. *Pulin vs. Greer*, 18 F.3d 979, 984 (1st Cir. 1994) (quoting *Johnson vs. H. K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985). The presence of surprise and prejudice play a central role in the decision to preclude or not preclude testimony or evidence. In reviewing the contention that discovery answers were not properly supplemented within the stricture of the rule, the Court should look to the conduct of the trial, the importance of the evidence to the proponent and the ability of the opposing party to formulate a response. *Thibeault vs. Square D Co.* 960 F.2d 239, 244 (1st Cir. 1992). The reason – or lack thereof – for the proponent's failure to update his discovery seasonably should also be carefully examined. *Id.*

Your Plaintiff submits that for the reasons set forth in Section IIA herein concerning the factual basis for the Defendant's present Motion for Leave to Amend its Answer and Supplement Answers to Interrogatories, the Defendant's Motion should be denied. Plainly put, the Defendant has had the factual information upon which it is basing its present Motion within its knowledge for over three months, and yet the Defendant seeks to amend its Answers to Interrogatory No. 18 two days before the closure of discovery in this matter.

The dilatory nature of the Defendant's present Motion becomes more obvious with respect to its Motion to Supplement its Answer to Interrogatory No. 18 based on the chronology of this case. Along these lines, as indicated previously, the factual basis upon which the Defendant now moves to supplement its answer to Interrogatory No. 18 is based solely on the deposition testimony of the Plaintiff and that of Lynn Benevides, which took place in mid-December and early November of 2005. Moreover, on December 16, 2005, Magistrate Judge David Martin heard the Plaintiff's Motion to Strike Objections and Compel More Responsive Answers to Interrogatories Propounded on the Defendant Marchand, which included Plaintiff's Motion to Strike Objection and compel a more responsive answer to Interrogatory No. 18. Pursuant to the Court's Order, the Plaintiff's Motion to overrule the Defendant's Objection was granted and the Defendant was to provide a more responsive answer to the interrogatory in accordance with the Rule of Civil Procedure. The Defendant had 21 days or up to and including January 6, 2006 to comply with the Court's Order. Subsequently on January 6, 2006, the Defendant forwarded to Plaintiff's counsel its Supplemental Answers in compliance with the Court's Order. As to Interrogatory No. 18, the Defendant provided the following supplemental answer:

> **Supplemental Answer Io Interrogatory No. 18:** As previously stated, I was not responsible for any injury to the patient. I make no such contention.

Plaintiff urges the Court to recognize that at the time that the Defendant filed the supplemental answer to Interrogatory No. 18, he indisputably had within his knowledge the factual basis upon which he brings his instant Motion, and specifically, the deposition testimony of the Plaintiff and Lynn Benevides. Despite this fact, the Defendant made an affirmative choice to supplement its answer as set forth above and failed to provide any additional information as to what the Plaintiff may have done to make her responsible for her own injuries. Instead, the Defendant waits until two days before the discovery closure date and files a Motion to Supplement its Answer to Interrogatory No. 18 to include factual information in response to the interrogatory.

As set forth previously herein, the Defendant's tactics have necessarily resulted in precluding Plaintiff's counsel from conducting meaningful discovery as to the Defendant's Supplemental Answer it now seeks to modify. This Court is entitled to find that since this evidence came too late to be "seasonable" under the Federal Rules, it must be precluded and Defendant's Motion should be denied. *Fusco vs. General Motors Corp.* 11 F.3d 259 (1st Cir. 1993) (excluding exhibits untimely produced even though there was no ridged deadline for production).

Your Plaintiff submits that there is simply no justification for the Defendant's failure to seasonably supplement its answer to the interrogatory as mandated by Rule 26 – and, more particularly in light of the Order of Magistrate Judge Martin. Accordingly, the Defendant's Motion to Supplement its Answer to Interrogatory No. 18 should be denied. As the First Court has explained:

> The Federal Court's supervision of the discovery process, and the Court's concomitant authority to upbraid those who do not play by the rules, is rooted in the need for maintaining the integrity of the trial process…thus, in the Rule 26(e) context, preclusion can be imposed in response to a party's subversion of the trial process, even if the responsible party was guilty of laxity rather than bad faith. *Thibault vs. Square D. Co.* 960 F.2d at 244 (1st Cir. 1992).

Based on the foregoing, your Plaintiff submits that the Defendant's Motion for Leave to Supplement His Answers to Interrogatory No. 18 should be denied.

**CONCLUSION**

Based on the foregoing, your Plaintiff requests an Order of this Court denying the Defendant's Motion in every respect. However, in the event that the Court is not inclined to grant the relief requested from the Plaintiff, the Plaintiff should, at the very least, be permitted to conduct discovery as to the new asserted Affirmative Defense of Avoidable Consequence and Failure to Mitigate Damages, as well as the Defendant's Answer to Interrogatory No. 18, concerning Plaintiff's responsibility for her own injuries.

Plaintiff,
By and Through Her Attorney

Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – fax

**CERTIFICATION**

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Memorandum*** on the 17th day of March, 2006, to:

Dennis Grieco, Esq.
GIDLEY, SARLI & MARUSAK
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903