UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD;<br>SOUTH COUNTY ORTHOPEDIC &<br>PHYSICAL THERAPY, INC. | :<br>:<br>: | |

**PLAINTIFF'S MOTION TO RECONVENE DEPOSITION OF BRUCE M. LESLIE, M.D. AND FOR AN ORDER TO PRODUCE DOCUMENTS AT DEPOSITION**

Now comes your Plaintiff, in the above-entitled matter, and moves for an Order of this Honorable Court reconvening the deposition of Bruce L. Leslie, M.D. – a medical expert on behalf of the Defendant, Robert Marchand – to allow Plaintiff's counsel to inquire further of the expert as to documents which the deponent was requested to bring to the deposition in Paragraphs 2 and 5 set forth in the Amended Notice of Video Deposition served upon him. Plaintiff further seeks an Order of the Court requiring the deponent to produce at deposition, certain documents which were previously requested in the Notice of Deposition, but have never been produced.

In support of Plaintiff's Motion, she relies on the Memorandum of Law which is attached hereto and filed contemporaneously herewith.

WHEREFORE, Plaintiff seeks an Order of the Court granting her Motion to Reconvene the Deposition of Bruce M. Leslie, M.D. and requiring the deponent to produce certain documents at deposition in compliance with the request set

forth in Paragraphs 2 and 5 of the Amended Notice of Video Deposition previously served upon him.

Plaintiff,
By and Through His Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Motion to Reconvene Deposition*** on the 17 day of March 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD;<br>SOUTH COUNTY ORTHOPEDIC &<br>PHYSICAL THERAPY, INC. | :<br>:<br>: | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO RECONVENE DEPOSITION OF BRUCE M. LESLIE, M.D. AND FOR AN ORDER TO PRODUCE DOCUMENTS AT DEPOSITION**

Now comes your Plaintiff, in the above-entitled matter, and moves for an Order of this Honorable Court reconvening the deposition of Bruce L. Leslie, M.D. – a medical expert on behalf of the Defendant, Robert Marchand – to allow Plaintiff's counsel to inquire further of the expert as to documents which the deponent was requested to bring to the deposition in Paragraphs 2 and 5 set forth in the Amended Notice of Video Deposition served upon him. Plaintiff further seeks an Order of the Court requiring the deponent to produce at deposition, certain documents which were previously requested in the Notice of Deposition, but have never been produced.

## I. FACTUAL BACKGROUND

On or about November 30, 2005, Plaintiff's counsel served an Amended Notice of Video Deposition on Bruce M. Leslie, M.D., a medical expert expected to testify on behalf of the Defendant, Robert Marchand, at the trial in this matter. Pursuant to the Notice, the deponent was to appear for his deposition scheduled for

December 29, 2005, and further to produce certain documents responsive to the requests set forth in the Notice. Pertinent to the instant Motion, the deponent was asked to produce the following:

> 2. Any books, treatises, publications or videos referred to or relied upon by the deponent with regard to his expert opinions in this matter; ***
>
> 5. Any and all documents which set forth the standard of care which the expert holds to be applicable in this case.

Subsequently, on or about December 24, 2005, Plaintiff's counsel received a copy of Dr. Leslie's report, dated December 14, 2005. Dr. Leslie made no reference to any specific books, treatises or publications referred to or relied upon by him with regard to his expert opinions in this case. However, he did refer to "...a number of studies, which show the success of a dorsal capsulodsis 4 to 6 months after an acute scapholunate ligament tear."

Subsequently, on or about December 27, 2005, Plaintiff's counsel received a correspondence from counsel for the Defendant Marchand. Therein, defense counsel stated, "Neither Dr. Leslie nor Dr. Marchand will be relying on any specific piece of medical literature."

On December 29, 2005, Dr. Leslie's deposition was conducted. At that time, Dr. Leslie was specifically asked to produce - among other things - documents in response to Paragraphs 2 and 5 of the Notice of Deposition; as reproduced above.

Dr. Leslie did not produce any documents responsive to either of these requests at his deposition.

Plaintiff's counsel did not make any inquiry of Dr. Leslie as to the aforementioned areas, where (1) the doctor did not provide any documents responsive to the document request set forth in the Amended Notice of Video Deposition, and (2) based on the fact that defense counsel had previously corresponded to Plaintiff's counsel indicating that Dr. Leslie would not be relying on any specific piece of medical literature with respect to his opinions in this case.

Despite the previous representations set forth herein, on or about January 17, 2006, Plaintiff's counsel received the Defendant Marchand's Second Supplemental Answer to Interrogatories propounded by the Plaintiff in this matter. Specifically, the Defendant provided a supplemental answer to Interrogatory No. 23 which sought "All authorities, including but not limited to medical journals and/or text books, which you or any of your experts will rely on in whole or in part, in formulating opinions concerning the liability of this Defendant for negligence to the Plaintiff."

The Defendant had previously provided a vague unresponsive answer to this interrogatory, which was the subject - among other things - of the Plaintiff's Motion to Compel More Responsive Answers to Interrogatories, which was heard by Magistrate Judge David L. Martin on December 16, 2005. As part of the Court's Order resulting from said hearing, the Plaintiff's Motion to Compel a More Responsive Answer to Interrogatory No. 23 was granted by the Court. The

Defendant was ordered to provide a more responsive answer to the interrogatory within 30 days, or up to and including January 15, 2006.

Thereafter, Defendant Marchand supplemented his Answer to Interrogatory No. 23 as follows:

> "Additionally, Dr. Leslie made reference to studies in his report, dated December 14, 2005. Two of those studies are: *Dorsal Intercarpal Ligament Capsulodesis for Chronic, Statis Scapholunate Disassociation: Clinical Results*, by Robert N. Szabo, MD, MPH; Robert A. Salter, Jr., MD, Carl F. Palumbo, MD; Todd Gerlach, MD, which appeared in the November 2002 issues of the Journal of Hand Surgery, Volume 27A, No.6, Page 978 and *Treatment of scapholunate Disassociation by Ligamantous Repair and Capsulodesis* by Carlos J. Lavernia, MD; Mark S. Cohem, MD, Julio Taleisnik, MD, which appeared in the March 1992 issue of the Journal of Hand Surgery, Volume 17A, No. 2, Page 354".

Based on the fact that the disclosure of the aforementioned publications was made on behalf of Dr. Leslie by the Defendant Marchand <u>after</u> his deposition had been conducted, Plaintiff's counsel forwarded correspondence to defense counsel, dated February 9, 2006, wherein he requested copies of medical literature referred to in the Defendant's Second Supplemental Answer to Interrogatory No. 23. Plaintiff's counsel further advised that it would be necessary to reconvene the deposition of Dr. Leslie based on the subsequent disclosure, which indisputably took place after the deposition of Dr. Leslie and contrary to the defense counsel's previous representation that Dr. Leslie would not be relying on any specific piece of medical literature with respect to his expert opinions in this case.

In response to Plaintiff's counsel correspondence, defense counsel forwarded correspondence, dated February 15, 2006, wherein he took the position

that the studies identified in Dr. Leslie's report of December 14, 2005 and referenced in Interrogatory No. 23 of Defendant Marchand's Second Supplemental Answers to Interrogatories do not constitute medical literature which Dr. Leslie intends to rely upon in formulating his opinions. Defense counsel goes on to state, "Consequently, it is my belief that supplying the additional information is not inconsistent with the representation that he did not rely on any specific piece of medical literature."[1]

Plaintiff now seeks an Order of the Court to reconvene the deposition of Dr. Leslie with respect to the medical literature referenced the Supplemental Answer to Interrogatory No. 23 propounded upon the Defendant Marchand. Plaintiff further seeks an Order of the Court compelling the deponent to provide copies of said literature.

## II. ARGUMENT

Plaintiff now seeks an Order of the Court reconvening the deposition of Dr. Leslie and requiring the production of the two (2) writings identified in Defendant's Supplemental Answer to Interrogatory No. 23. Along these lines, your Plaintiff submits that it cannot be disputed that at the time of Dr. Leslie's deposition, defense counsel had represented to Plaintiff's counsel that Dr. Leslie would not be relying on any specific piece of medical literature with respect to his expert opinions offered in this matter. Plaintiff's counsel relied on this

[1] In its correspondence, defense counsel indicated that he would attempt to obtain copies of the medical literature referenced by Dr. Leslie in his report of December 13, 2005 and his Second Supplemental Answer to Interrogatory No. 23. However, as of the time of filing the instant Motion, said documents have not been produced to Plaintiff's counsel.

representation at the time of the deposition of Dr. Leslie. Indeed, the fact that Dr. Leslie produced no documents in response to the specific requests in the Amended Notice of Video Deposition seeking "any books, treatises, publications or videos referred to or relied upon by the deponent with regard to his expert opinions in this matter" further supports the Plaintiff's counsel reasonable understanding that Dr. Leslie would not be relying on any specific literature with respect to his expert opinions. Accordingly, Plaintiff's counsel did not make inquiry as to any reliance on specific literature because no documents had been produced by the deponent in response to the specific requests No. 2 and 5 in the Deposition Notice, and more importantly, based on the fact that defense counsel had unequivocally represented to Plaintiff's counsel that Dr. Leslie would not be relying on any specific medical literature with respect to his opinions.

Despite the foregoing, after the deposition of Dr. Leslie, defense counsel provided a Supplemental Answer to Interrogatory No. 23 identifying special literature as follows:

> "Additionally, Dr. Leslie made reference to studies in his report dated December 14, 2005. Two of those studies are: *Dorsal Intercarpal Ligament Capsulodesis for Chronic, Statis Scapholunate Disassociation: Clinical Results*, by Robert N. Szabo, MD, MPH; Robert A. Salter, Jr., MD, and Carl F. Palumbo, MD; Todd Gerlach, MD, which appeared in the November 2002 issues of the Journal of Hand Surgery, Volume 27A, No.6, Page 978 and *Treatment of scapholunate Disassociation by Ligamentous Repair and Capsulodesis* by Carlos J. Lavernia, MD; Mark S. Cohem, MD, Julio Taleisnik, MD, which appeared in the March 1992 issue of the Journal of Hand Surgery, Volume 17A, No. 2, Page 354".

Plaintiff's counsel submits that the medical literature referenced in the

Supplemental Answer to Interrogatory No. 23 had not been provided by Dr. Leslie at the time of his deposition. Accordingly, Plaintiff's counsel had no opportunity to inquire of Dr. Leslie as to his reliance on said literature, with respect to the formulation of his opinion in this matter concerning the Defendant's liability for negligence to the Plaintiff.

Your Plaintiff urges the Court to recognize that the defense counsel's position, that distinction between "referencing" and/or "reliance upon" medical literature by Dr. Leslie is not dispositive. Along these lines, in an attempt to resolve this matter, Plaintiff's counsel has pointed out the inconsistency of Defendant's position in correspondence dated March 17, 2006, to wit Defendant's Supplemental Answer which identifies specific literature in response to the interrogatory seeking all authorities, including medical journals, relied upon, in whole or in part, by Defendant's experts in formulating opinions as to Defendant Marchand's liability to the Plaintiff.

Your Plaintiff submits that the Defendant simply cannot have his cake and eat it too. Either Dr. Leslie has based his expert opinions, in whole or in part, on the medial literature identified in the Supplemental Answer to Interrogatory No. 23, in which case Plaintiff's counsel has every right to reconvene the deposition of Dr. Leslie to inquire as to this subject matter, as well as obtain copies from him of the medical literature identified. In the alternative, the Defendant should supplement its answer to the interrogatory to indicate that Dr. Leslie has not relied,

in whole or in part, on any authority, including medical journals and/or textbooks, in whole or in part, in formulating his opinions concerning liability.

## III. CONCLUSION

Based on the forgoing, Plaintiff requests an Order of the Court granting the relief requested by the Plaintiff.

## GOOD FAITH CERTIFICATION

The undersigned certifies that Attorney Thomas A. Tarro, III of his office has made a good faith attempt to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of Court intervention, without success

Plaintiff,
By and Through His Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing ***Memorandum in Support of Motion to Reconvene Deposition*** on the 17 day of March 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

Judy Tano