DWC:KBP/35-182
290323/3/27/065

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

**DEFENDANT ROBERT C. MARCHAND, M.D.'S OBJECTION TO PLAINTIFF'S MOTION TO RECONVENE DEPOSITION OF BRUCE M. LESLIE, M.D. AND FOR AN ORDER TO PRODUCE DOCUMENTS AT DEPOSITION**

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby objects to Plaintiff's motion to reconvene the deposition of Bruce M. Leslie, M.D. and for an order to produce documents at deposition.

Defendant relies on the memorandum of law attached hereto and filed herewith.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 31st day of March, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

Karen A. Gaboury

DWC:KBP/35-182
290324 /3/27/065

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

**DEFENDANT ROBERT C. MARCHAND, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION TO RECONVENE DEPOSITION OF BRUCE M. LESLIE, M.D. AND FOR AN ORDER TO PRODUCE DOCUMENTS AT DEPOSITION**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D. Defendant in the above-entitled matter, and hereby objects to Plaintiff's motion to reconvene the deposition of Bruce M. Leslie, M.D. and for an order to produce documents at deposition. Defendant agrees to produce the studies identified in his supplemental answer to interrogator no. 23; however, Defendant objects to Plaintiff's request to reconvene the deposition of Dr. Leslie pursuant to Fed.R.Civ.P. 26(b)(2) and 30(a)(2). Specifically, Defendant asserts that the discovery sought was obtainable from some other source that was more convenient, less burdensome and less expensive. Plaintiff had ample opportunity to obtain the information sought and the burden or expense of the proposed discovery outweighs its likely benefit. Finally, Defendant further asserts that Plaintiff has failed to show good cause for conducting a second deposition of Dr. Leslie.

## II. FACTS

The deposition of Bruce M. Leslie, M.D., a medical expert disclosed by Defendant to testify on his behalf, occurred on December 29, 2005. The amended notice of video deposition served requested that Dr. Leslie bring with him to the deposition the following:

> 2. Any books, treatises, publications or videos referred to or relied upon by the deponent with regard to his expert opinions in this matter;
>
> 5. Any and all documents which set forth the standard of care which the expert holds to be applicable in this case.

Defense counsel provided Plaintiff's counsel with a copy of Dr. Leslie's Report dated December 14, 2005 on or about December 21, 2005. In his report, Dr. Leslie referred to …"a number of studies, which show the success of a dorsal capsulodsis 4 to 6 months after an acute scapholunate ligament tear."[1] Notably, Dr. Leslie did not say he relied on these studies to formulate his opinion. Thereafter, defense counsel asserted in a letter dated December 27, 2005, that "Neither Dr. Leslie nor Dr. Marchand will be relying on any specific piece of medical literature."

Plaintiff conducted the deposition of Dr. Leslie on December 29, 2005. Dr. Leslie did not produce any medical literature upon which he was relying to formulate his opinions because he did not rely on any specific item. Further, Plaintiff's counsel did not inquire of Dr. Leslie as to whether Dr. Leslie relied on any piece of medical literature to formulate his opinion. More specifically, Plaintiff's counsel did not inquire about the studies referred to in Dr. Leslie's report of December 14, 2005.

On December 16, 2005, parties appeared before Magistrate Judge David L. Martin with respect to Plaintiff's Motion to Compel More Responsive Answers to Interrogatories. After

[1] Plaintiff did not undergo a dorsal capsulodsis.

argument, Defendant was ordered to provide a more responsive answer to this interrogatory on or before January 15, 2006. Thereafter, Defendant supplemented his response as follows:

> **INTERROGATORY NO. 23:**
> **Please list all authorities, including but not limited to, medical journals and/or text books, which you or any of your experts will rely on in whole or in part, in formulating opinions concerning the liability of this Defendant for negligence to the Plaintiff**
>
> **ANSWER TO INTERROGATORY NUMBER 23:**
> The practice of medicine is an art not a science. Patients are treated based on items learned through a variety of sources including, but not limited to, courses taught in medical school, instruction during internship and residency, instruction at seminars, grand rounds, as well as through a variety of other sources including books, articles, audio tapes, videotapes, etc. There is nothing in medicine, which is "authoritative" in the diagnosis and treatment of a patient. As indicated, accumulated knowledge and experience is brought to bear in the care and treatment of every patient.
>
> **SUPPLEMENTAL ANSWER TO INTERROGATORY NUMBER 23:**
> As stated above, there is nothing in medicine, which is "authoritative" in the diagnosis and treatment of a patient. The experts identified in Supplemental Answer No. 12 will rely on their education, training, knowledge, experience over the course of their careers, which includes, but is not limited to, conferences they attended and on personal experience, articles they have written, as well as a review of the patient's medical records, answers to interrogatories, deposition testimony and other pertinent discovery compliance in formulating their opinions concerning my liability, if any, for negligence to Plaintiff.
> Additionally, Dr. Leslie made reference to studies in his report dated December 14, 2005. Two of those studies are: *Dorsal Intercarpal Ligament Capsulodesis for Chronic, Statis Scapholunate Dissociation: Clinical Results* by Robert M. Szabo, MD, MPH, Robert R. Slater, Jr., MD, Carl F. Palumbo, MD, Todd Gerlach, MD, which appeared in the November 2002 issue of The Journal of Hand Surgery, Volume 27A, No. 6, page 978 and *Treatment of scapholunate dissociation by ligamentous repar and capsulodesis* by Carlos J. Lavernia, MD, Mark S. Cohem, MD and Julio Taleisnik, MD, which appeared in the March 1992 issue of the Journal of Hand Surgery, Volume 17A, No. 2, page 354.

Notably, this supplemental response simply provided more information regarding studies previously referenced in Dr. Leslie's report of December 14, 2005 and specifically states that the studies were referred to in his report. The supplemental answer restates that Dr. Leslie will rely on his education, training, knowledge, experience over the course of his

career, which includes, but is not limited to, conferences he attended and on personal experience, articles he has written, as well as a review of the patient's medical records, answers to interrogatories, deposition testimony and other pertinent discovery compliance in formulating his opinion concerning Dr. Marchand's liability, if any, for negligence to Plaintiff. Further, Dr. Leslie did not state in report or his deposition that he was relying on any studies when forming his opinions. Defendant's supplemental answer to interrogatory no. 23 is entirely consistent with defense counsel's and Dr. Leslie's prior representations.

## III. ARGUMENT

Pursuant to Fed.R.Civ.P. 30(a)(2)

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
>
> . . .
>
> (B) the person to be examined already has been deposed in the case;

In the case at bar, Dr. Leslie was deposed on December 29, 2005. Plaintiff now seeks to reconvene the deposition of this witness and hence, requires permission from this court. Such permission must be consistent with the principles set forth in Fed.R.Civ.P. 26(b)(2).

Fed.R.Civ.P. 26(b)(2) reads as follows:

> By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by and local rule shall be limited by the court if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the

proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

**A. The discovery sought was obtainable from some other source that was more convenient, less burdensome and less expensive**

Plaintiff's motion to reconvene the deposition of Dr. Leslie should be denied because it was more convenient, less burdensome and less expensive as to all parties including the witness, for any studies referred to in Dr. Leslie's report, be addressed at the deposition, which occurred on December 29, 2005. Pursuant to Fed.R.Civ.P. 26(b)(2)(i), this Court has the discretion to deny Plaintiff's request to reconvene Dr. Leslie's deposition if the information sought is available from some other more convenient, less burdensome or expensive source. Plaintiff was put on notice through Dr. Leslie's report wherein he made reference to "some studies." This report was provided to Plaintiff more than one week prior to Dr. Leslie's deposition. Subsequent to Plaintiff's receipt of Dr. Leslie's report, defense counsel asserted that Dr. Leslie was not *relying* on any piece of medical literature to formulate his opinion. Defense counsel's assertion was entirely consistent with Dr. Leslie's reference to studies in his report. Clearly, there is an explicit distinction between studies simply referred to by a doctor and studies *relied* upon by a doctor to formulate an opinion. When the deposition occurred, more than one week after Plaintiff's receipt of Dr. Leslie's report, Plaintiff's counsel did not inquire about the studies referred to by Dr. Leslie in his report, despite the convenient and cost effective opportunity to do so. As a more suitable, less expensive and less burdensome opportunity was available to obtain this discovery, Plaintiff's motion should be denied.

**B. Plaintiff had ample opportunity to obtain the information sought**

Plaintiff's motion to reconvene the deposition of Dr. Leslie should be denied because Plaintiff had ample opportunity to inquire about any studies Dr. Leslie referred to in his report at the deposition of December 29, 2005. Pursuant to Fed.R.Civ.P. 26(b)(2)(ii), this Court has the

discretion to deny Plaintiff's request to reconvene Dr. Leslie's deposition if Plaintiff had ample opportunity to obtain the information sought. Plaintiff had such opportunity at the deposition, which occurred on December 29, 2005. Hence, Plaintiff's motion to reconvene Dr. Leslie's deposition should be denied.

**C. The burden or expense of reconvening a second deposition outweighs its likely benefit**

Defendant has stated repeatedly that Dr. Leslie is not relying on any specific piece of medical literature to formulate his opinion. This assertion remains steadfast and is not contradicted by the supplemental answer to interrogatory no. 23, because said answer specifically states that Dr. Leslie simply made reference to studies. Dr. Leslie did not rely on said studies when he formed his opinion and therefore the burden of reconvening his deposition is substantially outweighed by the benefit that could be obtained.

Pursuant to Fed.R.Civ.P. 26(b)(2)(iii), this Court has the discretion to deny Plaintiff's request to reconvene Dr. Leslie's deposition because the burden or expense of reconvening the deposition to inquire about studies that Dr. Leslie peripherally referred to in his report provided to Plaintiff prior to deposition outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. More concisely stated, the benefit that could be obtained from reconvening Dr. Leslie's deposition for limited inquiry regarding studies that were not relied upon by this expert to formulate his opinion is grossly outweighed by the burden and expense of same.

Additionally, the studies themselves are inadmissible hearsay. The studies referred to by Dr. Leslie in his December 14, 2005 report were not relied upon when forming his opinion and are inadmissible hearsay pursuant to Fed.R.Evid. 803(18). Pursuant to Fed.R.Evid. 803(18), learned treatises cannot be admitted as substantive evidence except to "the extent called to the

attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination," and then only to be read into evidence, not received as exhibits. Fed. Rule Evid. 803(18); see United States v. Mount, 896 F.2d 612, 625 (1st Cir. 1990). Hence, such studies will not be offered into evidence. Further, such studies, as they did not form the basis of Dr. Leslie's opinion will not be admissible at trial.

**D. Plaintiff has failed to show good cause for conducting a second deposition of Dr. Leslie.**

Although Plaintiff's motion seeks to reconvene the deposition of Dr. Leslie, she is essentially seeking to conduct a second deposition of Defendant's expert. Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition. *See* Fed.R.Civ.P. 26(b)(2), 30(a)(2); Melhorn v. New Jersey Transit Rail Operations, 203 F.R.D. 176, 180 (E.D.Pa. 2001). Fed.R.Civ.P. 30(a)(2)(B) states that leave of court must be granted before a deponent may be deposed more than once. This rule further states that a court should apply the standards enunciated in Fed.R.Civ.P. 26(b)(2) when granting or denying leave. *Id; See* Fed.R.Civ.P. 30(a)(2). Plaintiff seeks to compel a second deposition of Dr. Leslie on the ground that she did not have the opportunity to review or inquire about studies that were *referred to* in Dr. Leslie's report and specifically identified after Dr. Leslie's deposition.[2] However, Plaintiff had ample opportunity to inquire about said studies and elected not to do so. Notably and as repeatedly stated, Dr. Leslie did not rely upon these studies or any specific piece of medical literature when formulating his opinions. Defense counsel has made consistent representations regarding this fact to Plaintiff's counsel over the past several months. Hence, as Plaintiff cannot show good cause for conducting another deposition of Dr. Leslie, her request should be denied.

[2] It cannot be overlooked that Dr. Leslie's report, which was provided to Plaintiff's counsel prior to his deposition, made reference to studies. Hence, Plaintiff had notice and opportunity to ask Dr. Leslie about said studies.

## IV. CONCLUSION

In light of the foregoing, Defendant requests that Plaintiff's motion be denied and dismissed.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

## CERTIFICATION

I, the undersigned, hereby certify that on the 31st day of March, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903