UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**MOTION OF NON-PARTIES CASEY WATERS, SARA WATERS, JAMIE WATERS, AND PLAINTIFF, DENISE CROWE, FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL RECORDS OF PLAINTIFF'S MINOR CHILDREN**

Now comes the Plaintiff, Denise Crowe, and non-parties Casey Waters, Sara Waters, and Jamie Waters, who are the minor children of the Plaintiff, and hereby move pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure for a Protective Order with respect to the Notice of Deposition served upon the Keeper of Records of Thundermist Health Center of South County, and pursuant to Rule 45 of the Federal Rules of Civil Procedure to Quash the subpoena served therewith on the grounds that the subpoena is overly broad, irrelevant and seeks information, which constitutes confidential medical records of the non-party children.

Plaintiff,
By and through her attorney,

Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III,
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that on the 12th day of April, 2006 I forwarded a copy of the above ***Motion for Protective Order and to Quash Subpoenas for Medical Records of Plaintiff's Minor Children*** to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR MEDICAL RECORDS ON BEHALF OF THE PLAINTIFF AND PLAINTIFF'S MINOR CHILDREN, CASEY WATERS, SARA WATERS, AND JAMIE WATERS**

Now comes the Plaintiff, Denise Crowe, and Casey Waters, Sara Waters, and Jamie Waters, who are non-parties to the above-entitled matter, and hereby move pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure for a Protective Order with respect to the Notice of Deposition served upon the Keeper of Records of Thundermist Health Center of South County, and pursuant to Rule 45 of the Federal Rules of Civil Procedure to Quash the subpoena served therewith, on the grounds that the subpoena is overly broad, irrelevant and seeks information, which constitutes confidential medical records of the non-party children.

## I. FACTUAL BACKGROUND

This matter arises out of a Complaint brought by Denise Crowe against the Defendants, Robert Marchand, M.D. and South County Orthopedic & Physical Therapy, alleging negligence with respect to diagnosis, care and treatment after sustaining an injury to her right wrist on October 20, 2002. The Plaintiff has not brought any claims on behalf of her minor children, Casey Waters, Sara Waters, and Jamie Waters, and further, they are not parties to this action. The minor children's medical history is not an issue in this litigation. The only arguable basis

for the issuance of the subpoena is to confirm or refute the Plaintiff's recollection that she stopped physical therapy treatments in February 2004 because her children had head lice and needed to be cared for and kept home from school. However, the subpoena as issued is not specific to any time or subject matter, and as such, is overly broad and unduly burdensome. Moreover, any marginal relevance of the children's medical records is outweighed by their rights to confidentiality.

The subpoena attached to the Notice of Deposition of the Keeper of Records of Thundermist Health Center of South County seeks the production of the following records:

> Any and all medical records, bills, hand-written notes, correspondence (including correspondence with attorneys) or other documents of whatever nature and kind, and of whatever date which you may have concerning **Casey Waters, DOB: 8/5/92; Sara Waters, DOB: 8/6/93; and Jaime Waters, DOB: 10/30/94.** This subpoena is intended to be all-encompassing and is **NOT** restricted to any one accident or course of treatment.

## II. STANDARD OF REVIEW

Rule 26(c) authorizes this Court to grant an appropriate Protective Order upon the Motion of a party, and "for good cause shown" where justice so requires to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Rule 26(b)(2) further provides:

> The frequency or extent or use of the discovery methods otherwise permitted under these rules and by any local rules shall be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed

> discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Thus Rule 26 gives this Court wide discretion to fashion an Order, which both protects the rights of the person to be deposed and the interests of achieving full and fair discovery.

The First Circuit has recently declared that "considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced" as part of the "good cause" analysis under Rule 26(c). *Gill vs. Gulf Stream Park Racing Association, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005). Also, a Protective Order may be granted where the information requested is not sufficiently relevant to the subject matter of the pending action. *Apel vs. Murphy*, 70 F.R.D. 651 (D.R.I. 1976).

Likewise, Rule 45(c) of the Federal Rules of Civil Procedure requires that this Court quash or modify a subpoena if it "requires disclosure of privileged or other protective matter, and no exception or waiver applies". See *Bogosian vs. Woloohojian Realty Corp.*, 323 F.3d 55 (1st Cir. 2003) (quashing subpoena seeking marginally relevant information). A significant factor in this analysis is the burden placed on a non-party. *Heidelberg Americas, Inc. vs. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir. 2003) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs") (internal citations omitted).

Your Plaintiff and the minor children submit that the above factors support the exercise of this Court's discretion to grant the requested Protective Order and quash the subpoena issued to Thundermist Health Center of South County.

## III. PROCEDURAL BACKGROUND

This matter was before the Court on February 15, 2006, on a related matter, wherein the Plaintiff moved for a Protective Order and to Quash Subpoenas for

Medical and Educational Records of Plaintiff's minor children, Casey Waters, Sara Waters, Jamie Waters, and Taylor Hennessey. Specifically, the subpoenas issued sought any and all medical and educational records of the aforesaid minor children, with no limitation as to time or specificity as to subject matter. Again, the basis for the issuance of the subpoenas by Defendant South County Orthopedic & Physical Therapy was to confirm or refute the Plaintiff's recollection that she stopped physical therapy treatments in February 2004 because her children had head lice and needed to be cared for and be kept home from school.

After hearing on February 15, 2006, the Court issued an Order granting in part and denying in part the Plaintiff's Motion for Protective Order. Specifically, the Court indicated that the Motion for Protective Order was granted to the extent that the subpoenas which had been issued were quashed and the Defendant was directed to issue new subpoenas which sought records limited to the 2003 – 2004 school year, and further, limited to:

> (1) "Records of attendance for each of the Plaintiff's children during that school year, showing dates of attendance, absences, and the reason(s) for any absences; and
>
> (2) Any and all records, correspondence, or documents reflecting that any of the Plaintiff's children suffered from head lice during the 2003 – 2004 school year." (a copy of the Order of United States Magistrate Judge Martin is attached hereto and marked Exhibit "1")

Your Plaintiff has no objection to the medical records of the minor children from Thundermist Health Center of South County for the school year 2003 – 2004 being produced in this lawsuit, in conformity with the Court's prior Order, dated February 15, 2006. However, the Plaintiff and the minor children do object to the production of any other health care records related to Casey Waters, Sara Waters, and Jamie Waters for any other period of time related to care and treatment received by them from Thundermist Health Center of South County. Accordingly,

the Plaintiff and the minor children seek a Protective Order limiting the scope of the medical records sought by the Defendant, South County Orthopedic & Physical Therapy, to the 2003 – 2004 school year. Plaintiff and the minor children further seek an Order quashing the subpoena which has been issued on Thundermist Health Center of South County and requiring the issuance of a new subpoena, in conformity with the Court's prior Order permitting only the production of medical records for the minor children related to the 2003 – 2004 school year from the Keeper of Records of Thundermist Health Center of South County.

## IV. ARGUMENT

As threshold matter, the medical information contained in the records of Thundermist Health Care Center of South County are privileged as confidential health care information pursuant to RIGL § 9-17-24 and RIGL § 5-37.3-4. The First Circuit has held in diversity cases, such as the present case, involving only state laws claims, the protection afforded in evidentiary privilege is governed by state law. *Gill vs. Gulfstream Park Racing Association, Inc.*, 399 F.3d at 401.

The Defendant, South County Orthopedic & Physical Therapy, has sought to obtain the non-party children's health care information by noticing the keeper of records deposition of Thundermist Health Care Center of South County and issuing a subpoena to the Center. However, the applicable statutes indicate that when an individual does not consent to disclosure – as in this case – and the statutory exceptions are not applicable, such a subpoena may be the proper subject of a Motion to Quash. This Court's power to permit disclosure of the non-party children's medical records is circumscribed by RIGL § 5-37.3-6.1.

RIGL § 5-37.3-6.1 provides in pertinent part:

> (d) the Court shall grant a Motion to Quash unless the requesting party can demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings and the need for

> the information clearly outweighs the privacy interest of the individual. (*Emphasis added*)

In the present case, it is the Defendant, South County Orthopedic & Physical Therapy, who bears the burden of establishing not only the minimal relevance required pursuant to Rule 26 of the Federal Rules of Civil Procedure, but sufficient relevance to clearly outweigh the non –party children's privacy interests in their confidential health care information.

As stated previously herein, the subpoena issued to Thundermist Health Care Center of South County is clearly overly broad and seeks irrelevant information, where it is unlimited in time and contains no specificity as to subject matter. Plaintiff acknowledges there may be some relevance to the medical records of the minor children for the school year 2003 -2004, based on the prior hearing in this matter and this Court's Order, dated February 15, 2006. However, there has been absolutely no showing on behalf of the Defendant which clearly outweighs the privacy interest of the minor children to permit the disclosure of all of their confidential medical records for any condition or injury for which they received treatment at Thundermist at any time during their lives. As stated previously, the minor children are not parties to this action. They have no claims against the Defendants related to the injuries suffered by their mother, Denise Crowe. Accordingly, without the requisite showing on behalf of the Defendant, the subpoena served on Thundermist Health Care Center of South County should be quashed and a Protective Order should be granted limiting the disclosure of the medical records of the children to the 2003 – 2004 school year only, as previously ordered by this Court on this issue.

The Rhode Island Supreme Court has held that even though medical information "may be subpoenaed pursuant to valid legal process, it is presumptively private confidential and privileged". *State vs. Brown*, 709 A.2d 465, 472 N.8 (RI 1998). The burden rests upon the party seeking disclosure to

overcome this presumption. In re: John Doe Grand Jury Proceedings, 717 A.2d 1129 (RI 1998). In order to preserve the privacy rights of the individuals with respect to their medical records, the Rhode Island Supreme Court has mandated that there be "a judicial determination of relevancy suffient to overcome the statutory presumption in favor of confidentiality of health care information in instances in which a patient has moved to quash a subpoena pursuant to § 5-37.3-6.1." In re: Grand Jury Subpoena, 748 A.2d 821, 826 (RI 2000). The Plaintiff, Denise Crowe, and the minor children, Casey Waters, Sara Waters and Jamie Waters, submit that the Defendant has failed to establish the requisite relevancy to meet this standard.

Moreover, the fact that the Plaintiff's children are not parties to this action weighs heavily against any disclosure of their confidential health care information. The Supreme Court has addressed the issue of the disclosure of non-party medical records in certain limited circumstances where the names and identifying information would be redacted from the records. Tanzi vs. St. Joseph Hospital, 651 A.2d 1244 (RI 1994) (the issue of disclosure of medical information of strangers to a lawsuit "compels us to focus on the balance of allowable discovery on the one hand and the confidentiality of the non-party's health care records on the other"). Obviously, this safe guard cannot be utilized in this case and, therefore, the Defendant's subpoena to obtain the non-party children's medical records should be quashed.

In some, the subpoena seeking medical information from non-parties to this case is not sufficiently specific and is overly broad with respect to both medical ailments and injuries at issues, as well as to time. Moreover, Defendant has failed to establish the relevancy of all medical records of the minor children clearly outweighs the privacy and confidentiality interests at issue.

## V. CONCLUSION

Accordingly, the Plaintiff, Denise Crowe, and the minor children, Casey Waters, Sara Waters, and Jamie Waters, request that this Court quash the

subpoena issued to the Keeper of Records of Thundermist Health Center of South County, and in the alternative, fashion an appropriate Protective Order to provide the non-party children protection from public disclosure or other use of their confidential health care information which is not relevant to this litigation, and specifically, limiting said disclosure to records related to medical care and treatment rendered to the minor children, Casey Waters, Sara Waters, and Jamie Waters, for the 2003 – 2004 school year by Thundermist Health Care Center of South County.

Plaintiff, Denise Crowe, and
Minor Children, Casey Waters, Sara Waters,
and Jamie Waters
By and through her attorney,

Thomas A. Tarro, III #2046
LAW FIRM OF THOMAS A. TARRO, III,
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I hereby certify that on the 10th day of April, 2006 I forwarded a copy of the above ***Motion for Protective Order and to Quash Subpoenas for Medical Records of Plaintiff's Minor Children*** to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE,
Plaintiff,

v. CA 05-098 T

ROBERT C. MARCHAND, M.D.;
SOUTH COUNTY ORTHOPEDIC &
PHYSICAL THERAPY, INC.,
Defendants.

**ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Before the court is Plaintiff's Motion for Protective Order and to Quash Subpoenas for Medical and Educational Records (Document ("Doc.") #49) ("Motion for Protective Order" or "Motion"). A hearing on the Motion was held on February 15, 2006. For the reasons stated at that hearing, the Motion for Protective Order is granted to the extent that the subpoenas which have been issued are quashed and Defendants are directed to issue new subpoenas which seek records limited to the 2003-2004 school year and further limited to: 1) records of attendance for each of Plaintiff's children during that school year, showing dates of attendance, absences, and the reason(s) for any absences[1] and 2) any and all records, correspondence, or documents reflecting that any of Plaintiff's children suffered from head lice during the 2003-2004 school year. In all other respects, the Motion for Protective Order is denied.

---

[1] In order to minimize the burden on the school department, this part of the subpoenas may be satisfied by the production of one complete record of attendance for each child. The school department is not required to provide more than one record of attendance for each child.

[redacted]

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
February 15, 2006

BY ORDER:

Deputy Clerk