UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

Now comes your Plaintiff, pursuant to Rule 30 of the Federal Rules of Civil Procedure and moves for leave of this Court to video tape the deposition of Plaintiff's expert, Dr. Leo Rozmaryn, which is scheduled to take place on May 2, 2006 at 5:30 p.m. at the Woodfin Suites Hotel in Rockville, Maryland. As grounds for its Motion, Plaintiff relies on the attached Memorandum, which is filed contemporaneously herewith.

**WHEREFORE,** Plaintiff seeks an Order of this Court granting her Motion.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a copy of the foregoing ***Motion*** on the 18th day of April, 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

Ashley Tomeatt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : : : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

Now comes your Plaintiff, pursuant to Rule 30 of the Federal Rules of Civil Procedure and moves for leave of this Court to video tape the deposition of Plaintiff's expert, Dr. Leo Rozmaryn, which is scheduled to take place on May 2, 2006 at 5:30 p.m. at the Woodfin Suites Hotel in Rockville, Maryland.

**FACTUAL BACKGROUND**

Dr. Leo Rozmaryn is an expert witness identified by the Plaintiff to testify on her behalf at the trial in this matter, relative to the applicable standard of care and the deviation of the standard of care by the Defendant, Dr. Robert C. Marchand regarding his treatment of the Plaintiff.

On or about December 8, 2005, counsel for the Defendant South County Orthopedic & Physical Therapy noticed the deposition of Dr. Rozmaryn to take place on January 17, 2006. Due to various scheduling problems between the doctor's office and counsel representing the respective parties, the deposition of Dr. Rozmaryn has been renoticed on several occasions. The deposition is presently scheduled to take place on Tuesday, May 2, 2006, at 5:30 p.m. in Rockville, Maryland.[1]

---

[1] Although discovery closed in this matter on March 17, 2006, the deposition of Dr. Rozmaryn was initially noticed prior to the discovery closure date. Moreover, the parties through their respective counsel have agreed that the deposition of Dr. Rozmaryn may take place after discovery closure.

Plaintiff's counsel has communicated with counsel for South County Orthopedic & Physical Therapy requesting that he be permitted to video tape the deposition of Dr. Rozmaryn. Further, Plaintiff's counsel indicated that Plaintiff will bear the cost related to video taping the deposition of her expert witness.

Plaintiff's counsel seeks to video tape the deposition, in order to preserve its expert witness's testimony for trial. Along these lines, Plaintiff full expects to call Dr. Rozmaryn as a witness to testify, in person, at trial. However, Dr. Rozmaryn lives n the State of Maryland and has an extremely busy practice there. As such, Plaintiff's counsel prefers to video tape Dr. Rozmaryn's deposition testimony, in the unexpected event, that he is unavailable to testify, in person, due to some emergency situation or other scheduling difficulty that might preclude the doctor from being available to travel from Maryland to Rhode Island to testify at the trial.

Counsel for the Defendant South County Orthopedic & Physical Therapy has refused the Plaintiff's request to video tape the deposition; despite the fact that Plaintiff will bear the cost related to said video taping, with no extra cost to the Defendants related thereto.

## ARGUMENT

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the deposition of a witness may be recorded by sound, sound-and-visual, or stenographic means. Moreover, where the parties fail to agree as to the method of recording, one may seek leave of the Court when necessary. Specifically, Rule 30(b)(2) provides, in pertinent part, as follows:

> **Rule 30. Depositions upon oral examination. *** (b) Notice of examination: General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone. *** (2)** The party taking the deposition shall state in the Notice the method by which the deposition shall be recorded. Unless the Court orders otherwise, it may be recorded by sound,

> sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means ***

Moreover, Rule 30(b)(7) provides, in pertinent part:

> (7) the parties may stipulate in writing or the Court may upon Motion order that a deposition be taken by telephone or other remote electronic means. ***

In making the instant Motion, Plaintiff's counsel recognizes that Rule 30 confers on the party taking the deposition the choice of the method of recording. However, Plaintiff submits that there is nothing in the Rule which precludes the Plaintiff from video taping the deposition of its expert, provided that Plaintiff will bear the cost related to same, and not the Defendant.

Along these lines, the Plaintiff has, in the past, encountered situations where an expert witness was unavailable to appear live to testify at trial. As indicated previously, Plaintiff's counsel does fully intend to call Dr. Rozmaryn as a witness to testify on behalf of the Plaintiff, when this matter is reached for trial. However, out of an abundance of caution – and taking into consideration past experiences – Plaintiff seeks to video tape the deposition, so that it may be used – if necessary – at trial, in the event that Dr. Rozmaryn is unable to appear in person to testify.

Your Plaintiff submits that no burden or prejudice is placed on the Defendant South County Orthopedic & Physical Therapy should the Court grant the Plaintiff's Motion for Leave and permit the video taping of Dr. Rozmaryn's deposition, as noticed by the Defendant; particularly, where Plaintiff will bear the cost related to the video taping of the deposition.

## CONCLUSION

Based on the foregoing, Plaintiff seeks an Order of the Court granting its Motion and permits the video taping of the deposition of Dr. Rozmaryn which is

presently noticed to take place on May 2, 2006 at 5:30 p.m. in Rockville, Maryland be recorded by stenographic and videographic means, with the Plaintiff being fully responsible for the cost of video taping.

**GOOD FAITH CERTIFICATION**

The undersigned certifies that Attorney Thomas A. Tarro, III of his office has made a good faith attempt to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of Court intervention, without success

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a copy of the foregoing ***Memorandum*** on the 18th day of April, 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903