UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE, | ) | |
| Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098T |
| | ) | |
| ROBERT C.MARCHAND, M.D. | ) | **REQUEST FOR** |
| SOUTH COUNTY ORTHOPEDIC | ) | **EMERGENCY /EXPEDITED** |
| & PHYSICAL THERAPY, INC. | ) | **RELIEF OR FOR THREE-** |
| Defendants | ) | **JUDGE DISTRICT COURT** |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MOTION TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby moves to preclude Plaintiff's expert, Leo Rozmaryn, from introducing any new opinions or new basis. In support hereof, the Defendant relies upon its memorandum of law, filed herewith.

WHEREFORE, the Defendant respectfully requests that this Court grant its motion.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

## CERTIFICATION

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the ~~25th~~ 26th day of April, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE, Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098T |
| ROBERT C.MARCHAND, M.D. SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. Defendants | ) | **REQUEST FOR EMERGENCY /EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT** |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

## I. FACTS

This is a medical malpractice action whereby the Plaintiff alleges that the Defendant, Robert C. Marchand, M.D., failed to diagnose the Plaintiff's scaphoid lunate disassociation and failed to properly treat that injury, causing damages. The Plaintiff fell while rollerblading on October 20, 2002, injuring her right wrist. The Plaintiff subsequently treated with Dr. Marchand, an employee of South County Orthopedics & Physical Therapy, Inc. The Plaintiff alleges that, as a result of Dr. Marchand's alleged negligence, her diagnosis was delayed, necessitating a fusion to the wrist resulting in permanent limited use, the development of a frozen shoulder, and side effects including substantial weight gain relating to medications.

At present Plaintiff has warned the Defendant of her intentions to supplement her expert disclosure not only after the close of discovery, but also the day before the deposition of Plaintiff's expert is scheduled to occur, a deposition that the Plaintiff has indicated she intendeds to video tape to present at trial. (**Exhibit A,** Attorney Tarro's

letter). This supplementation will take place after Plaintiff is personally examined by her expert, Dr. Leo Rozmaryn. Plaintiff's examination is scheduled for May 1, 2006, the very day before Defendant will be conducting his deposition on May 2, 2006.

It is necessary that this motion be heard on an expedited basis as Defendant's deposition of Plaintiff's expert is scheduled to occur on May 2, 2006. If Plaintiff is allowed to introduce new opinions the day before Defendant's deposition of the expert will take place, Defendant will not have sufficient time to review the report so as to conduct an appropriate deposition of Plaintiff's expert.

## II. ARGUMENT

### A. AS DISCOVERY HAS CLOSED, PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY NEW EXPERT OPINIONS

Discovery in this matter came to a close on March 17, 2006. However, Plaintiff now seeks to introduce new opinions from his previously disclosed expert. (**Exhibit A**, Attorney Tarro's letter). These new opinions will be borne out of an examination of Plaintiff conducted by Plaintiff's expert. Id.

Plaintiff was required to provide the Defendant with a complete report containing all of her expert's opinions by March 17, 2006. This deadline covered not only Plaintiff's automatic disclosure responsibilities, but also Defendant's independent interrogatory request that sought information concerning Plaintiff's expert's opinions. With respect to Plaintiff's obligation to disclose her expert's opinion Fed.R.Civ.P 26(a)(2)(B) reads,

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party

> regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor**; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id. (emphasis added). Fed.R.Civ.P 26(a)(2)(C) reads in pertinent part "These disclosures shall be made at the times and in the sequence directed by the court." Id. As noted earlier, this Court specifically directed March 17, 2006 to be the deadline for which both automatic expert disclosures and discovery responses were to be completed. Plaintiff's attempt to introduce new and previously unmentioned expert opinions is in flagrant contravention of the Court's deadline. Accordingly, Plaintiff should be denied the opportunity to introduce any new expert opinions.

### B. ANY NEW EXPERT OPINIONS PLAINTIFF SEEKS TO INTRODUCE SHOULD BE STRICKEN ACCORDING TO Fed.R.Civ.P 37(C)(1)

Fed.R.Civ.P 37(C)(1) provides a specific remedy should a party seek to introduce information after prescribed deadlines have past. Fed.R.Civ.P 37(C)(1) states,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Id. (emphasis added).

Plaintiff has failed to disclose her expert's additional opinions within the prescribed deadlines. Defendant has offered no justification for this failure and therefore her attempts should be precluded pursuant to Fed.R.Civ.P 37(C)(1).

Courts have routinely disallowed a party's attempt to introduce new expert opinions after discovery deadlines have closed. Minott v. Smith, 2003 WL 22078070 (D.Me), *aff'd*, Poulis-Minott v. Smith, 388 F.3d 354 (1st Cir. 2004); Macaulay v. Anas, M.D., 321 F.3d 45 (1st Cir. 2003). In Minott, at * 3 - 6 the court considered whether Defendant's recently submitted expert report contained additional expert opinions that had not been previously disclosed by the discovery deadline. The court reviewed the report and struck those opinions that were indeed new and had not been disclosed according to the court's discovery deadline. Id.

In Macaulay, 321 F.3d 45 the United States Court of Appeals considered whether a magistrate abused his discretion in precluding a Plaintiff from introducing new expert opinions after the close of discovery. More than a month after the close of discovery appellant had sought to introduce a supplemental expert report that included a new expert opinion and theory of liability. Id. at 51. The lower court refused to allow the introduction of Plaintiff's new expert opinion noting that the deadline for submitting expert reports had passed. Id. The court also highlighted the fact that this new opinion would have unfairly surprised the defendant and subjected the defendant to undue prejudice. Id. at 52. Furthermore, if the lower court allowed this new opinion to be submitted, it would only be appropriate to allow the defendant ample time to respond. Id. This would no

doubt push back the anticipated trial date a substantial amount of time, a result which the lower court was within its right to reject. Id. at 52. Moreover, appellant presented no justification for why this opinion could not have been obtained at an earlier time within the court-imposed deadline. Id. at 51-2. Accordingly, the appeal's court affirmed the magistrate's decision to bar Plaintiff's attempt to introduce a new expert opinion after the close of discovery. Id. at 53.

This court should not condone Plaintiff's blatant disregard of the court's discovery deadline. Plaintiff Crowe is indistinguishable from the defendant in Minott and the plaintiff in Macaulay, both of who sought to introduce additional expert opinions after the close of discovery. Just as those courts refused to admit new expert opinions after the deadline, so too should this court.

**C. DEFENDANT WOULD BE UNFAIRLY PREJUDICED IF PLAINTIFF IS ALLOWED TO INTRODUCE A NEW EXPERT OPINION THE DAY BEFORE DEFENDANT'S DEPOSITION IS SCHEDULED TO OCCUR**

By itself, Plaintiff's attempt to introduce additional expert opinions after the discovery deadline should be denied. However, an equally compelling reason to deny Plaintiff's attempt is the fact that Plaintiff will not inform the Defendant of these new opinions until the very day before Defendant's deposition of the expert is to take place in Rockville, Maryland, a deposition that the Plaintiff has indicated she intendeds to video tape to present at trial. This time frame is explained by Plaintiff's attorney who states that he will forward to the Defendant a copy of the report sometime on May 1, 2006, the day before the expert's deposition. (**Exhibit A**, Attorney Tarro's letter). Although Plaintiff's attorney has

promised to forward the report as soon as he receives it, the fact that it is not drafted provides no guarantee that it will even be completed by May 1, 2006.

Even assuming that the report is completed on May 1, 2006, this would not provide the Defendant with sufficient time to review and analyze whatever may be contained in the additional report so as to effectively conduct a deposition on these new expert opinions. Indeed, it would provide the Defendant only a matter of hours for which to review Plaintiff's new report. Furthermore, providing the Defendants with the report would do little in the way of allowing the Defendant an opportunity to prepare an adequate deposition of Plaintiff's expert and his new opinions. Defendant's counsel is not a doctor or an expert regarding the medical issues that are of concern here. Any medical report submitted by the Plaintiff would need to be researched, reviewed and analyzed by Defendant's medical experts. After Defendant's experts have had the opportunity to review and appreciate the medical diagnosis contained in these new reports, Defendant's counsel would need to consult and speak with these experts. Only after such a process takes place would Defendant be sufficiently prepared to conduct a deposition in regards to these new opinions. If Plaintiff is allowed to introduce these new opinions on May 1, 2006, Defendant would have none of the preparation necessary to conduct an intelligent deposition. Instead, Defendant would be forced to conduct an uninformed deposition with respect to these new medical opinions.

Defendants will further be prejudiced by the introduction of new expert opinions because Defendants have been preparing for trial based on the expert opinions already submitted. On **April 14, 2005** Plaintiff answered Defendant's interrogatory seeking information about any expert witness she intended to call. Specifically, Plaintiff answered

Defendant's interrogatory by providing the name and address and specialty of the expert she intended to call and have testify in connection with her case. Plaintiff also provided the subject matter the expert was expected to testify about, the substance of the facts and opinions to which the expert was expected to testify about, a summary of the grounds of each opinion, and date of all reports (including supplements) prepared by the expert. On **October 1, 2005** Defendants issued their Rule 26 expert disclosures to the Plaintiff. On **January 23, 2006** Plaintiff issued their Rule 26 expert disclosures to the Defendants. For the past several months Defendants have been operating and preparing their case with the understanding that Plaintiff's Rule 26 expert disclosure contained a "complete statement of all opinions to be expressed and the basis and reasons therefore", as is mandated by Fed.R.Civ.P 26(a)(2)(B). Should Plaintiff be allowed to introduce additional expert opinions at this late stage, months of Defendant's trial strategy and preparation will be erased. This court and these Defendants have invested too much time and resources to allow the Plaintiff to unilaterally upset the progress that has been made in this case. As Defendant will clearly be prejudiced by loosing months of trial preparation, Plaintiff should be precluded from introducing any new opinions at this time.

Moreover, if this court allows the Plaintiff to introduce new expert opinions, the court will be opening a Pandora's box that will force both parties to engage in months of additional discovery, discovery that should have already taken place by now. Moreover, depending on what is contained in the Plaintiff's new expert opinions, it is likely that Defendant will wish to rebut and engage in additional expert consultation to address the new issues raised by the Plaintiff. For example, Defendant may desire to conduct its own independent medical examination. Additionally, the Defendants may wish their own

experts to address and testify about the new opinions of Plaintiff's expert. However, Defendants' experts were disclosed and deposed within the discovery period. At that time Plaintiff had not disclosed that her expert would examine her and opine about the permanency of her injuries. Thus, Defendant's expert did not address these issues. Now that discovery is closed, Defendant will be denied the opportunity to conduct any needed discovery that would be necessary to prepare an adequate defense to Plaintiff's new expert opinions. Thus, Defendant will be severely prejudiced should any new expert opinions be admitted.

## III. CONCLUSION

For the reasons set forth above, this Court should preclude Plaintiff from introducing any new basis or expert opinions after the close of discovery.

## ORAL ARGUMENT REQUESTED

The Defendant requests the opportunity for oral argument should the Plaintiff object to this motion. Pursuant to L.R. Cv 7(e), the estimated time for hearing is thirty (30) minutes.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5037
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the ~~25th~~ 26th day of April, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

______________________