UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE, Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098T |
| | ) | |
| ROBERT C.MARCHAND, M.D. SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. Defendants | ) | **REQUEST FOR EMERGENCY /EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT** |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

The Defendant, South County Orthopedics & Physical Therapy, Inc. hereby objects to Plaintiff's Motion For Leave to Video Tape the Deposition Of Dr. Leo Rozmaryn. In support hereof, the Defendant relies upon its memorandum of law, filed herewith.

WHEREFORE, the Defendant respectfully requests that this Court grant its motion.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

**CERTIFICATION**

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the ~~25th~~ 26th day of April, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE,<br>Plaintiff | ) | |
| VS. | ) | C.A NO.: 05-098T |
| | ) | |
| ROBERT C.MARCHAND, M.D.<br>SOUTH COUNTY ORTHOPEDIC<br>& PHYSICAL THERAPY, INC.<br>Defendants | ) | **REQUEST FOR EMERGENCY /EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT** |

**DEFENDANT, SOUTH COUNTY ORTHOPEDICS & PHYSICAL THERAPY, INC.'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

## I. FACTS

This is a medical malpractice action whereby the Plaintiff alleges that the Defendant, Robert C. Marchand, M.D., failed to diagnose the Plaintiff's scaphoid lunate disassociation and failed to properly treat that injury, causing damages. The Plaintiff fell while rollerblading on October 20, 2002, injuring her right wrist. The Plaintiff subsequently treated with Dr. Marchand, an employee of South County Orthopedics & Physical Therapy, Inc. The Plaintiff alleges that, as a result of Dr. Marchand's alleged negligence, her diagnosis was delayed, necessitating a fusion to the wrist resulting in permanent limited use, the development of a frozen shoulder, and side effects including substantial weight gain relating to medications.

At present Plaintiff is requesting permission to video tape the Defendant's discovery deposition of Plaintiff's expert, Leo Rozmaryn, for the purpose of using this taped deposition at trial. Plaintiff's request should be denied, because the Defendant is

paying for this expert's deposition time and it would be improper to force the Defendant to also finance Plaintiff's expert's trial testimony. Moreover, there is no indication that Plaintiff's expert is unwilling to attend or will be unavailable to testify at trial. Plaintiff's mere speculation and a desire to stick the Defendant with the bill of his expert's testimony should not be sufficient to allow the video taping to go forth for the purpose of using it at trial. In addition, Defendant has offered the Plaintiff a fair compromise to alleviate her concern should her expert be unavailable at trial. After Defendants' discovery deposition is conducted, Defendant has agreed to return to Maryland at a latter date to allow the Plaintiff to conduct a video taped deposition *de bene esse* for the purpose of using expert's deposition at trial. However, Plaintiff has refused Defendant's attempts at accommodation.

It is necessary that this motion be heard on an expedited basis as the deposition Plaintiff desires to video tape is scheduled to take place in Maryland on May 2, 2006. The deposition of this expert has already been rescheduled on several occasions due to the expert's busy practice and conflicts with Plaintiff's and Defendant's counsels' schedule. Accordingly, it is paramount that this motion be heard and this issue resolved so that the deposition may proceed as scheduled.

## II. ARGUMENT

### A. DEFENDANT SHOULD NOT BE FORCED TO FINANCE PLAINTIFF'S EXPERT'S TRIAL TESTIMONY

Plaintiff's actions should not be permitted pursuant to Fed.R.Civ.P 26(b)(4)(C). Plaintiff focuses on the cost of video taping the deposition in an effort to distract the court from the true issue at bar, that being the cost of the expert's time and the purpose for

which the expert's testimony will be used. Although Plaintiff states that "no burden or prejudice" will be placed upon the Defendant, Plaintiff's desire to use her expert's deposition at trial is both highly prejudicial and burdensome to the Defendant.

Fed.R.Civ.P 26(b)(4)(C) reads;

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Id. (emphasis added).

When determining what constitutes "time spent in responding to discovery", there is no overarching rule. *Wright, Miller & Marcus, Federal practice and Procedure: Civil 2d* §2034. But, judicial sensitivity to this underlying consideration is a must. Id. In Rhee v. Witco Chemical Corporation., 126 F.R.D. 45 (N.D. Ill. 1989) the court considered how much the defendant should pay the plaintiff when taking the deposition of plaintiff's expert. The court ruled that based on the facts of the case the defendant did not have to pay for the time the expert spent preparing for the deposition. Id. at 47 - 8. The court determined that such time was more appropriately labeled "trail preparation" and fell outside the dictates of Fed.R.Civ.P 26(b)(4)(C). Id. at 47. Specifically, the court stated, "An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trail preparation. One party need not pay for the other's trial preparation." Id. (emphasis added).

Just as the Plaintiff in Rhee was not allowed to charge trial preparation to the Defendant, Plaintiff Crowe should not be allowed to conduct actual trial examination on

Defendant's dime. Plaintiff has already explained that she desires to tape the deposition so that she may use her expert's deposition testimony in lieu of having her expert appear at trail. If the court allows the Plaintiff to do this, it will grant the Plaintiff the power to conscript what should be Defendant's deposition, and turn it into Plaintiff's personal direct examination of her expert. Thus, the expert will no longer be responding to discovery, rather, he will be engaging in direct trial examination; trial examination that is being funded by the Defendant. The plain language and present case law interpreting Fed.R.Civ.P 26(b)(4)(C) does not force one party to finance the trial expenses of his opponent, accordingly nor should this court.

As this court is no doubt aware, an expert's time is extremely expensive. Indeed, this expert's fee schedule prices his deposition time at $600 per hour or any part thereof. Defendant is already paying Plaintiff's expert for the time that will be spent at the May 2, 2006 deposition. If Plaintiff's is allowed to video tape the deposition for the purpose of trial it will result in adding hours onto what should be a limited deposition as Plaintiff will seek to develop her expert's trail testimony. As Defendant is already paying for this expert's time, the added hours and expenses that would result from Plaintiff's actions pose a significant sum that would indeed burden and prejudice this Defendant.

**B. ABSENT A COURT ORDER PURSUANT TO Fed.R.Civ.P 32, OR AN AGREEMENT BETWEEN THE PARTIES, PLAINTIFF MAY NOT USE A VIDEO TAPED DEPOSITION OF HER OWN EXPERT AT TRAIL**

Plaintiff seeks to video tape Defendant's discovery deposition of Plaintiff's expert so she may use it at trial in lieu of having her expert testify live. Any party who seeks to introduce a deposition in court must do so in conformity with Fed.R.Civ.P 32. Plaintiff

argues that she should be allowed to submit a video taped deposition of her expert because her expert lives in the Maryland and has an "extremely busy practice". Plaintiff is essentially arguing two things. First, she should be allowed to introduce a taped deposition of her expert because her expert lives in Maryland and he may be unavailable. Second, that the court should consider her expert's busy practice as an exceptional circumstance and allow a taped deposition to be admitted because of this circumstance. For reasons stated below, both of Plaintiff's arguments fail to satisfy the necessary requirements set out in Fed.R.Civ.P 32.

Fed.R.Civ.P 32 does consider the location and distance an expert must travel when determining if they are unavailable for trial and a taped deposition may be used instead. Specifically, Fed.R.Civ.P 32(a)(3)(B) will allow a taped deposition to be used in lieu of live testimony if,

> …the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, <u>unless it appears that the absence of the witness was procured by the party offering the deposition; or</u>

Fed.R.Civ.P 32(a)(3)(B) (emphasis added). However, the rule also states that a witnesses distance will not be determinative if "the absence of the witness was procured by the party offering the deposition." In this case, Plaintiff has indeed procured the absence of her expert witness. It was Plaintiff's decision to select an out of state expert for her case. Plaintiff was well aware of the scheduling troubles that could ensue when dealing with an out of state expert, but she willingly retained this expert anyway. Plaintiff should not be able to claim unavailability based on distance when this distance is the direct result of Plaintiff's own choosing. As Plaintiff's own actions procured the absence of her expert witness, she should not be granted relief under Fed.R.Civ.P 32(a)(3)(B).

A party may also use a deposition at trial if they can demonstrate "exceptional circumstances" pursuant to Fed.R.Civ.P 32(a)(3)(E). Fed.R.Civ.P 32(a)(3)(E) reads in pertinent part,

> upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Id.

When determining what constitutes exceptional circumstances for purposes of admitting taped depositions at trial, courts have regularly rejected the argument that a doctor's busy schedule constitutes an "exceptional circumstance". Flores v. NJ Transit Rait Operations, Inc., 1998 WL 1107871 (D.N.J.); Rubel v. Eli Lilly And Company, 160 F.R.D 28, 30 (S.D.N.Y. 1995); Angelo v. Armstrong World Industries, Inc., 11 F.3d 957, 963-64 (10th Cir. 1993).

In Flores 1998 WL 1107871 at * 2, plaintiff sought to conduct taped depositions of his experts in lieu of having them testify at trial. Plaintiff based his request on the fact that his experts were neurosurgeons who had extremely busy medical schedules and consequently may not be available to testify live at trial. Id. Plaintiff argued that his expert's busy practice was an exceptional circumstance pursuant to Fed.R.Civ.P 32(a)(3)(E) and he should be granted court permission to introduce taped depositions of his experts at trial. Id. Although the court appreciated the busy schedules of medical experts, it nevertheless denied plaintiff's request and ruled that an expert's busy schedule could not be considered an exceptional circumstance under Fed.R.Civ.P 32(a)(3)(E). Id. at * 5. In it's ruling the court highlighted the fact that that there was no evidence to suggest that the experts would indeed be unavailable to testify at trial. Id. at *4.

Moreover, the court noted that such arguments could be employed by other witnesses in a variety of professions. Id. at *5.

Just as the court in Flores ruled that an expert's busy schedule does qualify as an exceptional circumstance under Fed.R.Civ.P 32(a)(3)(E), so too should this court rule that Dr. Leo Rozmaryn's busy schedule is not an exceptional circumstance. Accordingly, Plaintiff has failed to demonstrate any exceptionally circumstances that would allow her to present a taped deposition of her expert at trial pursuant to Fed.R.Civ.P 32(a)(3)(E).

As Defendants have not agreed to allow Plaintiff to present a taped deposition of her expert at trial, and Plaintiff does not qualify under any of the Fed.R.Civ.P 32 specific allowances, Plaintiff should be precluded from introducing a taped deposition of her expert at trial.

### C. A SECOND *DE BENE ESSE* DEPOSITION OF PLAINTIFF'S EXPERT IS A FAIR AND REASONABLE COMPROMISE TO PLAINTIFF'S CONCERNS

Plaintiff has stated that she desires to video tape the deposition should her expert be unavailable to testify at trail. In order to accommodate Plaintiff's concerns, Defendant has agreed to travel back to Maryland and take part in a video taped *de bene esse* deposition after the discovery deposition is completed and the transcript is received. This would be consistent with the order of testimony if Plaintiff's expert were to appear at trial. Just as the Plaintiff would provide the Defendants with the benefit of the discovery deposition transcript so they may cross-examine the expert at trial, Plaintiff should provide the Defendant with the same benefit of the discovery deposition transcript so it may cross examine the expert during his *de bene esse* deposition. This offer by the Defendant will allow the Plaintiff the opportunity to secure her expert's testimony should

he not be available at trial. Moreover, it will allow this Defendant the time necessary to review this expert's initial deposition and prepare accordingly. Plaintiff has refused Defendant's offer for reasons unknown to this Defendant. It would appear that her only logical reason for doing so would be to unfairly preclude the Defendants from having the ability to cross examine her expert with his deposition testimony. That is contrary to the very purpose of conducting a discovery deposition and should not be permitted, particularly since the fact that Plaintiff has previously deposed both Defense experts and will be able to cross examine them at trial with their deposition testimony.

## III. CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's Motion to video tape the deposition of Leo Rozmaryn.

## ORAL ARGUMENT REQUESTED

The Defendant requests the opportunity for oral argument should the Plaintiff object to this motion. Pursuant to L.R. Cv 7(e), the estimated time for hearing is thirty (30) minutes.

South County Orthopedics & Physical Therapy,
By its attorney

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
(401) 274-6644
331-9304 (FAX)

# CERTIFICATION

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

David Carroll, Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

I hereby certify that on the ~~25th~~ 26th day of April, 2006, I forwarded a copy of the foregoing to the above-reference counsel of record.

[signature]