DWC:KBP/35-182
292328/4/20/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS.

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

C.A. No: 05-098 T

**REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT**

**DEFENDANT ROBERT C. MARCHAND, M.D.'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby objects to Plaintiff's motion for leave to video tape the deposition of Dr. Leo Rozmaryn. Defendant relies on the memorandum of law attached hereto and filed herewith.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll /KBP
David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 26 day of April, 2006, I ~~mailed~~ hand delivered a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

DWC:KBP/35-182
292328/4/20/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS.

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

C.A. No: 05-098 T

**REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT**

**DEFENDANT ROBERT C. MARCHAND, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO VIDEO TAPE THE DEPOSITION OF DR. LEO ROZMARYN**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D. Defendant in the above-entitled matter, and hereby objects to Plaintiff's motion to for leave to video tape the deposition of Dr. Leo Rozmaryn.

## II. FACTS

Plaintiff has identified Leo Rozmaryn, M.D. as an expert anticipated to testify as to the care rendered by Dr. Robert Marchand. Co-Defendant, South County Orthopedic & Physical Therapy noticed the deposition of Dr. Rozmaryn on or about December 8, 2005, prior to the discovery closure date. Due to various scheduling conflicts the deposition has been re-noticed to May 2, 2006 at 2:30 p.m. in Rockville, Maryland. Plaintiff has filed a motion seeking to video tape Dr. Rozmaryn's deposition testimony for the purposes of using same at trial as a substitute for trial testimony in the event Dr. Rozmaryn is unavailable for trial.

As Dr. Rozmaryn's deposition is scheduled for May 2, 2006, it is necessary for this motion to be heard on an expedited basis. If Plaintiff is permitted to utilize Dr. Rozmaryn's May 2nd deposition testimony as trial testimony, Defendants will be permanently deprived of their opportunity to conduct a discovery deposition of Plaintiff's expert.

## III. ARGUMENT

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the party taking the deposition shall give notice of the method by which testimony shall be recorded. Specifically, Rule 30(b)(2) provides as follows:

> (2) The *party taking the deposition* shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means. [Emphasis added]

Further, pursuant to the Advisory Committee Notes following Rule 30 provides that this provision "confers on the party taking the deposition the choice of the method of recording without the need to obtain prior court approval for one taken other than stenographically." See Advisory Committee Rules 30(b)(2).

Pursuant to Rule 30(b)(3)

> With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

Hence, Plaintiff can certainly choose to video tape the deposition at her own expense. However, Plaintiff expressly states in her memorandum of law that it is her intent to video tape the

deposition "out of an abundance of caution," in the unlikely event that her expert is unavailable at the time of trial, which is the subject of this objection.

Plaintiff's motion is premature as Plaintiff has provided no information to support her assertion that her expert will be unavailable at the time of trial. Fed.R.Civ. 32(a)(3) addresses when a deposition may be used upon trial in place of oral testimony. The various restrictions imposed by Rule 32(a)(3) upon the use of depositions at trial make it clear that there has been no change in the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is unavailable to testify in person. Salsman v. Witt, 466 F.2d 76 (10th Cir. 10 1972). Further, as stated by Judge Learned Hand, "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." Napier v. Bossard, 102 F.2d 467 (2d. Cir. 1939). As there has been no suggestion that Plaintiff's expert will be unavailable at the time of trial, there is no need to treat the discovery deposition noticed by co-defendant as trial testimony.

Defendant further asserts that Plaintiff should not be permitted to use a video taped deposition of her expert at trial pursuant to Fed.R.Civ.P. 32(a)(3)(B) which provides as follows:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds…(B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, ***unless it appears that the absence of the witness was procured by the party offering the deposition.*** [Emphasis added]

Plaintiff selected an expert who practices more than 100 miles away from the place of trial. Hence, any absence of Plaintiff's expert has certainly been brought about by Plaintiff, herself, due to her expert selection. As Plaintiff procured her expert's absence, she should not be permitted to introduce this expert's video taped deposition at trial for purposes of trial testimony.

Additionally, though noticed prior to the closure of discovery, there remain a number of depositions that have yet to be concluded due to the schedules of the parties. Certainly,

Plaintiff's attempt to re-characterize the discovery deposition noticed by co-defendant as trial testimony is Plaintiff's attempt to secure a dress rehearsal for Dr. Rozmaryn's trial testimony. Therefore, if Defendant is restricted to the deposition scheduled for May 2, 2006 as his only opportunity to question Plaintiff's expert, he will be substantially prejudiced.

A discovery deposition pursuant to Rule 26 is certainly distinguishable from trial testimony, which will be impacted by ongoing testimony. The two serve completely different purposes. Should this court grant Plaintiff's motion, Defendants would be deprived the benefit of a valuable discovery tool, namely a discovery deposition. Correspondingly, Defendants would be deprived of trial testimony informed by the complete factual record due to the fact that all depositions have not been completed.

Finally, should this court grant Plaintiff's motion and allow Plaintiff to video tape Dr. Rozmaryn's deposition for the purpose of preserving his testimony for trial, Plaintiff should be responsible for all fees and costs associated with Dr. Rozmaryn's deposition, including, but not limited to, his attendance fee.

## IV. CONCLUSION

Based on the foregoing, Defendant seek an Order of the Court denying Plaintiff's motion seeking to preserve Dr. Rozmaryn's deposition testimony by video taping for the purposes of trial.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 26 day of April, 2006, I ~~mailed~~ hand delivered a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903