DWC:KBP/35-182
292597/4/26/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS.

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

C.A. No: 05-098 T

**REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT**

**DEFENDANT ROBERT C. MARCHAND, M.D.'S MOTION TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, M.D. FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby moves to preclude Plaintiff's expert, Leo Rozmaryn, M.D., from introducing any new basis or new expert opinions. Defendant relies on the memorandum of law attached hereto and filed herewith.

WHEREFORE, Defendant respectfully requests that this Court grants his motion.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll /KBD

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 26 day of April, 2006, I mailed/hand delivered a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

DWC:KBP/35-182
292597/4/26/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE

VS.

ROBERT C. MARCHAND, M.D.
SOUTH COUNTY ORTHOPEDICS
& PHYSICAL THERAPY, INC.

C.A. No: 05-098 T

**REQUEST FOR EMERGENCY/EXPEDITED RELIEF OR FOR THREE-JUDGE DISTRICT COURT**

**DEFENDANT ROBERT C. MARCHAND, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, M.D. FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D. Defendant in the above-entitled matter, and hereby moves to preclude Plaintiff's expert, Leo Rozmaryn, M.D. fro introducing any new opinions or any new basis for any opinions.

## II. FACTS

Plaintiff has identified Leo Rozmaryn, M.D. as an expert anticipated to testify as to the care rendered by Dr. Robert Marchand. Co-Defendant, South County Orthopedic & Physical Therapy noticed the deposition of Dr. Rozmaryn on or about December 8, 2005, prior to the discovery closure date. Due to various scheduling conflicts the deposition has been re-noticed to May 2, 2006 at 2:30 p.m. in Rockville, Maryland. Plaintiff has represented through correspondence of her intention to supplement Dr. Rozmaryn's expert disclosure after Dr. Rozmaryn physically examines Plaintiff on May 1, 2006, the day before Dr. Rozmaryn's deposition. Such supplementation would occur after discovery has closed and the day before Dr.

Rozmaryn's deposition is scheduled to occur. Further, Plaintiff has indicated that she intends to video tape Dr. Rozmaryn's deposition of may 2, 2006 to present at trial. (See **Exhibit A,** attached to Co-Defendant's Memorandum in Support of its Motion to Preclude Plaintiff's Expert, Leo Rozmaryn, From Introducing Any New Basis or New Opinions).

As Dr. Rozmaryn's deposition is scheduled for May 2, 2006, it is necessary for this motion to be heard on an expedited basis. If Plaintiff is permitted to introduce new opinions the day before Defendants' deposition of Plaintiff's expert, Defendants will not have sufficient time to review Dr. Rozmaryn's report so as to appropriately conduct this deposition.

## III. ARGUMENT

### A. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY NEW EXPERT OPINIONS BECAUSE DISCOVERY CLOSED ON MARCH 17, 2006.

Discovery in this matter closed on March 17, 2006. Despite the fact that discovery has closed, Plaintiff now seeks to introduce new opinions from her previously disclosed expert and such opinions will be based on an examination of Plaintiff. (**Exhibit A**). Plaintiff was required to provide Defendants with a complete report containing all of Dr. Rozmaryn's opinions by March 17, 2006. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), Plaintiff's obligation regarding expert disclosure is as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. ***The report shall contain a complete statement of all opinions to be expected and the basis and reasons therefor***; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified a an expert at trial or by deposition within the preceding four years. Id. [Emphasis added]

Plaintiff has already provided a report with respect to Dr. Rozmaryn's opinions and the basis thereof.

Pursuant to Fed.R.Civ.P. 26(a)(2)(C), "these disclosures shall be made at the times and in the sequence directed by the court." Id. As stated previously, this Court specifically designated March 17, 2006 as the discovery closure date and directed that all automatic expert disclosures and discovery responses be completed by said date. Plaintiff's attempt to introduce new and previously undisclosed expert opinions conspicuously disregards this Court's deadline. Hence, Plaintiff should be denied any opportunity to introduce new expert opinion.

**B. ANY NEW EXPERT OPINIONS PLAINTIFF SEEKS TO INTRODUCE SHOULD BE STRICKEN PURSUANT TO FED.R.CIV.P. 37(C)(1).**

Fed.R.Civ.P. 37(C)(1) provides a remedy when a party seeks to introduce information after prescribed deadlines have passed. This rule specifically states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. Fed.R.Civ.P. 37(C)(1).

Plaintiff failed to disclose her expert's additional opinion prior to expiration of the prescribed deadline. Further, Plaintiff has offered no justification for this failure and therefore, her attempts should be precluded pursuant to Fed.R.Civ.P. 37(C)(1).

Courts have routinely disallowed a party's attempt to introduce new expert opinions after discovery has closed. Macaulay v. Anas, M.D., 321 F.3d 45 (1st Cir. 2003). In Macaulay, the

United States Court of Appeals reviewed whether a magistrate abused his discretion when he precluded plaintiff from introducing new expert opinions after the close of discovery. In that case, more than one month had lapsed after discovery closure when plaintiff sought to introduce a supplemental expert report, which included new expert opinion and a new theory of liability. Id at 51. The lower court refused to allow plaintiff to introduce new expert opinion and noted that the deadline for submitting expert reports had passed. Id. The lower court also noted that the new opinion would have unfairly surprised and unduly prejudiced the defendant. Id at 52. Additionally, the lower court acknowledged that if it allowed the submission of the new opinion, it would have to allow defendant sufficient time to respond, which would certainly push back the anticipated trial date. Id. Hence, the lower court concluded that it was within its rights to reject plaintiff's request to introduce a supplemental expert report. Id. Further, plaintiff presented no reason as to why the opinion could not have been obtained and submitted prior to the expiration of the court-imposed deadline. Id at 51-52. Hence, the appeals court affirmed the lower court's denial of plaintiff's request to introduce new expert opinions after the close of discovery. Id. at 53.

Similarly, this court should deny Plaintiff's attempt to supplement her expert report more than one month after the closure of discovery.

**C. DEFENDANTS WOULD BE UNFAIRLY PREJUDICIED IF PLAINTIFF IS ALLOWED TO INTRODUCE A NEW EXPERT OPINION THE DAY BEFORE THE EXPERT'S DEPOSITION IS SCHEDULED TO OCCUR.**

In addition to the aforementioned reasons as to why Plaintiff's request should be denied, consideration should be afforded to the fact that Dr. Rozmaryn's deposition is scheduled to occur on May 2, 2006 and Plaintiff intends to disclose his new opinion only one day before. Further, Plaintiff indicates that she not only intends to inform Defendants of the new opinions of her

expert the day before the scheduled deposition, but also, intends to video tape the deposition to present at trial. Further, Plaintiff's attorney represents that he will provide the supplemental report as soon as he receives it, but, the fact remains that the report may not even be completed by May 1, 2006.

Even if the report is completed and disseminated by May 1, 2006, this would not provide Defendants sufficient time to review and analyze the new opinions and/or new basis for opinions contained in the report to effectively address same at deposition. Further, providing Defendants the report the day before the expert's deposition would deprive Defendants of the opportunity of consulting their owns experts. Hence, allowing Plaintiff to introduce new opinions on May 1, 2006, would unduly prejudice Defendants and effectively deprive them of the opportunity to adequately prepare for an informed deposition.

Plaintiff already made her Rule 26 expert disclosure on January 23, 2006. Based on Fed.R.Civ.P. 26(a)(2)(B), Defendants were operating under the assumption that Plaintiff's Rule 26 disclosure contained a "complete statement of all opinions to be expressed and the basis and reasons therefore." Hence, Defendant has been preparing for trial with that understanding. Should Plaintiff be permitted to supplement her expert's opinion and the basis for her expert's opinions at this late stage, Defendant's trial preparation would certainly be significantly impacted. Defendants may need to rebut Plaintiff's new expert opinions, which will require additional time and possibly additional experts. Notably, Defendant's experts have already been disclosed and deposed. Therefore, should Plaintiff be permitted to supplement her experts disclosure, Defendants will be deprived the opportunity to conduct the necessary discovery to adequately defend against said new opinions.

## IV. CONCLUSION

Based on the foregoing, Defendant seeks an Order of the Court precluding Plaintiff drom introducing any new basis or expert opinions after the close of discovery.

**ORAL ARUMENT REQUESTED**

Defendant requests the opportunity for oral argument should Plaintiff object to this motion. Pursuant to L.R.Cv 7(e), the estimate time for hearing is thirty (30) minutes.

Robert C. Marchand, M.D.
By his attorney,

David W Carroll / KRP

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 26 day of April, 2006, I ~~mailed~~ hand delivered a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Dennis T. Grieco II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

[signature]