UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S OBJECTION TO DEFENDANTS, ROBERT C. MARCHAND, M.D. AND SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.'S, MOTIONS TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, M.D. FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

Now comes the Plaintiff, Denise Crowe, in the above-entitled matter and hereby objects to the Defendants, Robert C. Marchand, M.D. and South County Orthopedics & Physical Therapy, Inc.'s, Motions to Preclude Plaintiff's expert, Leo Rozmaryn, M.D., from Introducing Any New Basis or New Opinions. Plaintiff relies on the attached Memorandum of Law filed contemporaneously herewith in support of her Objection.

WHEREFORE, Plaintiff respectfully requests that the Defendants' Motion be denied.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

# CERTIFICATION

I, the undersigned, hereby certify that I mailed a copy of the foregoing ***Objection*** on the 27th day of April, 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : : : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS, ROBERT C. MARCHAND, M.D. AND SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC.'S, MOTIONS TO PRECLUDE PLAINTIFF'S EXPERT, LEO ROZMARYN, M.D. FROM INTRODUCING ANY NEW BASIS OR NEW OPINIONS**

Now comes the Plaintiff, Denise Crowe, in the above-entitled matter and hereby objects to the Defendants, Robert C. Marchand, M.D. and South County Orthopedic & Physical Therapy, Inc.'s, Motions to Preclude Plaintiff's expert, Leo Rozmaryn, M.D., from Introducing Any New Basis or New Opinions.

## I. FACTUAL BACKGROUND

This matter arises out of a Complaint for medical malpractice brought against the Defendants, Robert Marchand, M.D. and South County Orthopedic & Physical Therapy, alleging negligence with respect to the diagnosis, care and treatment received after sustaining an injury to her right wrist on October 20, 2002 in a rollerblading fall.

With regard to the instant Motions, the Plaintiff provided to the Defendants, Marchand and South County Orthopedics & Physical Therapy, Inc., Answers to Interrogatories propounded upon her, and specifically the expert interrogatory on

April 20, 2005 and April 28, 2005, respectively. In response to the expert interrogatory, Plaintiff answered as follows:

a. Leo M. Rozmaryn, M.D.: 9711 Medical Center Drive, Suite 201, Rockville, Maryland 20850, orthopedic surgeon.

b. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff's scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiff's wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

c. Dr. Rozmaryn will testify that the Defendant deviated from the accepted standard of medical care in orthopedics with respect to the treatment of Denise Crowe. Dr. Rozmaryn will testify that Defendant, Dr. Marchand, failed to diagnose the Plaintiff's scafuluna disassociation, and further, that the Defendant failed to properly treat said injury in accordance with the acceptable standard of care for an orthopedic surgeon. As a result of Dr. Marchand's failure to properly and timely diagnose and treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiff's wrist. Dr. Rozmaryn will further testify that the agents, servants, and employees of Defendant, South County Orthopedics & Physical Therapy, Inc., deviated from the acceptable standard of medical care in orthopedics with respect to the treatment rendered to the Plaintiff, Denise Crowe.

d. Dr. Rozmaryn's opinions are based on his knowledge, training and experience, as well as his review of the Plaintiff's medical records. Plaintiff reserves the right to supplement this answer as discovery

> is ongoing and no depositions have yet been conducted. (Emphasis added)

On July 20, 2005, a Pre-Trial Conference took place on this matter. As of that date, neither Defendant had provided answers to Plaintiff's interrogatories.[1]

As to Defendant Marchand, no Answers to Interrogatories were provided to the Plaintiff prior to the Pre-Trial Conference on July 20, 2005. The Defendant Marchand did file objections to Plaintiff's Interrogatories on or about June 29, 2005. However, no objection was made to the expert interrogatory.

Due to the fact that Plaintiff had not received Answers responsive to discovery, and particularly answers to the expert interrogatory, the Court ordered, at the time of the Pre-Trial Conference, that the Defendant, South County Orthopedic & Physical Therapy, answer interrogatories previously propounded upon it by August 10, 2005. The Court further ordered that Robert Marchand, M.D. disclose his experts by September 20, 2005 (see Schedule Addendum attached to Pre-Trial Order, dated July 20, 2005, which is attached hereto and marked Exhibit "1").

Subsequently on or about September 16, 2005, Plaintiff received the Defendant, South County Orthopedic & Physical Therapy's Answers to Interrogatories in response to the expert interrogatory No. 6. Defendant responded

[1] The Defendant, South County Orthopedic & Physical Therapy, had obtained an extension of time to respond to the interrogatories, up to and including July 1, 2005 and filed an additional Motion for Enlargement of Time to respond to Plaintiff's discovery, which was granted by the Court on July 18, 2005.

"No determination has yet been made regarding expert witnesses who may testify at trial." [2]

As to the Defendant Marchand, on or about October 1, 2005, Plaintiff received the Defendant's expert disclosure. Although Defendant refers to this pleading in its Memorandum in Support of its Motion to Preclude Dr. Rozmaryn from Introducing Any New Basis or New Opinions as a "Rule 26 Expert Disclosure", the disclosure clearly does not comply with the requirements of Rule 26, which resulted in numerous correspondence from Plaintiff's counsel to Defendant's counsel to obtain disclosure, in compliance with that request by the Rule.

On or about December 8, 2005, the Defendant, South County Orthopedic & Physical Therapy, Inc. noticed the deposition of Plaintiff's expert, Dr. Rozmaryn. Due to the unavailability of the doctor, as well as other scheduling difficulties concerning respective counsel for the parties, the deposition was rescheduled to take place on February 23, 2006. (See correspondence, which is attached and marked collectively as Exhibit "2")

Prior to the date of the deposition, Plaintiff's counsel received a phone call from the office of defense counsel for South County Orthopedic & Physical Therapy indicating that Attorney Grieco was on trial and that the deposition would need to be rescheduled.

---

[2] Defendant, South County Orthopedic & Physical Therapy never supplemented Answers to Interrogatories.

As a result, there were numerous correspondence and telephone contact exchange between the parties to obtain a new date for Dr. Rozmaryn's deposition. (See correspondence which is attached hereto and marked collectively as Exhibit "3".) Ultimately, the deposition was rescheduled to take place on May 2, 2006 in Rockville, Maryland where the doctor is located.

In the interim, on or about January 23, 2006, the Plaintiff provided to defense counsel its Rule 26 Expert Disclosure, which included a statement of Dr. Rozmaryn's opinions to be offered at trial and the basis and reasons therefore, "subject to supplementation should additional facts be brought to the attention of Dr. Rozmaryn, which derived from depositions and discovery conducted subsequent to this disclosure." Specifically, Dr. Rozmaryn disclosed the following opinions, among others:

> 15. The course of treatment prescribed by Dr. Marchand was a devation from acceptable medical care provided by orthopedic specialists for the following reasons:
> a) Operative treatment was required to achieve a normal result.
>
> b) A delayed surgery resulted in a salvage type of operation, the consequence of which were greater loss of mobility and flexion in the patient's wrist and far greater likelihood of post-surgical pain.
>
> 16. The applicable standard of care would have been operative treatment consisting of:
> a) Primary repair if the scafulunate ligament
> b) Capsulodosis
> c) Pinning
>
> 19. The surgery performed by Dr. Akleman on 5/13/03 was a salvage type surgery to give the patient some sort of result that is workable so that she could get on with her life and to minimize the disability.

> 20. If the surgery had been performed on in October 2002, the objective was to achieve normal functioning of the right wrist.
>
> 21. The deviation in the standard of care by Dr. Marchand resulted in a more extensive surgery consisting of a fusion, which resulted in a 50 percent loss of mobility (flexion/extension/movement) of the right wrist.
>
> 22. The fusion increased the patient's impairment and future disability and could have been avoided if surgery was performed in October 2002. (Emphasis added) (See Expert Disclosure attached hereto and marked Exhibit "4")

On or about April 19, 2006, Plaintiff's counsel forwarded correspondence to counsel for South County Orthopedic & Physical Therapy confirming that Dr. Rozmaryn's deposition for May 2, 2006 at 5:30 in Rockville, Maryland. Plaintiff's counsel further informed defense counsel that Dr. Rozmaryn would be examining the Plaintiff on May 1, 2006 and that his written report of that exam would be provided to defense counsel immediately upon completion and receipt of the report to the office of Plaintiff's counsel.

Plaintiff submits that the purpose of the examination is to permit Dr. Rozmaryn to determine the extent of the Plaintiff's limitations and degree of permanency, which are opinions which have been previously disclosed by Dr. Rozmaryn in his Answer to Expert Interrogatory, as well as his Rule 26 Expert Disclosure to defense counsel.

On April 27, 2006, defense counsel for Robert C. Marchand, M.D. and South County Orthopedic & Physical Therapy, Inc. served Plaintiff's counsel with the Defendants' Motion to Preclude Plaintiff's Expert, Leo Rozmaryn, from Introducing Any New Basis or New Opinions.

The Plaintiff files its instant Objection to this Motion, on the grounds that no new opinions are being offered by Dr. Rozmaryn as a result of his examination of the Plaintiff prior to his deposition. Instead, the purpose of the examination is merely to bolster the doctor's previous opinions, which have been offered indicating that the Plaintiff has suffered a permanent injury as a result of the fusion surgery that was performed on her due to Dr. Marchand's negligence, and moreover to establish a permanency rating, in accordance with Dr. Rozmaryn's opinions previously disclosed that the fusion resulted in an increased impairment to the Plaintiff and future disability.

## II. LEGAL ARGUMENT

### 1. NO NEW OPINIONS OR BASIS WILL BE OFFERED BY DR. ROZMARYN, AND THEREFORE, THE DEFENDANTS' MOTION TO PRECLUDE SHOULD BE DENIED.

As stated previously herein, the physical examination of the Plaintiff by Dr. Rozmaryn is not for the purpose of introducing new opinions/basis at trial, which have not been disclosed in discovery. To the contrary, the sole purpose of the physical examination is to permit Dr. Rozmaryn to determine the extent of the Plaintiff's limitations as a result of the fusion surgery on her right wrist and to determine an impairment rating with regard to the permanency of the Plaintiff's condition. The issues of the Plaintiff's limitations and impairment have been disclosed during discovery in this matter in a timely manner. Indeed, in Plaintiff's Answers to Interrogatories provided to the Defendants in April 2005 and in response to the expert interrogatory, Plaintiff stated, in pertinent part: "As a result

of Dr. Marchand's failure to properly and timely diagnosis treat the injury, Dr. Rozmaryn will testify the only surgical repair available was fusion, which resulted in a permanent loss of mobility in the Plaintiff's wrist." Moreover, in Dr. Rozmaryn's Rule 26 Expert Disclosure provided to the Defendants in January 2006, therein, Dr. Rozmaryn stated:

> 15. The course of treatment prescribed by Dr. Marchand was a devation from acceptable medical care provided by orthopedic specialists for the following reasons:
>
> a) Operative treatment was required to achieve a normal result.
>
> b) A delayed surgery resulted in a salvage type of operation, the consequence of which were greater loss of mobility and flexion in the patient's wrist and far greater likelihood of post-surgical pain.
>
> 19. The surgery performed by Dr. Akleman on 5/13/03 was a salvage type surgery to give the patient some sort of result that is workable so that she could get on with her life and to minimize the disability.
>
> 21. The deviation in the standard of care by Dr. Marchand resulted in a more extensive surgery consisting of a fusion, which resulted in a 50 percent loss of mobility (flexion/extension/movement) of the right wrist.
>
> 22. The fusion increased the patient's impairment and future disability and could have been avoided if surgery was performed in October 2002.

The foregoing disclosures were made to the Defendants in a timely manner, well before the discovery closure date. Accordingly, the issue of the Plaintiff's limitations and permanency of her condition have been present in this case for a prolonged period of time prior to discovery closure, and therefore, well known by defense counsel.

The Plaintiff has no intention of disclosing new opinions/basis by Dr. Rozmaryn resulting from his examination of the Plaintiff. Plaintiff has maintained throughout the discovery phase that as a result of Dr. Marchand's failure to properly diagnosis and treat the injury to her right wrist, she sustained a loss of mobility and use of the wrist, which is permanent, in nature, due to the fusion surgery to repair the injury. The purpose of the physical exam is merely to bolster and clarify the opinion of Dr. Rozmaryn, which has been previously disclosed, as to the extent of the Plaintiff's limitations and the permanency thereof, by way of an impairment rating.

The Plaintiff has already made timely disclosure of Dr. Rozmaryn's opinions regarding the issues of the Plaintiff's limitations and the permanency of her condition in her Answers to Expert Interrogatories, as well as in Dr. Rozmaryn's Rule 26 Expert Disclosure; all in accordance with the requirements of Rule 26. Accordingly, these issues are certainly not unexpected or a surprise to defense counsel. [See <u>Sheek vs. Asia Badger, Inc.</u>, 235 F.3d 687, 693 (1st Cir. 2000) "the supplement requirement [of Rule 26(e)] helps a party avoid the burden of responding to <u>unexpected and last-minute changes</u> in its opponent's expert testimony (emphasis added)].

With respect to the Defendant's argument that the physical examination is taking place after discovery closure, the Plaintiff urges the Court to recognize that the parties have been attempting to schedule the deposition of Dr. Rozmaryn for approximately 4 months. His deposition was rescheduled for a number of reasons,

including: (1) defense counsel for South County Orthopedic & Physical Therapy's trial engagement in a separate matter in February 2005; (2) the doctor's own scheduling conflicts; and (3) other scheduling conflicts of the respective counsel, due to the logistics of having to travel to Maryland to take the deposition of Dr. Rozmaryn.

Plaintiff's counsel has scheduled the physical examination of the Plaintiff to take place before the deposition due to logistic and financial reasons, as well. Along these lines, the Plaintiff is a resident of the State of Kansas, Dr. Rozmaryn's office is located in Rockville, Maryland. The Plaintiff is a working mother of three (3) children and has limited financial means. Accordingly, Plaintiff's counsel scheduled the physical examination at the time of Dr. Rozmaryn's deposition so that the Plaintiff could be present. However, Plaintiff urges the Court to recognize that the fact that the deposition is taking place after discovery closure is due to no fault of the Plaintiff – or of any of the parties for that matter – but merely a product of the logistical circumstances presented.

In sum, based on the circumstances, and particularly the fact that the purpose of the physical examination is not to develop or introduce new opinions for Dr. Rozmaryn to testify at trial, Plaintiff submits that the Defendants' Motion to Preclude should be denied.

A. Based on the circumstances, Plaintiff is substantially justified in supplementing her report of Dr. Rozmaryn after his physical examination of the Plaintiff and prior to his deposition, and particularly, where the Defendants will suffer no harm as a result thereof, where no new opinions or basis on behalf of Dr. Rozmaryn will be introduced by and through said report.

From the outset, your Plaintiff submits that the Defendants reliance on Rule 37(c)(1) of the Federal Rules of Civil Procedure is misplaced under the circumstances in this matter, where Dr. Rozmaryn will not be offering any new opinions/basis as a result of his physical examination of the Plaintiff. To the contrary and as stated previously herein, the sole purpose of the physical examination is to determine the extent of the Plaintiff's limitations, as well as the permanency thereof; which are issues which have previously and timely been disclosed to the Defendants during the discovery phase of this matter. However, in the event that the Court finds that Rule 37 has some applicability to the instant Motion, your Plaintiff submits that under the circumstances she is substantially justified in supplementing the report of Dr. Rozmaryn after his physical examination of her and prior to his deposition, and moreover, that the Defendants will suffer no harm as a result thereof.

In the case of Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo W. Beneficiencia de Puerto Rico, 248 F.3d 29 (1st Cir. 2001), the United States Court of Appeals for the First Circuit addressed the standard applicable under Rule 37 of the Federal Rules of Civil Procedure. Particularly, the Court held "*** the District Court must find under Rule 37(c) is that the offending parties were not 'substantially justified' in failing to disclose information required by Rule 26(a) or Rule 26(e) and that the failure to disclose was not harmless." 248 F.3d at 33.

The latitude of this Court's discretion under Rule 37(c) is wide Poulin vs. Greer, 18 F.3d 979, 984 (1st Cir. 1994). However, before the Court can consider preclusion as requested by the Defendants in their Motions, the Court must find that the Plaintiff was not "substantially justified" in failing to disclose information required by Rule 26 and that failure was not harmless to the opposing party.

As stated previously herein, the Plaintiff has no intention of introducing new opinions or basis on behalf of Dr. Rozmaryn as a result of his physical examination. Accordingly, there can be no finding of a failure to disclose information under Rule 26. To the contrary, the purpose of the physical examination of the Plaintiff is merely to bolster and clarify Dr. Rozmaryn's opinions previously disclosed by determining the extent of her limitations and the permanency of her injury. These issues have been previously disclosed and are well known to the Defendants in this matter.

Moreover, with respect to the fact that the deposition of Dr. Rozmaryn and the physical examination of the Plaintiff is taking place after discovery closure, as stated previously herein, the scheduling of the deposition is not the result of any delay on the part of the Plaintiff – or any of the parties for that matter – but merely a product of the logistical considerations in view of the location of Dr. Rozmaryn and taking to consideration of his scheduling conflicts, as well as the scheduling conflicts of Plaintiff and defense counsel respectively. As to the physical examination of the Plaintiff, being scheduled at the time of the deposition, again that is a product of logistics, as well as Plaintiff's financial limitations.

In their memorandum, the Defendants' rely on the case of Macauley vs. Anas, M.D., 321 F.3d 45 (1st Cir. 2003). Your Plaintiff submits that the Macauley case is clearly distinguishable from the case at bar. Indeed, in Macauley the Plaintiff had failed to comply with the deadlines of the Court for disclosure of expert reports. More importantly, the Plaintiff provided a single expert report, which was later supplemented by the Plaintiff to include a new theory of liability after the deadline for disclosure of the expert reports. The Plaintiff's theory of "unnecessary surgery" was eluded to in Plaintiff's Complaint, but never developed in discovery. On this issue, the Court noted:

> "...it is one thing to tick off a laundry list of potential theories at the start of litigation. It is quiet another to develop the theories that actually will be prosecuted and keep them in play. See *eg, Tores-Rios vs. LPS Labs, Inc.*, 152 F.3d 11, 16 (1st Cir. 1998) (Refusing to entertain a claim that was implicit in a Complaint but not developed in later proceedings). This was clearly a new theory of liability. 321 F.3d at 52."

Based on its findings, the Macauley Court upheld the District Court's ruling precluding testimony from the expert of the Plaintiff's new theory of liability at trial having found that it had a "substantial basis for finding unfair surprise" Id.

Contrary to the Mcauley case, the Defendants herein cannot claim surprise with respect to Dr. Rozmaryn's examination of the Plaintiff to determine the extent of her limitations and the permanency of her injury. These issues have been alive and well throughout the discovery phase in this matter. They have been addressed in the Plaintiff's Answers to Interrogatories, as early as April 2005, and they are

clearly set forth in the opinions to be offered by Dr. Rozmaryn at trial in his Rule 26 Expert Disclosure, dated January 2006.

The attempts by the Defendant to paint the physical examination by Dr. Rozmaryn as an effort to obtain new opinions or basis from Dr. Rozmaryn is inaccurate. To the contrary, the purpose of the examination is only to bolster and clarify prior opinions that have been timely disclosed by Dr. Rozmaryn with respect to the Plaintiff's limitations and the permanency of her injury. Nothing more. These are issues that have been well known to the Defendants and an active part of the discovery in this case.

## III. CONCLUSION

For the reasons set forth herein, the Defendants' Motion should be denied.

Plaintiff,
By and Through Her Attorney,

Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a copy of the foregoing ***Memorandum*** on the 27th day of April, 2006, to:

Dennis T. Grieco, Esq.
GIDLEY, SARLI & MARUSAK, LLP.
One Turks Head Place, Suite 900
Providence, RI 02903

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

Ashley Toncarro