DWC/KBP 35-182
5/22/06 294608

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S**
**MOTION IN LIMINE REGARDING DR. LEO ROZMARYN'S TESTIMONY**

Now comes Defendant, Robert C. Marchand, and hereby moves for an Order of this Court precluding Dr. Leo Rozmaryn, Plaintiff's expert, from testifying or offering any opinion that he does not hold to a reasonable degree of medical certainty. As grounds in support thereof, Defendant submits and relies on the attached Memorandum of Law.

**WHEREFORE,** Defendant requests that his Motion in Limine be granted.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 22nd day of May, 2006, I mailed/hand delivered a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Karen A. Galvez

DWC/KBP 35-182
5/22/06 294608

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE REGARDING DR. LEO ROZMARYN'S TESTIMONY**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby moves for an Order of this Court precluding Dr. Leo Rozmaryn, Plaintiff's expert, from testifying or offering any opinion that he does not hold to a reasonable degree of medical certainty.

## II. FACTS

Plaintiff has identified Leo Rozmaryn, M.D. as an expert anticipated to testify as to the care rendered by Dr. Robert Marchand. Dr. Rozmaryn's deposition occurred in Rockville, Maryland on May 2, 2006. On May 1, 2006, Dr. Rozmaryn examined Plaintiff and in his report of this examination he offered opinions as to Plaintiff's alleged disability. Specifically, in the second to last paragraph of his report, Dr. Rozmaryn stated "I believe right now she [Plaintiff] has a disability in her wrist of about 15% for her right side based on pain with extremes of movement or heavy use, and stiffness from the scaphocapitate fusion." A copy of Dr. Rozmaryn's report is attached hereto as Exhibit A.

When questioned about this portion of his report, Dr. Romzaryn stated that his statement regarding Plaintiff's alleged disability was "not an opinion." (Rozmaryn dep. at p. 169, 8)[1]. He further clarified that his statement regarding Ms. Crowe's alleged disability was "a clinical guesstimate in terms of the way I see her disability. That's not an opinion. That is an approximation of a disability rating." (Rozmaryn dep. at p. 169, 8-11). Upon further inquiry, Dr. Rozmaryn acknowledged that he did not actually do a "formal disability rating," which requires measurements and a formal process as set forth in the Fifth Edition of the AMA Guidelines for Disability Ratings. (Rozmaryn dep. at p. 169, 15 – 170, 2). Dr. Rozmaryn further stated that it would be dishonest if he reported that he did do a formal disability rating because he did not. (Rozmaryn dep. at p. 170, 9-10).

Dr. Rozmaryn characterized his statement that Plaintiff's alleged disability is 15% as follows:

> Bu this was a best guesstimates [sic] based, you know, for today and I do believe it is probably incorrect within a swing of five percent. That's my –that, I believe. That is an opinion. But, within 10 to 20 percent, that's – again, you can say that's an opinion, but it is not an opinion that is loaded or has any major relevance for this case right now. (Rozmaryn dep. at p. 170, 11-17).

Upon further inquiry, Dr. Rozmaryn also testified that his statement that Ms. Crowe had a two percent whole body disability was also a "guesstimate from the AMA Disability Guidelines." (Rozmaryn dep. at p. 190, 12-16). He indicated that Ms. Crowe can "certainly undergo a disability rating done by people who actually do formal disability ratings for a living and get a formal disability rating and they will give you the exact number." (Rozmaryn dep. at p. 190, 17-21). Hence, Dr. Rozmaryn did not formulate a

[1] Pursuant to the Pretrial Order-Jury Case, section 5, applicable to pretrial motions before Chief Ernest C. Torres, the cited portions of the depositions are not attached as exhibits as the Defendant does not anticipate the contents of those transcripts to be disputed. To the extent that the Plaintiff disputes the cited provisions, and/or to the extent the Court requests, Defendant will submit copies of the relevant provisions of the deposition transcripts.

formal disability rating for Ms. Crowe. Further, any statement regarding a percentage of her alleged disability is simply a guess arrived at for the purposes of deposition. (Rozmaryn dep. at p. 190, 21 – 191, 1).

## III. STANDARD OF REVIEW.

A motion in limine is widely recognized as a salutary device to avoid the impact of unfairly prejudicial evidence upon the jury and to save a significant amount of time at the trial. England v. Reinauer Transp. Companies, L.P., 194 F.3d 265 (1st Cir. 1999); see Owens v. Silvia, 838 A.2d 881, 889 (R.I. 2003) (citing BHG, Inc. v. F.A.F., Inc., 784 A.2d 884, 886 (R.I. 2001)). A trial justice has broad discretion to exclude evidence under Rule 403 of the Federal Rules of Evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; Swajian v. General Motors Corp., 916 F.2d 31, 34 (1st Cir. 1990); McGrath v. Consolidated Rail Corp., 136 F.3d 838, 841 (1st Cir. 1998); see Miller v. Rhode Island Hospital, 625 A.2d 778, 779 (R.I. 1993). The trial court must also assess whether the offered evidence, though relevant, is unfairly prejudicial to the opposing party or would mislead or confuse the jury. Fed.R.Evid. 403; Blake v. Pellegrino, 329 F.3d 43, 47 (1st Cir. 2003); see Jameson v. Hawthorne, 635 A.2d 1167, 1170 (R.I. 1994) (citing State v. Squillante, 622 A.2d 474, 482 (R.I.1993)).

## IV. ARGUMENT

### A. DR. ROZMARYN SHOULD BE PRECLUDED FROM OFFERING ANY OPINION THAT HE DOES NOT HOLD TO A REASONABLE DEGREE OF MEDICAL CERTAINTY.

Dr. Romzaryn should be precluded from offering any opinions that he has qualified as "guesstimates." The Rhode Island Supreme Court has clearly enunciated that the admissibility

of expert testimony does not require the use of "magic words" or "precisely constructed talismanic incantations" to achieve its objective. Morra v. Harrop, 791 A.2d 472, 477 (R.I. 2002) (quoting Gallucci v. Humbyrd, 709 A.2d 1059, 1066 (R.I. 1998). However, an expert must "testify to the effect that he reached his conclusion with reasonable medical certainty." State v. Lima, 546 A.2d 770, 773 (R.I. 1988). This standard is applicable in medical malpractice cases. Morra at 477. Dr. Rozmaryn admitted at his deposition that his statements regarding the percentage of Plaintiff's alleged disability were "guesstimates. " Hence, this expert clearly did not reach his guesstimates regarding the percentage of Plaintiff's disability with reasonable certainty and such statements should be precluded

**B. THE PROBATIVE VALUE OF DR. ROZMARYN'S TESTIMONY REGARDING THE PERCENTAGE OF PLAINTIFF'S ALLEGED DISABILITY, IF ANY, IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.**

Testimony or argument or reference to a percentage of Plaintiff's alleged disability will unquestionably sway the jury and undoubtedly mislead and confuse the jury — a jury which will be mired in the complicated allegations presented in this complex medical malpractice action. F.R. Evid. 403; see Jameson at 1170. Further, any such reference to Dr. Rozmaryn's disability percentage, which he himself has characterized as a "guesstimate," will certainly cloud the jury's judgment and confuse the jurors as they consider and weigh the evidence presented. To that end, any testimony or argument or reference regarding the percentage of Plaintiff's alleged disability should be excluded.

It is well settled that the trial justice may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. An expert's opinion must have substantial probative

value and cannot be "speculation, mere conjecture or surmise." Morra at 477. Dr. Rozmaryn's statements concerning the percentage of Ms. Crowe's disability are guesses, as admitted by Dr. Rozmaryn himself, and as such, should be precluded, as they clearly lack substantial probative value. The unfair prejudice that could result from a reference or testimony regarding a percentage of Plaintiff's alleged disability outweighs the probative value of this information, which probative value is entirely nonexistent in this matter. Significantly, such use of a percentage, though not held to a reasonable degree of medical certainty, will undoubtedly impact the jury's judgment. Therefore, any mention or reference to an actual percentage of Plaintiff's alleged disability has no probative value, would certainly cause needless delay and should be excluded.

**C. TESTIMONY OR ARGUMENT OR REFERENCE TO A PERCENTAGE OF PLAINTIFF'S ALLEGED DISABILITY IS TOTALLY IRRELEVANT.**

Testimony or argument or reference to a percentage of Plaintiff's alleged disability is wholly irrelevant to circumstances at issue in this case. Rule 401 of the Federal Rules of Evidence indicates "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401; see Jameson at 1170. The determination of whether evidence is relevant is within the trial justice's sound discretion. Id. Dr. Rozmaryn, not only qualified his statements regarding the percentage of Plaintiff's alleged disability as guesses, but also, acknowledged that his statements have no "major relevance" to the case. Here, any testimony or argument or even a reference to percentages, which were admittedly guesses for the purpose of deposition, have no probative value, are not relevant and certainly should be precluded.

## V. **CONCLUSION.**

Based on the foregoing, Defendant hereby seeks an Order of the Court precluding Plaintiff from introducing any evidence, argument, discussion or reference to any opinions or statements that Dr. Rozmaryn does not hold to a reasonable degree of medical certainty, including, but not limited to, the percentage of Plaintiff's alleged disability.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 22nd day of May, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Karen A. Galvez