DWC/KBP 35-182
7/17/06 298770

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S**
**MOTION TO STRIKE THE ERRATA SHEET OF LEO ROZMARYN, M.D.**

Now comes Defendant, Robert C. Marchand, and hereby moves for an Order of this Court striking the errata sheet submitted by Plaintiff, Denise Crowe, with respect to the May 2, 2006 deposition of Leo Rozmaryn, M.D. and precluding Plaintiff from offering any testimony, presenting any argument or making any reference to the errata sheet or Dr. Rozmaryn's attempt to modify his deposition testimony at trial. As grounds in support thereof, Defendant submits and relies on the attached Memorandum of Law.

**WHEREFORE,** Defendant requests that his motion be granted.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 20th day of July, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

DWC/KBP 35-182
7/10/06 298229

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE AND PRECLUDE ANY REFERENCE TO THE ERRATA SHEET OF LEO ROZMARYN, M.D.**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby moves for an Order of this Court striking the errata sheet submitted by Plaintiff, Denise Crowe, with respect to the May 2, 2006 deposition of Leo Rozmaryn, M.D., Plaintiff's expert and prohibiting Plaintiff from offering any testimony, presenting any argument or making any reference to the errata sheet or Dr. Rozmaryn's attempt to modify his deposition testimony at trial.

## II. FACTS

Plaintiff has identified Leo Rozmaryn, M.D. as her expert anticipated to testify as to the care rendered by Dr. Robert Marchand. Dr. Rozmaryn's deposition occurred in Rockville, Maryland on May 2, 2006. At the deposition, Plaintiff's counsel indicated that Dr. Rozmaryn would "read, review and sign" his deposition pursuant to Fed.R.Civ.P. 30(e). (Rozmaryn dep. at p. 5, 8-9).[1] On May 12, 2006, the stenographer mailed the transcripts to all parties

[1] Pursuant to the Pretrial Order-Jury Case, section 5, applicable to pretrial motions before Chief Ernest C. Torres, the cites portions of the depositions are not attached as exhibits as the Defendant does not anticipate the contents of those transcripts to be disputed. To the extent that the Plaintiff disputes the cited provisions, and/or to the extent the Court requests, Defendant will submit copies of the relevant provisions of the deposition transcripts.

including Dr. Rozmaryn.[2] Notably, Defendant's counsel received a transcript via regular mail on May 16, 2006. On May 22, 2006, Defendant mailed to Plaintiff his motion in limine requesting that Dr. Rozmaryn be precluded from offering testimony regarding any opinion that he does not hold to a reasonable degree of medical certainty. On June 30, 2006 at 10:00 a.m., parties appeared before this Court for argument regarding their respective motions in limine. At that hearing, Plaintiff's counsel represented the following:

> Now, Dr. Rozmaryn ***is in the process*** of reviewing his deposition transcript and making corrections. I was hopeful that I would have that document for the Court this morning. Unfortunately, I have not yet received it as of today; but I can advise the Court that I've had conversations with Dr. Rozmaryn concerning this very issue, and ***he has indicated to me that he will be amending his answers*** with respect to, when he used the "guesstimation," he has told me that ***he is going to revise those answers*** to use the language "clinical approximation to a reasonable degree of medical certainty." [Emphasis added] (Tr. June 30, 2006, at p. 2, 19 – p. 3, 5).

Hence, according to Plaintiff's counsel, as of 10 a.m. on June 30, 2006, Dr. Rozmaryn was still in the process of reviewing and revising the deposition transcript that had been made available to him on or about May 12, 2006. Further, Plaintiff's counsel's representation regarding the proposed changes to deposition testimony was the first time Defendant was even made aware that Dr. Rozmaryn had *any* intention of revising his deposition testimony.

On July 1, 2006, defense counsel received a copy of the errata sheet provided to the stenographer by Plaintiff's counsel. Notably, although purportedly signed on June 2, 2006, the errata sheet was not faxed to Plaintiff's counsel by Dr. Rozmaryn until June 30, 2006 at 11:26 a.m. Plaintiff's counsel then mailed the errata sheet to the stenographer with a copy to defense

---

[2] On July 10, 2002, defense counsel spoke with Beth from Gore Brothers Reporting Agency, stenographer for Leo Rozmaryn deposition, who confirmed that transcripts were mailed to all parties including deponent on May 12, 2006. On July 19, 2006, defense counsel received a facsimile from Beth Robison of Gore Brothers Reporting & Video Company, Inc. dated July 18, 2006 confirming that according to their records the original transcript and errata sheet for the deposition of Leo Rozmaryn, M.D. was sent to Dr. Rozmaryn on May 12, 2006. A copy of this letter is attached as <u>Exhibit C.</u>

counsel on June 30, 2006. This errata sheet made a number of substantive changes to the deposition transcript, but conspicuously failed to identify the reasons for making said changes. A copy of Dr. Rozmaryn's errata sheet is attached hereto as Exhibit A. A copy of the transcript from the hearing of June 30, 2006 is attached hereto as Exhibit B.

## III. ARGUMENT

### A. DR. ROZMARYN'S ERRATA SHEET SHOULD BE STRICKEN BECAUSE IT IS NOT TIMELY.

Specifically Rule 30(e) reads as follows:

> **(e) Review by witness; Changes; Signing.**
>
> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changed in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Hence, the rule clearly states that the officer "shall append any changes made by the deponent during the period allowed." As a precondition to fulfilling this requirement, the officer must receive the changes from the deponent within the period allowed. In the case at bar, Dr. Rozmaryn's proposed deposition changes were provided to plaintiff's attorney on June 30, 2006 who then mailed them to the court reporter, approximately 50 days after the transcript was mailed to Dr. Rozmaryn. Hence, such changes were not timely within the strict meaning of Rule 30(e) and should be stricken.

The errata sheet submitted by Dr. Rozmaryn was purportedly signed on June 2, 2006.[3] However, Plaintiff's counsel clearly represented at hearing on June 30, 2006, that Dr. Rozmaryn had not completed making his changes and was "in the process of reviewing his deposition and making corrections." Therefore, although dated June 2, 2006 which would have fallen within the 30 day time period, Plaintiff acknowledged that Dr. Rozmaryn's changes and corrections were not complete by June 30, 2006 at 10:00 a.m. after the 30 day time period had expired.

Even if this Court accepts Plaintiff's assertion that the changes were made within the 30 day time frame, the errata sheet is still not timely and should be stricken because Dr. Rozmaryn's changes were not transmitted to the court reporter until June 30, 2006. Defendant contends that it is insufficient for a deponent to purportedly sign the errata sheet within the 30 day time period prescribed by Rule 30(e). Defendant further contends that in order to comply with the time period set forth in Rule 30(e), a deponent must also return the executed errata sheet to the court reporter within the prescribed 30 day time period.

The issue of timing was addressed by the court in Welsh v. R.W. Bradford Transportation, 231 F.R.D. 297 (N.D.Ill. 2005). In Welsh, the court noted that until changes are communicated to the court reporter, the "changes" envisioned by Rule 30(e) exist only in the contemplation of the deponent and the opposing party necessarily remains unaware of them, "and the potential for surprise and abuse that the 30-day rule was designed to eliminate persist[s]." Welsh at 300-301. Similarly, "the few courts that have addressed this issue have held that the changes **must be submitted to the court reporter within the prescribed time period.**" [Emphasis added] Welsh at 301; See Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir.

---

[3] It is unexplained why, if the errata sheet was actually signed on June 2, 2006, it took Dr. Rozmaryn 28 days to fax it to Plaintiff's attorney.

1995) (beyond being unable to determine whether review of the deposition was requested in accordance with Rule 30(e), "the record is unclear whether [the deponent] submitted his changes to his deposition within 30 days after being notified that the transcript was available for review."); Havey v. Tenneco, Inc., 2000 WL 198445 at *1 (N.D.Ill. Feb. 11, 2000) ("The 30-day time limit is measured by submission to the court reporter.") In light of the foregoing, Dr. Rozmaryn's proposed deposition changes should be stricken because such changes were not timely within the strict meaning of Rule 30(e).

**B. DR. ROZMARYN'S ERRATA SHEET SHOULD BE STRICKEN BECAUSE HE FAILED TO PROVIDE ANY REASON FOR HIS CHANGES AS REQUIRED BY FED.R.CIV.P. 30(e).**

Pursuant to Rule 30(e) as amended in 1993, a deponent is allowed to make "changes in form or substance" to a deposition transcript provided the deponent complies with the procedures of the rule. Fed.R.Civ.P. 30(e); Tingley Systems, Inc. v. CSC Consulting, Inc. f/k/a CSC Partners, Inc., 152 F.Supp.2d 95, 119 (D.Mass. 2001). Pursuant to Rule 30(e) a deponent must sign a statement not only reciting any such changes to the deposition transcript, but also providing the reasons for making said changes. Fed.R.Civ.P. 30(e); Tingley Systems, Inc. at 120. Further, the requirements of Rule 30(e) are "not satisfied unless the deponent supplies a reason for the changes contained in the errata sheet." Courts have insisted on strict adherence to the technical requirements of federal procedural rule concerning changes to deposition testimony and Defendant asserts that this Court should also insist on strict adherence. See Holland v. Cedar Creek Mining, Inc., 198 F.R.D. 651 (S.D.W.Va. 2001) (Plaintiffs' motion to exclude change in deposition testimony of defendant was granted because defendant failed to follow Rule 30(e) and state the specific reasons for his changes). Dr. Rozmaryn's errata sheet

should be stricken because he failed to articulate any reason whatsoever for any of his deposition transcript changes.[4]

## C. DR. ROZMARYN'S ERRATA SHEET SHOULD BE STRICKEN BECAUSE THE SUBSTANTIVE CHANGES HE MAKES TO HIS DEPOSITION TESTIMONY ARE NOT PERMISSIBLE AND NOT IN GOOD FAITH.

Dr. Rozmaryn's changes are significant and alter what he said under an oath. Rules permitting deposition transcript does not allow deponent to alter what was said under oath. Fed.R.Civ.R. 30(e); Greenway v. International Paper Co., 144 F.R.D. 322 (W.D. La. 1992). Although Greenway represents the minority view, it is certainly persuasive and seemingly applicable to the facts of this case. The court in Greenway noted as follows:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e. he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is 'Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination. Greenway at 325.

This Court has already noted that a witness cannot revise a deposition transcript to change what he said. (Tr. June 30, 2006 at p. 3, 11-12). Specifically, when informed that Dr. Rozmaryn was going to be changing his deposition testimony, the Court stated:

> THE COURT: Well, a witness is allowed to correct a deposition, to review a deposition and correct it, if the witness contends that what the transcript shows is not accurate, that the witness – it doesn't accurately reflect what the witness actually said; but the witness can't revise the transcript to change what he said. (Tr. June 30, 2006 at p. 3, 6-12).

[4] One can only speculate as to why Dr. Rozmaryn changed his wording from "guesstimate" to "reasonable degree of medical certainty." If such changes were made on the advice of counsel, such would not be a proper motive for a witness to change deposition testimony.

The changes made by Dr. Rozmaryn are in fact altering the substance of his testimony to accommodate the requirements of Rhode Island law. Dr. Rozmaryn's changes were made and provided to Defendant several weeks after the Defendant alerted Plaintiff to the shortcomings in Dr. Rozmaryn's testimony through his motion in limine. Notably, when the deposition transcript is reviewed as a whole, it is clear that Dr. Rozmaryn's use of the term "guesstimate" was well considered and deliberate. As Dr. Rozmaryn is attempting to change the substance of his testimony and "what he said" through his errata sheet, such sheet should be stricken.

Further, Defendant will be prejudiced should the untimely changes be allowed to stand. Defendant clearly articulated weaknesses in Dr. Rozmaryn's testimony regarding Ms. Crowe's permanent disability. The 30-day time limit of Rule 30(e) was designed to eliminate the potential for surprise and abuse. Welsh at 300-301. Defendant was not made aware that such changes were in the process of being made *until* parties appeared before this Court to argue about the same testimony that Dr. Rozmaryn was in the process of altering, which not only surprised, but also prejudiced Defendant.

**D. ANY REFERENCE TO THE EXISTENCE OF AN ERRATA SHEET IN TESTIMONY OR ARGUMENT AT TRIAL SHOULD BE PRECLUDED**

Plaintiff should be precluded from making any reference in testimony or argument at trial to the existence of the errata sheet or the fact that Dr. Rozmaryn attempted to change his deposition testimony. Defendant asserts that Dr. Rozmaryn should be prohibited from using his explanations and revised responses to deposition questions as prior consistent statements at trial pursuant to Rule 801 of the Federal Rules of

Evidence. Pursuant to Fed.R.Evid. 801(d), a prior consistent statement is not hearsay and is admissible if:

> (d) Statement by witness. A statement is not hearsay if –
>
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and or the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) ***consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive***, or (C) one of identification of a person made after perceiving the person; [Emphasis added] Fed.R.Evid. 801(d).

Therefore, Plaintiff could attempt to use Dr. Rozmaryn's errata sheet to explain his deposition testimony at trial. Further, Plaintiff could introduce Dr. Rozmaryn's attempt to revise his deposition testimony in the event that Dr. Rozmaryn is impeached during cross-examination. Hence, in addition to striking the errata sheet altogether for the reasons stated herein, Plaintiff should be prohibited from making any reference to the errata sheet or Dr. Rozmaryn's attempt to modify his deposition testimony altogether.

## IV. <u>CONCLUSION</u>.

Based on the foregoing, Defendant hereby seeks an Order of the Court striking the errata sheet of Dr. Rozmaryn with respect to his deposition of May 2, 2006 and prohibiting Plaintiff from offering any testimony, presenting any argument or making any reference to the errata sheet at trial.

Robert C. Marchand, M.D.
By his attorney,

David W. Carroll #0561
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street

Providence, RI 02903
(401) 521-7000
Fax: (401) 521-1328

**CERTIFICATION**

I, the undersigned, hereby certify that on the 20th day of July, 2006, I mailed a true copy of the enclosed to the following:

Thomas A. Tarro, III, Esq.
300 Centerville Road
Suite 330
Warwick, RI 02886

Karen A. Galvez