IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * * * | C.A. NO. 05-98T |
| DENISE CROWE * | |
| VS. * | JUNE 30, 2006<br>10:00 A.M. |
| ROBERT C. MARCHAND, M.D. * | |
| * * * * * * * * * * * * * * * * | PROVIDENCE, RI |

BEFORE THE HONORABLE ERNEST C. TORRES,

CHIEF JUDGE

(Defendant's Motion in Limine to Preclude Evidence/Testimony)

**<u>E X C E R P T</u>**

APPEARANCES:

FOR THE PLAINTIFF: THOMAS A. TARRO, III, ESQ.
KRIS MACARUSO MAROTTI, ESQ.
Tarro Law Offices
300 Centerville Road, Suite 330
Warwick, RI 02886

FOR THE DEFENDANT: DAVID W. CARROLL, ESQ.
KRISTIN BARKETT PETTEY, ESQ.
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR

30 JUNE 2006 -- 10:00 A.M.

**BEGINNING OF EXCERPT**

MS. MAROTTI: Thank you, your Honor. Your Honor, it's the Plaintiff's position that the testimony that was offered by Dr. Rozmaryn with respect to the disability was given with a sufficient degree of certainty and certitude and should, therefore, be admissible under Rule 702 and Rule 402.

The Plaintiff acknowledges that the doctor's use of the word "guesstimation" was a poor use of a word with respect to this issue; but I would respectfully remind the Court that there are a number of cases that I've cited in my memo that clearly indicate that with respect to opinions of a medical expert, there are no magic words that are necessary in terms of getting the opinion from the expert. What is necessary is that the opinion generally reflects certainty based on a reasonable degree of medical certainty.

Now, Dr. Rozmaryn is in the process of reviewing his deposition transcript and making corrections. I was hopeful that I would have that document for the Court this morning. Unfortunately, I have not yet received it as of today; but I can advise the Court that I've had conversations with Dr. Rozmaryn concerning this very issue, and he has indicated to me

that he will be amending his answers with respect to, when he used the word "guesstimation," he has told me that he is going to revise those answers to use the language "clinical approximation to a reasonable degree of medical certainty."

THE COURT: Well, a witness is allowed to correct a deposition, to review a deposition and correct it, if the witness contends that what the transcript shows is not accurate, that the witness -- it doesn't accurately reflect what the witness actually said; but the witness can't revise the transcript to change what he said.

MS. MAROTTI: He's not seeking to change what he said, your Honor. I mean, Dr. Rozmaryn is clearly a certified and qualified expert in this area. He's board certified in orthopedic surgery. He's been practicing for many, many, many years. His CV has been attached to our motion, our objection that was filed with the Court.

He's a very learned man in this area, and I would submit to the Court that it's the doctor's contention that these type of disability ratings are done by people -- he specifically said in his deposition at page 61, it's a simple matter to send her to a therapist to get a formal disability rating.

So in Dr. Rozmaryn's mind, it's a therapist that does the actual mathematical calculations under the AMA; but I would submit to this Court that Dr. Rozmaryn's training and experience, as well as his examination of this Plaintiff, clearly allows him to give the opinion that he gave with respect to 15 percent disability.

And he did revise at the deposition to indicate that he might be wrong by plus or minus percentage on that, but I do believe that that opinion that he has given is -- has sufficient certitude and certainty that it should be submitted as evidence in the case.

.The factual basis behind the doctor's opinion, clearly that's something that defense counsel will have an opportunity to cross-examine him on at trial, and that is clearly a question for the jury; but I do believe that the doctor's opinion is to a sufficient amount of certainty that it should be admissible.

I mean, there's no question that there may be, you know, that he should be cross-examined on that issue, and he will be by defense counsel. They're entitled to do that.

But I do believe at this point based on the man's training and experience -- and in his deposition transcript, he went through a long colloquy with

Attorney Grieco wherein he set forth the factors that are relied upon in coming to an AMA disability rating.

He states them all; and he indicates that in coming to his rating of 15 percent disability, the one factor that he did not consider was strength. And I believe that's why he's indicated in his deposition that his rating of 15 percent may be off by 5 percent, plus or minus; but he does say, I don't think I'm off by more than that.

And it's clear that he's basing that percentage on the factors set forth in the AMA guidelines, taking into consideration his training, his experience and his examination of the Plaintiff.

Granted, he did not do the mathematical calculation, but I do believe that there's sufficient certainty for this opinion to come in. The factual basis for that is something for cross-examination and is left to the weight and credibility that will be given to this testimony by the jury. That should not be precluded.

MS. PETTEY: Your Honor, may I respond?

THE COURT: Very briefly.

MS. PETTEY: Very briefly. First off, the changes in regard -- that are going to be made to Dr. Rozmaryn's deposition, this is the first time we're

hearing about this.

And I'm just referring the Court to Rule 30, section (d), in regard to changes. This deposition occurred May 2nd. At the time the parties thought that trial was imminent. There was a concern and a request that the transcript be made available very quickly.

We can't say at this time when the transcripts were actually made available, but certainly more than 30 days have passed.

The changes just put forth by my sister counsel are significant changes. He used "guesstimate" more than once. In addition to "guesstimate," he used words like "approximation" and "ballpark figure" and acknowledged the numbers were incorrect.

That word choice was deliberate, and these changes are certainly significant after having the opportunity to review the deposition with the assistance of counsel. Thank you.

THE COURT: First of all, this is not a question of whether or not Dr. Rozmaryn used any magic words, "to a reasonable degree of medical certainty" or any other magical words. Magical words are not required.

What the rules require is that opinions and evidence, for that matter, be expressed in terms of probabilities rather than possibilities.

So that's really not the question, exactly what words the doctor used, and I don't see it as a question of Dr. Rozmaryn's qualifications to express an opinion on the subject either.

He appears to be an orthopedic surgeon, I assume a well-qualified one. As stated, he's board certified. And I don't think that giving opinions as to the degree of disability that an individual suffers is the exclusive province of occupational therapists or anyone else. It may be in some cases, but this doesn't sound like one of them.

The real question here is whether the opinion -- I should say the real question is whether the opinion that he's going to express at trial is sufficient to be admissible, whether it's sufficiently definite and supported to be admissible.

There's no question that what he said in his deposition, and apparently what he said in his report, is of dubious admissibility, to say the least. He said in his deposition that this was not an opinion, it's a clinical guesstimate, an approximation, that this information could be provided by someone who does this for a living, which suggests that he doesn't have much experience doing it.

These all make the opinion, at least the

testimony contained in his deposition, to be probably not admissible. And the reason I say that is that it's one thing for a doctor to express an opinion that an individual may be suffering from some disability or impairment or restriction, and it's another thing to be quantifying it by saying that there's a 15 percent disability.

The latter certainly suggests a precise finding that would require evidence that the doctor had made certain findings, done certain tests, taken certain measurements and so forth, which apparently have not been done here.

So, as I say, if you take just the deposition testimony of the doctor, it seems to me that the testimony would not be admissible; but I don't know what the doctor's going to say at trial, what he proposes to say at trial.

If the doctor, as Miss Marotti has said, has now reconsidered and thought that maybe he made some statements that really weren't what he intended to say, that doesn't foreclose him from testifying at trial.

It certainly will provide considerable ammunition for the Defendant in cross-examination, I suppose, to confront him with what he said in his deposition if it differs significantly from what he

says at trial; but that really is the benchmark here.

What the doctor will say at trial, I don't know. I don't think anybody knows at this point, and we'll have to cross that bridge when we get to it. All I can say is that if it's anything like what he said in his deposition, it's probably not going to be admissible.

And if it is significantly different from what he said in his deposition, then it's going to be the subject of some cross-examination, I'm sure, by Mr. Carroll; but we'll have to deal with that question when it arises.

So the motion to exclude Dr. Rozmaryn's testimony is denied.

Court will be in recess.

(Adjourned)

C E R T I F I C A T I O N

I, Karen M. Wischnowsky, RPR-RMR-CRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Karen M. Wischnowsky

Karen M. Wischnowsky, RPR-RMR-CRR

7-6-06

Date