UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STRIKE THE ERRATA SHEET OF LEO ROZMARYN, MD,**

Now comes your Plaintiff, Denise Crowe, and objects to the Motion of Defendant, Robert C. Marchand, to Strike the Errata Sheet of Leo Rozmaryn, MD, with respect to his deposition conducted on May 2, 2006. As grounds for her objection, Plaintiff relies on the attached Memorandum of Law, which is filed contemporaneously herewith.

**WHEREFORE,** the Defendant's Motion should be denied.

Plaintiff,
By and Through Her Attorney

Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – fax

# CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Objection*** on the 31st day of July, 2006, to:

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE :

VS. : C.A. No. 05-098T

ROBERT C. MARCHAND, MD; :
SOUTH COUNTY ORTHOPEDIC & :
PHYSICAL THERAPY, INC. :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION TO STRIKE AND PRECLUDE ANY REFERENCE TO THE ERRATA SHEET OF LEO ROZMARYN, MD.**

Now comes your Plaintiff, Denise Crowe, and objects to the Motion of Defendant, Robert C. Marchand, to Strike the Errata Sheet of Leo Rozmaryn, MD, and preclude any reference thereto with respect to his deposition conducted on May 2, 2006.

## I. FACTUAL BACKGROUND

Plaintiff has retained Leo Rozmaryn, MD, a board certified orthopedic surgeon, as medical expert, who will testify at trial concerning the medical care and attention provided to the Plaintiff by Defendant Dr. Marchand. His opinions where set forth in the Rule 26 Expert Disclosure and are based on a reasonable degree of medical certainty and his review of the medical records. The doctor's opinions as to permanent injury are as follows:

1. The MRI of 11/12/02 shows evidence of tear of triangular fibrocartilage.

2. The appropriate course of treatment on 10/21/02 and no later than 11/14/02 would have been operative repair of the fracture and scafullnate ligament and possibly the triangular fibrocartilage.

3. On 11/14/02, Dr. Marchand prescribed a conservative course of treatment consisting of wrist splint, physical therapy and medication.

4. The course of treatment prescribed by Dr. Marchand was a deviation from acceptable medical care provided by orthopedic specialists for the following reasons:

a) Operative treatment was required to achieve a normal result.

b) A delayed surgery resulted in a salvage type of operation, the consequence of which were greater loss of mobility and flexion in the patient's wrist and far greater likelihood of post-surgical pain.

5. If the surgery had been performed on in October 2002, the objective was to achieve normal functioning of the right wrist.

6. The deviation in the standard of care by Dr. Marchand resulted in a more extensive surgery consisting of a fusion, which resulted in a 50 percent loss of mobility (flexion/extension/movement) of the right wrist.

7. The fusion increased the patient's impairment and future disability and could have been avoided if surgery was performed in October 2002.

On May 2, 2006, Dr. Rozmaryn's deposition was conducted. Prior thereto, on May 1, 2006, Dr. Rozmaryn had the opportunity to examine the Plaintiff in order to assess her current level of disability[1]. At the time of deposition, and pursuant to Rule 30(e) of the Federal Rules of Civil Procedure, Plaintiff's counsel indicated that Dr. Rozmaryn would "read, review and sign" his deposition. (Deposition TR. Dr. Rozmaryn p. 5, 8-9)

At deposition, when asked about his opinion as to disability as set forth in his May 1, 2006 report, Dr. Rozmaryn testified that the Plaintiff had a disability in her wrist of about 15 percent on the right side (Deposition TR. Dr. Rozmaryn, p. 57).

---

[1] Dr. Rozmaryn testified at his deposition that his examination and discussions with the Plaintiff did not alter his opinions regarding the standard of care applicable in this case (Deposition Tr. Dr. Rozmaryn p. 63).

Dr. Rozmaryn further testified at deposition that he did not perform a formal disability rating based on the AMA guidelines for disability. However, his opinion concerning the Plaintiff's 15 percent disability was based on the criteria set forth in the AMA guidelines for disability rating, including pain, stiffness, loss of movement of the wrist and fingers, and deformity (Deposition TR. Dr. Rozmaryn, p. 58).

On the issue of Plaintiff's disability, Dr. Rozmaryn testified that his opinion was a "best guesstimate within the ballpark of what her disability is" (Deposition TR. Dr. Rozmaryn, p. 58). Although from his testimony it is clear that Dr. Rozmaryn did not conduct a mathematical calculation based on the AMA guidelines, his opinion concerning disability was based on his evaluation of the Plaintiff, the Plaintiff's current medical condition, assessing the same factors are recommended under the AMA guidelines and determined within a reasonable degree of medical certainty, with a plus or minus 5 percent differential.

Additionally, at deposition, Dr. Rozmaryn testified that he could not recall whether he had reviewed the Plaintiff's x-ray films prior to January 9, 2006. (Deposition TR. Dr. Rozmaryn p. 80-81). Along these lines, Dr. Rozmaryn further testified that he could not recall whether he made any measurements with respect to his findings related to the Plaintiff's x-ray films. (Deposition TR. Dr. Rozmaryn, p. 82).

Subsequent to his deposition, the stenographer mailed the transcript along with the errata sheet, to Dr. Rozmaryn on or about May 12, 2006.

Due to the busy nature of Dr. Rozmaryn's practice, including office visits with patients and his surgical schedule, he was not able to complete the errata sheet within 30 days of receipt. However, he did make changes to the deposition transcript as indicated in his errata sheet that were forwarded to the stenographer on June 30, 2006.

The errata sheet contained 16 changes to the deposition transcript. However, the changes related to only <u>two specific lines of inquiry</u>, namely (1) the

basis of the doctor's opinion with respect to the Plaintiff's disability; and (2) clarification as to whether Dr. Rozmaryn had actually viewed the x-ray films of the Plaintiff and made measurements thereon concerning his findings related to the Plaintiff's condition. In sum, eight changes indicated on the errata sheet related to the basis of the doctor's opinion concerning the Plaintiff's disability, wherein the doctor changed the word "guesstimate" to "clinical approximation based on a reasonable degree of medical certainty" and the remaining eight changes to the deposition transcript clarified the fact that the doctor had reviewed the x-ray films of the Plaintiff, prior to January 19, 2006. Dr. Rozmaryn stated that said change was based upon the doctor's review of his file and report dated March 7, 2005, after his deposition was conducted. (Exhibit "1").

Dr. Rozmaryn's deposition was a lengthy and substantive discovery deposition, wherein both of defense counsel where permitted to inquire as to Dr. Rozmaryn's opinions and the basis therefore[2]. The deposition transcript is 200 pages in length.

Defendant now seeks to strike the errata sheet of Dr. Rozmaryn and preclude any reference to the errata sheet at trial in this matter.

## II. ARGUMENT

### A. THE ERRATA SHEET OF DR. ROZMARYN SHOULD NOT BE STRICKEN NOR PRECLUDED AS BEING OFFERED AS EVIDENCE IN THIS CASE, BASED ON THE CIRCUMSTANCES OF THIS CASE AND THE CONTROLLING LAW

Your Plaintiff submits that the Defendant's Motion to Strike the Errata Sheet and Preclude Any Reference to the Errata Sheet of Leo Rozmaryn, MD at the trial in this matter is too drastic a remedy, based on the grounds cited by the Defendant and taking into consideration the facts of this case and the controlling law addressing the issue.

[2] At the time, South County Orthopedic & Physical Therapy was still a party Defendant in this matter. However, it has since been dismissed out voluntarily by the Plaintiff.

Along these lines – and contrary to the position taken by the Defendant in its Memorandum – Rule 30(e) of the Federal Rules of Civil Procedure clearly permits a deponent to make changes to his or her deposition transcript. Rule 30 provides as follows:

> **Rule 30. Depositions upon oral examination *****
> **(e) Review by witness; changes; signing;**
> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, <u>if there are changes in form or substance</u>, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall appended any changes made by the deponent during the period allowed. (Emphasis added)

Plaintiff submits that the changes made to Dr. Rozmaryn's deposition transcript, which relate to two specific lines of inquiry at his deposition, are permissible under Rule 30, where the changes, although substantive in nature, do not significantly alter or contradict his testimony. Moreover, Plaintiff adds that the fact the deponent was unable to provide his errata sheet to the stenographer within 30 days also should not summarily preclude the changes to his deposition transcript based on the circumstances and controlling law.

Along these lines, Dr. Rozmaryn is an orthopedic surgeon with an extremely busy practice located at 9711 Medical Centre Drive, Suite 201, Rockville, Maryland. Dr. Rozmaryn sees patients regularly at his office, along with his surgical schedule. With respect to Dr. Rozmaryn's errata sheet, Plaintiff's counsel did urge the doctor to provide changes to the errata sheet as soon as possible to comply with Rule 30. However, due to the demands of his practice and schedule, the doctor was not able to review the deposition, along with his own file and medical records in order to complete and finalize the changes to

the deposition until June 30, 2006, when he faxed the errata sheet to Plaintiff's counsel, who immediately faxed same to the stenographer.

Plaintiff submits that there is authority for this Court to permit the changes to Dr. Rozmaryn's deposition transcript despite the fact that the errata sheet was not provided within the strict timeframe of the rule, and further, that the changes made by Dr. Rozmaryn should not be summarily stricken, as requested by the Defendant. Indeed, in the case of _Hawthorne Partners vs. AT&T Technologies, Inc._ 831 F. Supp. 1398, 27 Fed. R. Serv.3d 1052 (N.D.Ill. 1993) the United States District Court for the Northern District of Illinois denied the moving party's motion to exclude changes to the errata sheet even though the witness did not comply with the requirements of Rule 30(e) with respect to reviewing and submitting it within 30 days and failed to provide reasons for changes made to his deposition. In this regard, the Court stated:

> Basile plainly did not comply with the requirements of Rule 30(e). However, the appropriate remedy for insufficient reasons for all Basile's changes and Basile's delay in signing the deposition is not to strike the changes. As in *Sanford* and *Lugtig*, the reason should be (and now have been) provided. (Citation omitted). Thus, the answers remain and the changes and reasons have been added and Hawthorns Partners is free to question Basile on the changes on cross-examination. (Citation omitted). In addition, the deposition should not be reopened. A deposition should be reopened only if the changes make the deposition 'incomplete or useless without further testimony' _Lugtig vs. Thomas_, 89 F.R.D. 639, 642 (N.D.Ill. 1981) Forty-one changes are not an inordinate number given the fact that Basile's deposition transcript is almost 500 pages long. *** 813 F. Supp. at 1407.

Likewise in the case of _DeSeversky vs. Republic Aviation Corporation_, 2 F.R.D. 113 (E.D.N.Y. 1941), the United States District Court for the Eastern District of New York held that pursuant to Rule 30(e) a witness may make

changes in form or substance to his or her deposition transcript. Moreover, the Court found that under the Rule relating to changes and examination before trial, apparent inadequacy of reasons given by the witness for desiring to correct his answer in a deposition transcript will not prevent the witness from correcting the answer. 2 F.R.D. at 115. To the contrary, the Court in *DeSeverky* held that the appropriate remedy when there is an inadequate reason given for the changes to a deposition transcript is to reopen the deposition and permit opposing counsel to examine the deponent as to the changes made in his testimony and reasons therefore. [See also *Erstad vs. Curtis Bay Towing Company*, 28 F.R.D. 583, 5 Fed. R. Serv.2d 510 (D.M.D. 1961) where the Court held that any changes that a deponent wishes to make to a deposition may call for further questioning of the deponent and counsel has the right to inquire as to reasons for the change and whether the changes originated with deponent or his attorney.]

Plaintiff submits that although there are no cases on point in this jurisdiction, Judge Boyle of this Court cited, with approval the case of *Erstad vs. Curtis Bay Towing Co.*, 28 F.R.D. 583, D.C.MD. (1961) in *Willco Kuwait (Trading) S.A.K. vs. DeSavary*, 638 F. Supp. 846 (D.R.I. 1986). In that case, the facts are distinguishable from the one at bar because the issue the Court was addressing was whether an affidavit of changes to a video deposition of a witness was permissible. However, in its decision, the Court recognized that "an additional video recorded session may have been admissible, but an affidavit of changes in the testimony would have deprived the Defendant the opportunity to cross-examine *** See *Erstad vs. Curtis Bay Towing, Co.* 28 FRD 583, 584 (D.C.MD 1961) Changes in deposition may require further questioning; counsel have the right to inquire as to reasons for change and whether changes originated with deponent or his attorney; *See also 8 Wright & Miller Federal Practice and Procedures§ 2118"*. 638 F. Supp. at 853.

Based on the forgoing authority, your Plaintiff submits that the Defendant's Motion to Strike the Errata Sheet of Leo Rozmaryn, MD and Preclude Any

Reference Thereto, at the trial in this matter, is an inappropriate and excessive remedy, based on the circumstances. Although the Plaintiff acknowledges that the errata sheet was not provided to the stenographer by Dr. Rozmaryn within the timeframe provided under Rule 30, your Plaintiff submits that this Court has discretion to permit the changes made by the deponent. Moreover, the changes made by Dr. Rozmaryn, which, in fact, represent only two specific areas of inquiry, namely the basis for his opinion, as to the Plaintiff's 15 percent disability and whether Dr. Rozmaryn reviewed the Plaintiff's x-rays and made measurements in support of his findings set forth in his report, prior to January 2006, do not render the entire deposition useless or incomplete.

Along these lines, Dr. Rozmaryn did provide a reason on the errata sheet as to the change made concerning whether he had viewed the Plaintiff's x-ray films prior to January and taken measurements. Indeed, on his errata sheet he indicated that after deposition he reviewed his file, including his report, dated March 7, 2005, which refreshed his recollection to the fact that he did review the Plaintiff's films prior to January 2006, and indeed, prior to his report of March 2005. As to the doctor's changes to his deposition transcript concerning the use of the word "guesstimate" to "clinical approximation based on a reasonable degree of medical certainty", Plaintiff submits that the reason for said change should be self-evident; as it has already been the subject of a Motion to Preclude the Deposition Testimony of Dr. Rozmaryn, which has been previously filed by the Defendant in this case and denied by this Court. However, if the Court finds that the reason is inadequate for said change to Dr. Rozmaryn's transcript, your Plaintiff submits that the appropriate remedy is to reopen his deposition to allow defense counsel to cross-examine him as to the change and the reason for same, as held by the cases relied upon herein.

In view of the foregoing, your Plaintiff the appropriate remedy, if any, with respect to the changes in Dr. Rozmaryn's deposition testimony is not preclusion of the errata sheet, but rather, that the errata sheet be permitted and that the new

answers be added to the deposition transcript, along with the prior answers for purpose of cross-examination by defense counsel, and further, if necessary the reopening of Dr. Rozmaryn's deposition to inquire further as to the changes made and the reasons therefore. This remedy addresses the concerns of the Defendant in its Motion to Preclude and also preserves the deponent's right to make changes to his deposition transcript as set forth in Rule 30(e).

## III. CONCLUSION

Based on the foregoing, Plaintiff submits that the Motion of Defendant, Robert C. Marchand, to Strike the Errata Sheet of Leo Rozmaryn, MD, should be denied.

Plaintiff,
By and Through Her Attorney

[signature]
Thomas A. Tarro, III, Esq. (#2046)
The Law Firm of Thomas A. Tarro, III
The Summit East – Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 – fax

## CERTIFICATION

I, the undersigned, hereby certify that I have sent a copy of the foregoing ***Memorandum*** on the 31st day of July, 2006, to:

David Carroll,Esq.
Roberts Carroll Feldstein & Peirce
Ten Weybosset Street
Providence, RI 02903

[signature]