DWC/KBP 35-182
8/2/06 300785

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STRIKE AND PRECLUDE ANY REFERENCE TO THE ERRATA SHEET OF LEO ROZMARYN, M.D.**

Now comes, Defendant, Robert C. Marchand, and hereby files this reply to Plaintiff's Objection to Defendant's Motion to Strike and preclude Any Reference to the Errata Sheet of Leo Rozmaryn, M.D. In support thereof, Defendant relies of the reply memorandum of law filed herewith.

ROBERT C. MARCHAND, M.D.
By His Attorney,

/s/ David W. Carroll
/s/ Kristin Barkett Pettey
David W. Carroll #0561
Kristin Barkett Pettey #5926
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000

**CERTIFICATION**

I hereby certify that on this 10th day of August, 2006 the within Stipulation was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing. The undersigned further certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 10th day of August, 2006:

Thomas A. Tarro, III, Esq.
LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886

/s/ Kristin Barkett Pettey

DWC/KBP 35-182
8/2/06 300201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE
Plaintiff

VS. C.A. No: 05-098 T

ROBERT C. MARCHAND, M.D.,
Defendant

**DEFENDANT, ROBERT C. MARCHAND, M.D.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE AND PRECLUDE ANY REFERENCE TO THE ERRATA SHEET OF LEO ROZMARYN, M.D.**

## I. INTRODUCTION

Now comes, Robert C. Marchand, M.D., Defendant in the above-entitled matter, and hereby files this memorandum of law in reply to Plaintiff's Objection to Defendant's Motion to Strike and Preclude Any Reference to the Errata Sheet of Leo Rozmaryn, M.D.

## II. FACTS

Plaintiff has identified Leo Rozmaryn, M.D. as her expert anticipated to testify as to the care rendered by Dr. Robert Marchand. Dr. Rozmaryn's deposition occurred in Rockville, Maryland on May 2, 2006. Dr. Rozmaryn was mailed his deposition transcript together with the errata sheet on May 12, 2006. (Plaintiff's Memorandum Of Law In Support Of Her Objection To Defendant's Motion To Strike And Preclude Any Reference To The Errata Sheet Of Leo Rozmaryn M.D. at p. 3). It is undisputed that Dr. Rozmaryn failed to complete the errata sheet within the 30 day time period proscribed by Fed.R.Civ.P. 30(e). (Id.) It is undisputed that the deponent finally forwarded his errata sheet to the stenographer on June 30, 2006, almost 2 months after his deposition. However, despite the deponent purportedly signing the errata sheet on June 2, 2006. (Id.) Further, Plaintiff, in her memorandum of law

acknowledges that Dr. Rozmaryn did not provide separate reasons for his deposition changes and further asserts the reasons for all but one of his changes "should be self-evident" because the language Dr. Rozmaryn seeks to change was the subject of Defendant's Motion to Preclude the Deposition Testimony of Dr. Rozmaryn (Id at p. 8). Notably, the first time defense counsel learned of Dr. Rozmaryn's intent of changing his deposition testimony was at the hearing on this motion, thereby clearly indicating that but for Defendant's motion, Dr. Rozmaryn would not have attempted to alter his deposition testimony.

## III. ARGUMENT

In order to change his deposition testimony, Dr. Rozmaryn had to comply with 3 expressly stated requirements. Specifically, the doctor had to make said changes in thirty (30) days, sign a statement reciting the changes made and state his reasons for each of the changes made. Fed.R.Civ.P. 30(e); See Metayer v. PFL Life Ins. Co., 1999 WL 33117063 (D.Me. 1999). There are a number of cases wherein courts have interpreted Rule 30(e) to permit all changes, so long as the procedural requirements are satisfied. DeLoach v. Philip Morris Companies, Inc., 206 F.R.D. 568 (M.D.N.C. 2002). Further, in Elwell v. Conair, Inc., 145 F.Supp.2d 79, 86 (D.Me. 2001) the First Circuit clearly stated that Rule 30(e) requires that "the deponent adhere to a restricted time frame for making the changes and recite the reasons for any changes."

The requirements as previously outlined are not mutually exclusive, i.e. all must coexist for a deponent to effectively change deposition testimony. It is the failure of Dr. Rozmaryn to fulfill each of these requirements upon which Defendant predominantly bases his motion. Not only was Dr. Rozmaryn's submission of his errata sheet untimely, it also lacked reasons for each of the attempted changes. Hence, in light of

his failure to comply with the Rule 30(e) requirements, Dr. Rozmaryn's errata sheet should be stricken and the form and substance of his proposed changes need not be examined.

### A. DR. ROZMARYN FAILED TO COMPLY WITH THE EXPLICIT REQUIREMENTS OF FED.R.CIV.P. 30(e)

#### 1. THE ERRATA SHEET WAS NOT TIMELY.

There is no question that Dr. Rozmaryn's submission of his errata sheet was not timely pursuant to Fed.R.Civ.P. 30(e). The language of Rule 30(e) is explicit and clear, imposing a time frame for notification of changes. Specifically, the Rule reads, "the deponent ***shall*** have ***30 days***" after receiving the transcript to sign a statement making changes and providing the reasons for such changes. Fed.R.Civ.P. 30(e). Further, in Welsh v. R.W. Bradford Transportation, 231 F.R.D. 297 (N.D.Ill. 2005), the United States District Court for the Northern District of Illinois clearly stated

> The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 392 (7th Cir.2002) (Posner, J.), are to be accorded "their plain meaning ... and generally with them, as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete....' " *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). At least part of Rule 30 could not be more straightforward: a deponent has *30 days* after notification by the court reporter to review the deposition transcript *and* to sign a statement setting forth any changes and the reasons for those changes. Perhaps because of its clarity, the 30-day requirement has not engendered much dispute. Id at 298-299.

The language of Rule 30(e) regarding the restricted 30 day time frame is unambiguous and clear. Rule 30(e) does not provide an exception to the 30-day time limit for changes in testimony. A failure to comply with the 30-day time limit set forth in Rule

30(e) may result in an errata sheet, or portions therein, being stricken from trial. Davidson Hotel Co. v. St. Paul Fire & Marine Ins. Co., 136 F.Supp. 2d 901, 914 (W.Tenn.2001); See Porter v. Hamilton Beach/procor-Silex, Inc., 2003 WL 21946595 at *3 (W.D.Tenn. 2003). This deponent took approximately 50 days to review, change his deposition testimony and transmit his changes to the stenographer. Defendant encourages this Court to interpret the 30 day period as mandatory because to adopt Plaintiff's position renders any time frame meaningless and suggests that a deponent has an unlimited amount of time after deposition to make changes, significant or otherwise.

In Porter, the United States District Court for the Western District of Tennessee was not persuaded by the plaintiff's argument that the requirements of Rule 30(e) should be disregarded by the court. The Porter Court further noted that there was no justification for the deponent's failure to comply with the Federal Rules of Civil Procedure. Id at *4. In Porter, it was undisputed that the corrections by the deponent were not made within the time limits set forth in Rule 30(e) and that the deponent did not provide any reasons for changing his testimony. Id. In light of the deponent's failure to comply with the requirements of Rule 30(e), the court in Porter granted the motion to strike the errata sheet and concluded that the deponent's changes to his deposition testimony would not be admissible at trial.

Similarly, in the case at bar, Defendant asserts that this Court should not be persuaded by Plaintiff's argument that the explicit requirements of Rule 30(e) should be disregarded because of the "busy nature of Dr. Rozmaryn's practice" or that the reasons for any changes made regarding his use of the word "guesstimate" are "self-evident"

(Pl. Mem. Of Law at p. 3, 8). The reasons put forth by Plaintiff do not justify a complete disregard for the Federal Rules of Civil Procedure, especially when the requirements are explicit and clear. Hence, Dr. Rozmaryn's errata sheet should be stricken and all reference thereto precluded.

**2. DR. ROZMARYN FAILED TO PROVIDE A REASON FOR EACH OF HIS CHANGES.**

As noted in Hawthorne Partners vs. AT&T Technologies, Inc., 831 F.Supp. 1398 (N.D.Ill. 1993):

> Fed.R.Civ.P. 30(e) allows a witness to may "any changes in form or in substance" to a deposition transcript but ***requires a statement of reasons for making them. A witness can make changes that contradict the original answers, and the reasons given need not be convincing.*** Lugtig v. Thomas, 89 F.R.D. 639, 641 (N.D.Ill. 1981). ***However, there must be a reason for every change:***
>
> > [i]t is not enough for the witness to give general conclusory reasons for all the changes at the end of the transcript –or … for the witness to record reasons at all upon the deposition but merely claim later that the reasons are 'either explicit or reasonably implied from the circumstances. **Instead, the witness *must* state the specific reason for the particular change after *each* modification.** Sanford v. CBS, Inc., 594 F.Supp. 713, 715 (N.D.Ill. 1984) (citations omitted)

Notably, in Hawthorne, the deponent provided reasons for some of his changes, unlike Dr. Rozmaryn who incorporated a reason for one of his changes in the changed answer and then failed to provide reasons for any of the other changes. Further, the Hawthorne court reasoned that the "appropriate remedy for insufficient reasons for all" of the deponent's changes is not to strike the changes, but rather permit cross-examination regarding the changes. Hawthorne at 1407. However, in the case at bar, Defendant does not contend that the reasons provided by Dr. Rozmaryn are insufficient, but rather non-existent.

In Duff v. Lobdell-Emery Manufacturing Co., 926 F.Supp. 799, 803-804 (N.D.Ind. 1996), the United States District Court for the Northern District of Indiana struck proposed deposition testimony changes because deponent failed to provide explanations for his changes. Plaintiff does not deny that Dr. Rozmaryn failed to provide reasons for his deposition testimony changes. Further, Plaintiff encourages this Court to disregard not only the 30 day requirement, but also the explicit requirement that the deponent ***must*** provide a specific reason for *each* change. Plaintiff acknowledges this deficiency in Dr. Rozmaryn's errata sheet, but dismisses it and asserts that the deposition should be reopened and Dr. Rozmaryn should be provided an additional opportunity to provide reasons for his changes.

**B. DR. ROZMARYN'S SHORTCOMINGS IN HIS ERRATA SHEET SHOULD NOT BE CORRECTED BY THE RE-OPENING OF HIS DEPOSITION.**

In addition to the reasons previously set forth by Defendant herein and in memorandum submitted in support of his motion regarding the re-opening of Dr. Rozmaryn's deposition, Defendant further submits that Plaintiff should not be permitted to remedy the undeniable shortcomings of the errata sheet through a second deposition of Dr. Rozmaryn. In Plaintiff's Memorandum of Law, she relies on Erstad v. Curtis Bay Towing Company, 28 F.R.D. 583 (D.M.D. 1961), which was decided by the United States District Court for the District of Maryland *prior* to the 1970 amendment to Rule 30(e), which inserted the 30-day time period. Fed.R.Civ.P. 30(e) Advisory Committee Notes. Plaintiff further asserts that by citing to Erstad, in Willco Kuwait (Trading) S.A.K. v. DeSavary, 638 F.Supp. 846 (D.R.I. 1986), the United States District Court for the District of Rhode Island sanctioned the need to re-open Dr. Rozmaryn's deposition because changes in deposition testimony may require further questioning. (Pl. Mem. Of Law. at p. 7). Notably, Willco did not address Fed.R.Civ.P. 30(e)

and was decided prior 1993 amendment to Rule 30(e), which added that if a deponent requested to review his/her deposition prior to filing, the deponent will be allowed 30 days to review the transcript or recording to indicate any changes in form or substance. The amendment further required the signature of deponent if review is requested and changes are made. Fed.R.Civ.P. 30(e) Advisory Committee Notes. Hence, neither case is applicable to the particular facts of this case.

## IV. CONCLUSION.

Based on the foregoing, Defendant hereby seeks an Order of the Court striking the errata sheet of Dr. Rozmaryn with respect to his deposition of May 2, 2006 and prohibiting Plaintiff from offering any testimony, presenting any argument or making any reference to the errata sheet at trial.

ROBERT C. MARCHAND, M.D.
By His Attorney,

/s/ David W. Carroll
/s/ Kristin Barkett Pettey

David W. Carroll #0561
Kristin Barkett Pettey #5926
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000

**CERTIFICATION**

I hereby certify that on this 10th day of August, 2006 the within Stipulation was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing. The undersigned further certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 10th day of August, 2006:

Thomas A. Tarro, III, Esq.
LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886

/s/ Kristin Barkett Pettey