UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENISE CROWE,

       Plaintiff,

v.                                   C.A. No. 05-98T

ROBERT C. MARCHAND, MD, et al.,

       Defendants.

## ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO STRIKE ERRATA SHEET

    Defendant Robert C. Marchand, M.D.'s Motion to Strike the Errata Sheet of Leo Rozmaryn, M.D. is hereby GRANTED, in part, and DENIED, in part. Insofar as the motion seeks to strike Dr. Rozmaryn's proposed errata sheet from the official transcript of his deposition, it is granted for the following reasons:

(1) Dr. Rozmaryn failed to complete and sign the subject errata sheet within the 30-day period prescribed by Fed. R. Civ. P. 30(e);

(2) Dr. Rozmaryn failed to include with the errata sheet a statement explaining his reasons for making the changes that he made, as required by Fed. R. Civ. P. 30(e); and

(3) the purpose of an errata sheet is to <u>correct alleged inaccuracies</u> in what the deponent <u>said</u> at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said. <u>See, e.g.</u>, <u>Hambleton Bros. Lumber Co. v. Balkin Enters.</u>, 397 F.3d 1217, 1225 (9th Cir. 2005) (citations omitted).

However, insofar as the motion seeks to preclude plaintiff's counsel and Dr. Rozmaryn from making *any* reference to the errata sheet during trial, the motion is denied. If defense counsel attempts to impeach Dr. Rozmaryn's testimony by pointing out alleged inconsistencies between that testimony and the answers he gave at his deposition, plaintiff's counsel and Dr. Rozmaryn shall remain free to present relevant portions of the proposed errata sheet on re-direct examination.

By Order

_____
Deputy Clerk

ENTER:

_____
Ernest C. Torres
Chief Judge

Date: 8/16/06