UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENISE CROWE | : | |
| VS. | : | C.A. No. 05-098T |
| ROBERT C. MARCHAND, MD; SOUTH COUNTY ORTHOPEDIC & PHYSICAL THERAPY, INC. | : | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Now comes the Plaintiff in the above-entitled matter and proposes the attached Jury Instructions.

Plaintiff,
By and Through Their Attorney

/s/ Thomas A. Tarro, III, # 2046
Thomas A. Tarro, III #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
(401) 737-7200
(401) 732-3362 (fax)

**CERTIFICATION**

I, the undersigned, hereby certify that I have served a copy of the foregoing Plaintiff's Jury Instructions the 6th day of November, 2006 to:

David Carroll, Esq.
ROBERTS CARROLL FELDSEIN & PEIRCE
10 Weybosset Street
Providence, RI 02903

/s/ Thomas A. Tarro, III

**1. EVIDENCE**

The only evidence that you can consider in this case is the evidence that you have listened to from the witnesses and the exhibits that have been introduced during the course of trial.

If the Court in giving you these instructions has said or done anything or will say or do anything that has caused you to believe or will cause you to believe that it is indicating an opinion as to what the facts in the case are, I am instructing you that the Court is entitled to indicate no such opinion, and you should not permit such words or acts in any way to influence whatever your determination is as to what the facts are. It is my sincere intention to avoid, under any circumstances, invading the province of the Jury.

It is understood, however, in determining the facts of this case, you are to consider only the evidence which has been properly placed before you. It is the duty of the Court during the course of the trial to pass upon the admissibility of offered evidence, to decide whether or not evidence offered should be considered by you. Such evidence as the Court admits is properly before you and should be considered by you. Such evidence as the Court has refused to admit is not a proper subject for your deliberations and should not be given your consideration.

By the same token, evidence which the Court may have stricken from the record after you heard it enunciated from the witness stand is not a proper subject for your consideration and should be ignored by you as though you never heard it. Papers, documents and other objects admitted by the Court are part of the evidence properly before

you just as is the testimony which you heard from the witness stand and these exhibits, objects of real evidence, will be available to you in the jury room for your consideration during the course of your deliberations.

As already has been indicated to you, remarks or statements made by counsel in your presence during the course of the trial, or in arguments, are not evidence and should not be considered as such by you during the course of your deliberations. It is the function of counsel to point out, in final argument particularly, the salient features of their case. Each seeks to help you reach whatever he considered to be a proper determination by pointing out the outstanding facts as he recalls them. If, on the other hand, his recollection of those outstanding facts differs from your recollection, your recollection is controlling, not that of counsel.

Now, the facts I have admitted into evidence over objections should not be permitted to influence you in determining the weight that you will give such evidence, nor should attempts by counsel either for or against the admissibility of offered evidence influence your determination of the weight that you will give the evidence when finally admitted. In other words, you should determine the weight that you give any piece of evidence on the basis of your own consideration thereof without regard to the ruling of the Court or arguments of counsel concerning the admissibility of such evidence. Neither should you permit objection by counsel to the admission of evidence or the ruling by the Court to create bias or prejudice in your minds with respect to counsel or the parties whom he represents. It is the duty of counsel to protect the rights and interest of his clients, and in the performance of that duty,

he may freely make objections to the admissibility of offered evidence or any ruling and should in no way, shape or manner be penalized therefore.

## **2. CREDIBILITY OF WITNESSES**

You are the judges of the credibility of the witnesses and the weight that you will give to the evidence of each of them. It is your right to consider the appearance of the witnesses on the stand, their manner of testifying and their apparent candor and fairness, their intelligence or lack of intelligence, their interest or lack of interest. This applies not only to ordinary witnesses who testify as to their observations and perceptions but also to an expert witness.

## 3. EXPERT WITNESSES

In this action, certain witnesses have been permitted to express their opinion on such matters as the diagnosis of Plaintiff's injury and the treatment received by the Plaintiff, including the fusion surgery of her right wrist. The fact that they have been permitted to testify should satisfy you that the rules of evidence permit their testimony as competent witnesses on these matters. To put it another way, they have been permitted to express their opinions because they have, through preliminary questioning, demonstrated sufficient knowledge to express a well-informed opinion such as will probably aid you in the search for the truth.

Nevertheless, it is for you the jury, as the triers of fact, to determine the weight or probative force that you will attach to such opinions; and where the opinions of expert are in conflict, it is for you to determine which is the more worthy of credence. In making those determinations, you should consider, among other things, the nature of the qualifications of the expert witness, how they acquired such qualifications, the extent of their training and experience, the opportunities the experts had to observe the circumstances concerning which they expressed their opinions, and anything else that you believe relates to their credibility.

In short, although you should give the expert opinion testimony the weight you think it deserves, the assessment of the facts of this case and amount of damages to be awarded is your function, and you are not bound by the opinion testimony. You are not required to accept the testimony of a particular witness merely because he has appeared as a medical or

other expert and has given his opinion. If you do not believe that the opinion of an expert witness is supported by the facts of the case, you are free to reject it.

## 4. BURDEN OF PROOF

Now, in cases of this kind, the law places the burden of proof upon the Plaintiff. The law further requires that the Plaintiff prove that which she asserts or claims by a fair preponderance of the evidence. Wherever the evidence adduced, either for or against a given proposition outweighs contrary evidence, such evidence is said to preponderate; therefore, proof by a preponderance of the evidence means proof by the greater weight of the evidence. That is to say, by such evidence as when weighed against evidence offered to oppose has more convincing power in the minds of the Jury.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as when considered and compared with that opposed to it, has more convincing force and produces in your minds the belief that what is sought to be proved is more likely true than not true.

In your deliberations, you must consider all of the evidence regardless of which party may have introduced the evidence.

Now, if you find that after your deliberations the evidence weighs on the side of the Plaintiff, then the Plaintiff has sustained her burden of proof and your verdict should be for the Plaintiff.

Now, from what I said thus far, I don't mean to imply that you should approach your considerations of this case and the facts of this case in an intellectual vacuum. You're not required to put aside or disregard your experiences and observations in the ordinary, every

day affairs of life. Indeed, your experiences and observations in the ordinary, every day affairs of life are essential to your exercise of sound discretion and judgment in the course of your deliberations and it is your right, indeed your duty, members of the Jury, to consider the evidence in the light of such experiences and observations.

**5. NEGLIGENCE – ELEMENTS**

In a negligence action, Plaintiff must prove beyond a preponderance of evidence the following:

(1) That Defendant owed a duty of care to the Plaintiff;

(2) That the Defendant breached his duty of care;

(3) That Defendant's beach of duty was the proximate cause of harm/injury to Plaintiff; and

(4) That Plaintiff suffered harm/injury.

The negligence claimed in this action is medical negligence.

Montouri v. Narragansett Electric Co., 418 A.2d 5 (RI 1980)

## 6. NEGLIGENCE - PHYSICIAN

Any person who professes to possess a special skill in some professional occupation may be held liable for his or her failure to exercise the reasonable degree of skill that is ordinarily possessed by others of such occupation.

Restatement (Second) of Torts, Section 299A

**7. PHYSICIAN'S DUTY OF CARE**

When a physician undertakes to treat or diagnose a patient, he is under a duty to exercise the same degree of diligence and skill that is expected of a reasonably competent practitioner who is engaged in the same type of practice having due regard for the state of scientific knowledge at the time of treatment. Sheeley v. Memorial Hospital, 710 A.2d 161 (R.I. 1998); Wilkinson v. Vesey, 110 RI 606, 295 A.2d 676 (R.I. 1972)

In deciding whether a physician has rendered treatment in conformity with the recognized standard of care, an important factor, is whether the treatment was administered in a reasonable and timely manner.

## 8. PROXIMATE CAUSE

A proximate cause of any injury is when the act or conduct of the defendant produces an injury to the plaintiff. In other words, but for the conduct of the defendant, the injury to the plaintiff would not have occurred.

The defendant is liable for the natural and probable consequences of his actions. Defendant's conduct may be the proximate cause of plaintiff's injury even if it is not the sole cause, the only cause or the latter cause of plaintiff's injury.

**SUPPORTIVE AUTHORITY**

Wells v. Uvex Winter Optical, Inc., 635 A.2d 118 (R.I. 1994); Ouellette v. Carde, 612 A.2d 687 (1992); Hueston v. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986); Schenck v. Roger Williams General Hospital, 119 R.I. 510, 382 A.2d 514

## 9. DAMAGES/SUMMARY

If you find that the Defendant is liable to the Plaintiff for her injuries resulting from the Defendant's negligence, you should consider, providing that they have support in the evidence, the following items of damages as to the Plaintiff:

(1) Lost earnings

(2) Medical costs and expenses;

(3) Permanency of Plaintiff's condition – fusion of wrist;

(4) Pain and suffering as suffered by the Plaintiff and reasonably certain to be experienced by the Plaintiff in the future.

Keep in mind that the law is always concerned that the injured party should be fully compensated for the injury she has sustained. DiSpirito v. Bristol County Water Co., 102 RI 50 277 A.2d 782 (1976)

## 10. PAIN AND SUFFERING-GENERAL INSTRUCTION

The law prescribes no measure by which damages for pain and suffering, either physical or mental, can be estimated. Nor are there any objective guidelines by which you can measure the monetary equivalent of this type of injury. Proof of such damages with mathematical certainly is not possible, nor is the Plaintiff required to present such proof. The only real guidelines are your enlightened, fair and unbiased judgment.

You should consider all the evidence bearing on the nature and extent of the Plaintiff's injuries, permanency thereof, and the nature, intensity and duration of her pain and suffering.

It is within your discretion to award damages for physical and mental pain and suffering in an amount that you consider, on the basis of all the evidence, to be fair, reasonable, and just.

It is difficult, members of the jury, to measure pain and suffering in terms of money. Your award for pain and suffering must be based on the evidence introduced to show that the Plaintiff's pain and suffering, together with the nature and extent of the injury she sustained. In other words, how much pain and suffering has the Plaintiff endured, in your consideration, and your considered judgment, as a result of the injuries she sustained.

Worsley v. Corcelli, 377 A.2d 215 (1977)

Simmons v. United Transit. & Co., 99 R.I. 460, 463, 208 A.2d 537 (1965)

Cioe v. Pennacchia, 88 R.I. 133, 143 A.2d 288 (1958).

**11. DAMAGES FOR MENTAL SUFFERING**

If you find, in accordance with the instructions you have been given, that the Plaintiff is entitled to compensation for physical pain and suffering, you should consider any evidence tending to show that she has also sustained mental suffering as a result of the same injury. Mental suffering is a separate element of damages, to be considered in addition to compensation awarded for physical pain and suffering. Mental suffering means any form of mental anguish or emotional distress, as to distinguished from physical pain and suffering. The term includes fear, anxiety, nervousness, apprehension, despair, and any other feeling or psychological condition resulting in mental or emotional pain.

As with physical pain and suffering, there are no objective guidelines by which you can measure the monetary equivalent of the element of damages; the only real guideline is your collective enlightened judgment. Much is left to your discretion. You should consider all the evidence relating to this element of damages and then award such amount as you believe will fairly compensate the Plaintiff for her mental suffering.

Arlan v. Cervini, 748 A.2d 976 (RI 1984)

## 12. PERMANENT INJURY

The Plaintiff has produced evidence that as a result of the Defendant's negligence, she had to undergo a fusion surgery of her right wrist, which has resulted in a loss of mobility and use of her wrist. The Plaintiff's condition is permanent in nature. A permanent injury is an injury for which there can be no complete recovery.

The Plaintiff is entitled to compensation for the permanent nature of her condition.

In determining whether to award compensation for permanent injuries, you must be satisfied to a reasonable certainty that such permanency is established by the evidence. Mere speculation or conjecture as to the permanency is not a sufficient basis for such award. In making this determination, you should take into account the opinions of the medical experts, who have testified in this case.

If you find that the Plaintiff's injury is permanent, then you should include in your award of damages the sum, which in the exercise of your best judgment, will fairly compensate the plaintiff.

Arlan v. Cervini, 748 A.2d 976 (RI 1984)

**13. LIFE EXPECTANCY TABLES**

If you find that the Plaintiff is entitled to recover damages, and if you further find that the consequences of her injuries will exist for the remainder of her life and are permanent in nature, then you must, in accessing the damages, take into consideration the Plaintiff's life expectancy. As an aid to you in determining this question, evidence has been furnished as to the statistical life expectancy of a person of the Plaintiff's age.

According to the "Vital Statistics of the United States Life Tables", the life expectancy of Plaintiff, Denise Crowe, is 31.7years.